UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 11249 GAO**

BENSLEY CONSTRUCTION, INC.
on its own behalf and on behalf of all others
similarly situated,

                              Plaintiff,

                  v.

MARSH & MCLENNAN COMPANIES, INC.,
MARSH, INC., ACE USA, ACE INA,
AMERICAN INTERNATIONAL GROUP,
AMERICAN REINSURANCE COMPANY,
ARTHUR J. GALLAGHER & CO., HILB
ROGAL & HOBBS, COMPANY, WILLIS
GROUP HOLDINGS, LTD., WILLIS NORTH
AMERICA INC., WILLIS GROUP LTD.,
UNIVERSAL LIFE RESOURCES,
UNIVERSAL LIFE RESOURCES, INC. (d/b/a
ULR INSURANCE SERVICES, INC.), THE
CHUBB CORPORATION, USI HOLDINGS,
INC., METLIFE, INC., PRUDENTIAL
FINANCIAL, INC., UNUMPROVIDENT
CORPORATION, THE ST. PAUL TRAVELERS
COMPANIES, INC., ZURICH AMERICAN
INSURANCE COMPANY, LIBERTY MUTUAL
GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, LIBERTY MUTUAL
FIRE INSURANCE COMPANY, EMPLOYERS
INSURANCE COMPANY OF WAUSAU, and
ST. JAMES INSURANCE COMPANY LTD.,

                              Defendants.

MAGISTRATE JUDGE Alexander

RECEIPT # 65018
AMOUNT $ 250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
Civil Action No.CF ISSUED
BY DPTY. CLK.
DATE 6/15/05

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, defendants

Marsh & McLennan Companies, Inc., and Marsh, Inc. (collectively "Marsh")[1] with

---

[1] In filing these papers, Marsh reserves any and all rights and defenses available under
Rule 12 of the Federal Rules of Civil Procedure, including but not limited to, arguments
concerning ineffective service of process and that Marsh is not a proper party to this action.

the consent of the Defendants whom Marsh does not allege to have been fraudulently or improperly joined, hereby notices the removal to this Court of Case No. ESCV-200500277 from the Superior Court for Essex County, Commonwealth of Massachusetts.[2] In support of this Notice, the Defendants state:

## I.   INTRODUCTION

1. On February 17, 2005, the day before the President signed into law the Class Action Fairness Act, PUB. L. 109-2, Plaintiff filed (but never served) a placeholder Complaint, seeking to avoid litigating this case in federal court with a series of nearly identical cases that have been transferred by the Judicial Panel on Multidistrict Litigation to the District of New Jersey for consolidated and coordinated pretrial proceedings (the "MDL litigation"). In accordance with 28 U.S.C. § 1446(a), a copy of the original Complaint is attached as Exhibit A and a copy of the Amended Complaint is attached as Exhibit B.

2. The MDL litigation, *In re Insurance Brokerage Antitrust Litigation*, MDL # 1663, Civil No. 2:04-cv-5184, is pending in the District of New Jersey (the "MDL Court") and involves a putative nationwide class on behalf of insurance purchasers, asserting some of the very same claims against some of the same defendants as in the Amended Complaint herein. The underlying factual allegations, while stated differently, are virtually identical in substance. Twenty "contingent commission" class actions in federal court are consolidated for adjudication. With the Massachusetts action now having been removed to federal court, it should, likewise, be subject to transfer and consolidation of proceedings in the District of New Jersey as part of the same MDL.

---

[2] While these other Defendants have consented to the Notice of Removal, neither their consent nor the consent of any of the other Defendants is required for purposes of removal pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1453(b).

- 2 -

3. The day before Plaintiff filed the original Complaint in this matter -- on February 16, 2005 -- Plaintiff's counsel filed a nearly identical complaint in a Florida state court, naming many of the same defendants as were named in the instant case, and virtually mimicking the claims that have been asserted in the instant case. A copy of the Florida complaint is attached hereto as Exhibit C (Complaint in *Palm Tree Computer Sys., Inc. v. Delta Research Inst., Inc.*, filed in Seminole Country, Florida). The Florida case was removed to the Middle District of Florida based upon, *inter alia*, the Securities Litigation Uniform Standards Act ("SLUSA"), *see* Ex. D (Notice of Removal in *Palm Tree Computer Sys., Inc. v. Delta Research Inst., Inc.*, Civ. Action No. 6:05-CV-422-ORL-22KRS), and, thereafter, briefing commenced on a motion to remand. A conditional transfer order in that case is currently pending before the MDL Panel. If entered, *Palm Tree Computer Systems* will also be transferred to the District of New Jersey and consolidated with the MDL litigation.

4. After the principal briefing in the Florida litigation was finished, on May 16, 2005, eighty-eight days after filing the original Complaint in this case (and two days before the original Complaint would be automatically dismissed pursuant to Mass. R. Civ. Proc. 4(j)), Plaintiff filed an Amended Complaint in Massachusetts. *See* Ex. B. The Amended Complaint removed certain defendants and attempts to omit certain SLUSA allegations so as to evade federal jurisdiction. *Compare, e.g.*, Ex. A at ¶ 39 (original Complaint defining "Insurance Products") *with* Ex. B at ¶ 43 (amended Complaint defines "Insurance Products" to exclude "any other insurance product that could be characterized as a 'covered security' under [SLUSA]").

5. In a further effort to avoid federal jurisdiction, Plaintiff has fraudulently joined Liberty Mutual Group Inc., and its subsidiaries, referred to as "the Liberty Defendants," parties who have no nexus to the named plaintiff in this action but who provide Plaintiff with the ability to allege the existence of a purported

- 3 -

defendant having a Massachusetts principal place of business. Indeed, despite filing nearly the same matter in Florida, Plaintiff's counsel named the Liberty Defendants in the instant matter, while ignoring them in *Palm Tree*, despite the fact that Plaintiff makes *no* allegations that it has any connection whatsoever to the Liberty Defendants. In their haste to file prior to the Class Action Fairness Act deadline, Plaintiff also fraudulently or improperly named numerous other parties, including The Chubb Corporation, with whom the Plaintiff has no connection and which is alleged to have been a holding corporation, but which never actually sold an insurance product. *See* Ex. B ¶ 28. For purposes of this Notice, the Court need only consider the fraudulent joinder of The Chubb Corporation and the Liberty Defendants.

6. Plaintiff also repeatedly disclaims all damages, *on behalf of a putative class*, above $74,999.00 for any claimant. *See* Ex. B at ¶¶ 47, 133, 142, 155, 163, 170. Plaintiff's self-serving efforts to artificially and arbitrarily limit each claimant within the entire putative class to less than $75,000 in damages is yet another effort to evade, at any and all cost, Federal jurisdiction of a claim that belongs in Federal court with the nearly two dozen other similar claims now before the MDL Court.

7. Indeed, such attempts to shoehorn this case into state court by using a self-imposed artificial and arbitrary limitation are clearly at odds with the best interests of the putative class Plaintiff seeks to represent. They also are inconsistent with the common fund Plaintiff seeks to create in the name of a request for "disgorgement" of all the Defendants' "profits." Plaintiff's request for "disgorgement" does not limit the amount sought, going beyond an individualized assessment of damages in seeking disgorgement of all such "profits" for all Defendants. The entire class would have a joint and undivided interest in such "profits." *See* Ex. B at ¶ 150.

- 4 -

8. Additionally, the MDL Court, where this case belongs, has 20 similar cases before it. The MDL Court was established by order of the Judicial Panel on Multidistrict Litigation on February 17, 2005, when four actions were transferred to Judge Hochberg in the District of New Jersey. *See* Ex. E (MDL Panel Transfer Order). Since that initial order, and the subsequent transfer of over a dozen cases to Judge Hochberg, the MDL Court has appointed lead counsel, set a schedule for filing a Consolidated Amended Complaint, and ordered the date for the commencement of discovery. *See* Ex. F (Order No. 4). The MDL Process, which Plaintiff goes to great lengths to avoid, is already underway.

9. Plaintiff's contrived efforts, as set forth below, cannot avoid the proper removal of this case.

10. No other pleadings, other than the Complaint and the Amended Complaint, have been filed in the state court. There are no other motions currently pending before the Superior Court as of the filing of this Notice of Removal.

11. The Amended Complaint was filed on May 16, 2005 and all Defendants were first served with process thereafter. Therefore, this Notice of Removal is timely filed within 30 days of service. 28 U.S.C. § 1446(b).

## II.    DIVERSITY JURISDICTION

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) if diversity jurisdiction exists under 28 U.S.C. § 1332(a) and "if none of the parties in interest *properly joined* and served as defendants is a citizen of" Massachusetts. 28 U.S.C. § 1441(b) (emphasis added). The only Defendants who are citizens of Massachusetts are the Liberty Defendants and, as explained below, they were not properly joined.

13. Plaintiff is a Massachusetts corporation with a principal place of business in Cambridge, Massachusetts. Ex. B at ¶ 12, Ex. G (Annual Corporation Report for Bensley Construction).

- 5 -

14. Other than the Liberty Defendants, all of the other named Defendants are neither Massachusetts companies nor do any of these defendants have a principal place of business within Massachusetts. *See* Ex. B at ¶¶ 14-21 & 23-29.

15. However, the fraudulently joined Liberty Defendants are Massachusetts corporations and/or have their principal places of business in Massachusetts. *Id.* at ¶ 22.

16. A party who is fraudulently joined to defeat removal need not join in the removal petition and is disregarded in determining diversity of citizenship for purposes of § 1332(a) and citizenship for purposes of § 1441(b). *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Carey v. Board of Gov. of Kenrwood Co. Club*, 337 F. Supp.2d 339, 341 (D.Mass. 2004) ("If, however, a request for remand is based upon a fraudulent joinder of a non-diverse defendant without a real connection to the controversy, 'the right of removal cannot be defeated' and remand is inappropriate.") (citation omitted).

17. "A joinder is considered fraudulent if it is a sham and a device used to join a party 'without any reasonable basis in fact and without any purpose to prosecute the cause in good faith.'" *Carey*, 337 F. Supp.2d at 341-42; *see also Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 5 (D.Mass. 2001) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98 (1921)).

18. Plaintiff fraudulently joined the Liberty Defendants in an attempt to defeat diversity. Plaintiff only mentions the Liberty Defendants once in the forty-eight page, 170 paragraph complaint, and only then to introduce them as a party to the suit. *See* Ex. B at ¶ 22.

19. Plaintiff did not purchase insurance from the Liberty Defendants and has no relationship -- contractual or otherwise -- with any of the Liberty Defendants. *See id.* at ¶¶ 12-13 (describing Plaintiff's alleged relationship with other defendants).

- 6 -

20. None of the six counts against the Liberty Defendants state a reasonable claim upon which relief could be granted.

   A. Plaintiff's "Breach of Fiduciary Duty" claim fails because Plaintiff and the Liberty Defendants had no relationship whatsoever and, therefore, the Liberty Defendants owed no fiduciary duties to Plaintiff. *Hanover Ins. Co. v. Sutton*, 46 Mass.App.Ct. 153, 164, 705 N.E.2d 279, 288 (Mass. App. Ct. 1999) (noting the elements of a breach of fiduciary duty claim as (1) existence of a fiduciary duty based upon the relationship of the parties, (2) breach, (3) damages, and (4) a causal connection between breach of the duty and the damages); *Ward v. Costello*, 15 Mass.L.Rptr. 644, 2002 WL 31973253, at *7 (Mass. Super. Dec. 17, 2002) ("In order for a party to be a fiduciary, there must be mutual consent.") (citation omitted).

   B. Plaintiff's "Unjust Enrichment" claim fails, *inter alia*, because there is no "causal nexus" alleged between any monies the Liberty Defendants received and any harm done to Plaintiff -- indeed, there is no relationship whatsoever alleged between the Plaintiff and the Liberty Defendants. *See Holmes Products Corp. v. Dana Lighting, Inc.*, 958 F.Supp. 27, 36 (D. Mass. 1997) (noting need for "causal nexus").

   C. Plaintiff's "Aiding and Abetting Breach of Fiduciary Duty" also fails as at no point does Plaintiff allege that the Liberty Defendants "knew of the breach and actively participated in it such that he or she could not reasonably be held to have acted in good faith." *Spinner v. Nutt*, 631 N.E.2d 542, 546 (Mass. 1994). Indeed, Plaintiff cannot make such an allegation as the Liberty Defendants have absolutely no relationship whatsoever to Plaintiff -- there are

- 7 -

> no allegations that the Liberty Defendants sold any product, either directly nor through a third party, to Plaintiff nor that Plaintiff had any discussion, dealings, or other involvement with the Liberty Defendants.
>
> D. Likewise, Plaintiffs "Breach of Contract" claim and "Breach of Covenant of Good Faith and Fair Dealing" claim fail because Plaintiff and the Liberty Defendants never entered into any contract nor had any relationship that would be implicated by the covenant of good faith and fair dealing.
>
> E. In all, because Plaintiff has no relationship whatsoever with the Liberty Defendants, Plaintiff fails to state any cause of action against the Liberty Defendants. Their joinder was for the sole purpose of defeating diversity and, thus, was fraudulent.

21. All Defendants, other than the fraudulently joined Liberty Defendants and The Chubb Corporation, consent to this removal. For the reasons stated above, consent for the Liberty Defendants and The Chubb Corporation is not required. *See Polyplastics, Inc.*, 713 F.2d at 877; *Carey*, 337 F. Supp.2d at 341.[3]

22. Additionally, Plaintiffs claims, as alleged, exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

23. Despite repeated efforts to artificially limit the amount of damages Plaintiff seeks to recover on behalf of a putative class of all Massachusetts insurance purchasers to an amount below the amount in controversy requirement, Plaintiff seeks in its unjust enrichment claim a broader scope of relief, including

---

[3] Consent by any of the other Defendants, however, is not required for removal under CAFA. *See* 28 U.S.C. § 1453(b).

- 8 -

that the Court "disgorge" "Defendants' profits from the illegal actions." Ex. B at ¶ 150.

24. This request for disgorgement above and beyond any contractual damages would create, if ultimately found to be meritorious, a money judgment potentially in the hundreds of millions of dollars in which the entire class, and not any specific individual, would have the same right. *See, e.g., id.* at ¶ 14 ("The Contingent Commission Agreements described herein constituted more than half of Marsh's $1.5 billion in earnings in 2003); *id.* (noting the $850 million settlement between Marsh and the New York Attorney General); *id.* at 16 (alleging Willis's contingent commission revenue as "at least in the hundreds of millions of dollars during the Class Period"); *id.* at ¶ 17 (alleging Arthur J. Gallagher & Co.'s contingent commission revenue to be "at least in the hundreds of millions"); *id.* at ¶ 18 (alleging USI's contingent commission revenues to be "at least in the hundreds of millions of dollars during the Class Period"); *see also Durant v. Servicemaster Co.,* 147 F. Supp.2d 744, 750-51 (E.D. Mich. 2001) (holding that "[a]ggregation thus is required of the amount Plaintiffs seek to recover under the theory of unjust enrichment. For that reason, this Court holds that the jurisdictional amount is satisfied, and this Court has diversity jurisdiction over this case.")

25. The common fund, valued as a whole, determines the amount in controversy. *See Berman v. Narragansett Racing Ass'n,* 414 F.2d 311, 314-15 (1st Cir. 1969) ("The pecuniary result that the judgment would directly produce would be the awarding of a fund of several million dollars to the class. We think it is the amount of the entire fund, and not what each pursewinner's individual share will eventually be, that determines the amount in controversy here.").

26. In this case, the total profits from the activities alleged by the Plaintiffs exceed $75,000 and, indeed, are alleged to exceed "hundreds of millions of dollars during the class period" if not well in excess of a billion dollars. *See, e.g.,* Ex. B. at

- 9 -

¶¶ 14, 16-18; *see also id.* at ¶ 14 (noting existence of settlement between Marsh and the New York Attorney General for $850 million dollars).

27. Therefore, the Defendants whom Marsh does not allege were improperly joined are diverse from the Plaintiff and the amount in controversy is satisfied.

## III.   JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

28. Under the newly-passed Class Action Fairness Act, 28 U.S.C. § 1332(d) was amended to read in pertinent part as follows:

> The district courts shall have original jurisdiction of any
> civil action, in which the matter in controversy exceeds
> the sum or value of $5,000,000, exclusive of interest and
> costs, and is a class action in which – (A) any member of a
> class of plaintiffs is a citizen of a State different from any
> defendant.

29. Exceptions to this new rule are contained in 28 U.S.C. § 1332(d)(3)-(5), none of which are applicable here.

30. The Class Action Fairness Act also added a new 28 U.S.C. § 1453, providing that a Class Action can be removed by any defendant.

31. This case is removable under the Class Action Fairness Act because at least one member of the putative class of plaintiffs (e.g., the named Plaintiff) is a citizen of a state (i.e., Massachusetts) different from at least one defendant. The named Plaintiff and all putative class members are citizens of the Commonwealth of Massachusetts while all Defendants other than the Liberty Defendants are citizens of other states. *See* Ex. B at §§ 13-21 & 23-29.

32. Section 9 of the Act provides, "The amendments made by this Act shall apply to any civil action commenced on or after the date of the enactment of this Act." 28 U.S.C. §1332 Note.

33. For at least two independent reasons, this case was not "commenced"

- 10 -

before the Class Action Fairness Act.

34. First, under Massachusetts Rules, a case is not "commenced" until the Complaint and summons are mailed to or filed in the proper court. As the Massachusetts Rules states:

> A civil action is commenced by (1) mailing to the *clerk of*
> *the proper court* by certified or registered mail a complaint
> and an entry fee prescribed by law, or (2) filing such
> complaint and an entry fee *with such clerk*.

Mass. R. Civ. Proc. 3 (emphasis added).

35. As the official Reporters' Notes to that rule make clear, "[t]he phrase 'proper court' means the court in which requirements of venue and jurisdiction . . . are met." The action below, however, was not filed in a court with the proper venue. For venue to be proper, a case with a Massachusetts resident must be filed in "in the county where one of them lives or has his usual place of business." Mass. Gen. L. c. 223 § 1. This case was filed in the county of Essex. However, Plaintiff has not alleged that any party lives or has its usual place of business in Essex County. *See* Ex. B at ¶¶ 12-29, 49. No defendant has its usual place of business in Essex County. Furthermore, the named Plaintiff has its usual place of business in Middlesex County. *See* Ex. E (Annual Corporation Report for Bensley Construction). Therefore, venue was improper in the case as filed in Essex County and the case had not "commenced," pursuant to Mass. R. Civ. P. 3, prior to the enactment of the Class Action Fairness Act.

36. Second, a number of courts have held that the term "commenced" means the date of removal, not the date the case was initially filed in state court. *See, e.g., Lorraine Motors, Inc. v. Aetna Casualty and Surety Co.*, 166 F. Supp. 319, (E.D.N.Y. 1958) (term "commenced" referred to date of removal, noting that "it is not at all unusual for the Congress to use the term 'commenced' to describe the institution in

- 11 -

federal court of a case which has been removed from State court"); *see also Hunt v. Transport Indem. Ins. Co.*, No. 90-00041, 1990 WL 192483, at \*2-3 (D. Hawaii July 30, 1990) (holding that "sounder view" was to construe the term "commenced" in the context of 1989 amendment to 28 U.S.C. §1332, which raised jurisdictional minimum from $10,000 to $50,000, to mean the date of removal, not the date of filing in state court); *Sayers v. Sears, Roebuck and Co.*, 732 F. Supp. 654 (W.D. Va. 1990) (same). . On these grounds, as well, the case was not "commenced" until May 2005, well after the enactment of the Class Action Fairness Act.[4]

37. Furthermore, this Court is empowered to exercise supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367. The Class Action Fairness Act confers federal jurisdiction over, *inter alia*, the newly added claims in the Amended Complaint, which were not asserted prior to the enactment of the Class Action Fairness Act. *See Knudsen v. Liberty Mutual Insur. Co.*, No. 05-8010, 2005 WL 1389059, \*2 (7th Cir. June 7, 2005) (stating that claims added after the Class Action Fairness Act's date of enactment that are "sufficiently independent of the original contentions . . . must be treated as fresh litigation" and are removable) This Court should assert jurisdiction over those additional claims that were not originally stated in the un-served original Complaint. Additionally, the Court should assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims.

---

[4] The holdings in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232 (10th Cir. 2005), and *Knudsen v. Liberty Mutual Insur. Co.*, No. 05-8010, 2005 WL 1389059 (7th Cir. June 7, 2005) are not to the contrary. In fact, the Seventh Circuit in *Knudsen* expressly recognized that there may very well be circumstances under which a suit can be "commenced" for "federal [CAFA] purposes even if it bears an old docket number for state purposes." *Id.* at \*3. Plaintiffs' gamesmanship in the current case has brought about the type of circumstance envisioned by the *Knudsen* court. By waiting to serve process upon the defendants until well after CAFA was enacted, plaintiffs have opened up the type of "new window of removal" cited by *Knudsen* that commences a case for CAFA purposes. *Id.*

- 12 -

38. As set forth above, this Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), and removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1453(b). For these reasons and in the interests of judicial economy, efficiency and consistency of adjudication, this case should be heard in Federal Court along with the nearly two dozen other nearly identical cases consolidated in the MDL litigation.

39. Pursuant to 28 U.S.C. §1446(d), Marsh states that it shall promptly file a copy of this Notice with the Clerk of the Superior Court for Essex County, Commonwealth of Massachusetts.

WHEREFORE, Marsh hereby removes this action to this Honorable Court.

Marsh & McLennan Companies, Inc.
Marsh Inc.,

By their attorneys,

_____
Daniel S. Savrin BBO #555434
Joshua Vitullo BBO #654310
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8000

Of Counsel:
Mitchell J. Auslander, Esq.
John R. Oller, Esq.
Christopher J. St. Jeanos, Esq.
Kristin Branson, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-6099
212 728-8000

- 13 -

Dated: June 15, 2005

.

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the

following by hand-delivery and/or first-class mail on June 15, 2005:

Bensley Construction Inc.

Kenneth G. Gilman
Douglas J. Hoffman
Gilman and Pastor, LLP
60 State Street, 37th Floor
Boston, MA 02109


Marsh & McLennan Companies, Inc.
Marsh, Inc

Daniel S. Savrin, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110


The Chubb Corporation

John A.D. Gilmore
DLA Piper Rudnick Gray Cary
One International Place, 21st Fl.
Boston, MA 02110-2600

Laura Besvinick, Esq.
Hogan & Hartson LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131


American Insurance Group Inc.

Brien T. O'Connor, Esq.
Timothy J. Casey, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110

Roberta A. Kaplan, Esq.
Paul, Weiss, Rifkind, Wharton &
Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064


Liberty Mutual Group Inc.
Liberty Mutual Insur. Company
Liberty Mutual Fire Insur. Company
Employers Insur. Co. Of Wausau
St. James Insurance Company Ltd.

Ralph T. LePore, III, Esq.
James M. Tierney, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116


- 15 -

The St. Paul Travelers Companies, Inc.

Paul C. Curnin, Esq.
Michael J. Garvey, Esq.
David H. LaRocca, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

UnumProvident Corporation

Joseph Hamilton
Mirick, O'Connell, DeMallie & Lougee,
    LLP
100 Front Street
Worcester, MA 01608-1477

Deborah E. Hryb, Esq.
Patrick W. Shea, Esq.
Paul, Hastings, Janofsky & Walker
LLP
1055 Washington Blvd.
9th Floor
Stamford, CT 06901

Prudential Financial, Inc.

John R. Middleton, Jr., Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
973-597-2582

MetLife, Inc.

Daniel B. Winslow
Patricia R. Rich
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

USI Holdings Corp.,

Ian Crawford
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA 02109

Robert H. Pees, Esq.
Vadim Sarma, Esq.
Akin Gump Strauss Hauer & Feld
LLP
590 Madison Avenue
New York, NY 10022-2524

- 16 -

| | |
|---|---|
| Universal Life Resources,<br>Universal Life Resources, Inc.<br>(D/B/A ULR Insurance Services, Inc.), | David Gabianelli, Esq.<br>Ray L. Wong, Esq.<br>Ned. M. Gelhaar, Esq.<br>Hancock Rothert and Bunshoft LLP<br>Four Embarcadero Center, St. 300<br>San Francisco, CA 94111 |
| Willis Group Holdings, Ltd.<br>Willis North America Inc.<br>Willis Group Ltd. | James V. Masella III<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br>212-558-4000<br><br>Richard C. Pepperman II, Esq.<br>Anastasia A. Angelova, Esq.<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498 |
| Hilb Rogal & Hobbs, Company, | Juliane Balliro<br>Perkins Smith & Cohen LLP<br>One Beacon Street, 30th Floor<br>Boston, MA 02108-3106 |
| Arthur J. Gallagher & Co. | Ingrid Hlawaty, BBO# 650655<br>Edwin M. Larkin, Esq.<br>Lina M. Viviano, Esq.<br>200 Park Avenue<br>New York, NY 10166-4193<br><br>Terry M. Grimm, Esq.<br>Stephen C. Schulte, Esq.<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 |
| Zurich American Insurance Company | Bruce W. Edmands<br>Eckert Seamans Cherin &<br>   Mellott, LLC<br>One International Place<br>Boston, MA 02110 |
| American Re-Insurance Company | John F. Collins, Esq.<br>Molly Lehr, Esq.<br>Dewey Ballantine LLP<br>1301 Avenue of the Americas<br>New York, NY 10019 |

- 17 -

ACE USA
ACE INA,

Philip T. Newbury
Mark J. Claflin
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114

H. Lee Godfrey, Esq.
Neal S. Manne, Esq.
Johnny W. Carter, Esq.
Jeffrey R. Seely, Esq.
Susman Godfrey LLP
1000 Louisiana St., Ste. 5100
Houston, TX 77002

_____
Joshua Vitullo

LITDOCS/604454.5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | | |
|---|---|---|
| BENSLEY CONSTRUCTION, INC.<br>on its own behalf and on behalf of all others<br>similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MARSH & MCLENNAN COMPANIES, INC.,<br>MARSH, INC., ACE USA, ACE INA,<br>AMERICAN INTERNATIONAL GROUP,<br>AMERICAN REINSURANCE COMPANY,<br>ARTHUR J. GALLAGHER & CO., HILB<br>ROGAL & HOBBS, COMPANY, WILLIS<br>GROUP HOLDINGS, LTD., WILLIS NORTH<br>AMERICA INC., WILLIS GROUP LTD.,<br>UNIVERSAL LIFE RESOURCES,<br>UNIVERSAL LIFE RESOURCES, INC. (d/b/a<br>ULR INSURANCE SERVICES, INC.), THE<br>CHUBB CORPORATION, USI HOLDINGS,<br>INC., METLIFE, INC., PRUDENTIAL<br>FINANCIAL, INC., UNUMPROVIDENT<br>CORPORATION, THE ST. PAUL TRAVELERS<br>COMPANIES, INC., ZURICH AMERICAN<br>INSURANCE COMPANY, LIBERTY MUTUAL<br>GROUP INC., LIBERTY MUTUAL<br>INSURANCE COMPANY, LIBERTY MUTUAL<br>FIRE INSURANCE COMPANY, EMPLOYERS<br>INSURANCE COMPANY OF WAUSAU, and<br>ST. JAMES INSURANCE COMPANY LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |
| Defendants. | ) ) | |

## CONSENT TO REMOVAL

The Undersigned hereby consent to the Notice of Removal filed this date in

the above-captioned matter.[1]

_____

[1] In filing this consent, the undersigned reserve any and all rights and defenses available
under Rule 12 of the Federal Rules of Civil Procedure, including but not limited to,
arguments concerning ineffective service of process, personal jurisdiction, and that any
defendant is not a proper party to this action.

ACE USA
ACE INA,

By their attorneys,

~~~vily  I  Newbury  /Su
Philip T. Newbury BBO #370070
Mark J. Claflin BBO #657175
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114
860-249-1361

Of Counsel:
H. Lee Godfrey, Esq.
Neal S. Manne, Esq.
Johnny W. Carter, Esq.
Jeffrey R. Seely, Esq.
Susman Godfrey LLP
1000 Louisiana St., Ste. 5100
Houston, TX 77002
713-651-9366


Zurich American Insurance Company,

By its attorneys,

Vilus  L  Edmands/ (Ty
Bruce W. Edmands, BBO #151360
Eckert Seamans Cherin &
   Mellott, LLC
One International Place
Boston, MA 02110
617-342-6886

- 2 -

American Re-Insurance Company,

By its attorneys,

_John F. Collins, Esq._

John F. Collins, Esq.
Molly Lehr, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY  10019
212-259-8000

Arthur J. Gallagher & Co.,

By its attorneys,

_Ingrid Hlawaty, Esq._

Ingrid Hlawaty, BBO# 650655
Edwin M. Larkin, Esq.
Lina M. Viviano, Esq.
200 Park Avenue
New York, NY  10166-4193
212-294-6700

Terry M. Grimm, Esq.
Stephen C. Schulte, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
312-558-5890

Hilb Rogal & Hobbs, Company,

By its attorneys,

_Juliane Balliro, Esq._

Juliane Balliro, BBO #028010
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106
617-854-4000

- 3 -

Willis Group Holdings, Ltd.
Willis North America Inc.
Willis Group Ltd.,

By their attorneys,

_James V. Masella III_

James V. Masella III, BBO #562882
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4000

Of Counsel:
Richard C. Pepperman II, Esq.
Anastasia A. Angelova, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
212-558-4000

Universal Life Resources,
Universal Life Resources, Inc.
(D/B/A ULR Insurance Services, Inc.),

By their attorneys,

_David Gabianelli_

David Gabianelli, Esq.
Ray L. Wong, Esq.
Ned. M. Gelhaar, Esq.
Hancock Rothert and Bunshoft LLP
Four Embarcadero Center, St. 300
San Francisco, CA 94111
415-981-5550

- 4 -

USI Holdings Corp.,

By its attorneys,

*Ian Crawford / DO*

Ian Crawford BBO # 544475
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA 02109
617-720-2626

Of Counsel:
Robert H. Pees, Esq.
Vadim Sarma, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022-2524
212-872-1000

MetLife, Inc.

By its attorneys,

*Daniel B. Winslow / fcr*

Daniel B. Winslow, BBO# 541972
Patricia R. Rich, BBO# 640578
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
617-289-9200

Prudential Financial, Inc.

By its attorneys,

*John R. Middleton / fcr*

John R. Middleton, Jr., Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068
973-597-2582

- 5 -

UnumProvident Corporation

By its attorneys,

_Joseph Hamilton /kv_

Joseph Hamilton, BBO# 546394
Mirick, O'Connell, DeMallie & Lougee,
    LLP
100 Front Street
Worcester, MA  01608-1477


Of Counsel:
Deborah E. Hryb, Esq.
Patrick W. Shea, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Blvd.
9th Floor
Stamford, CT  06901
203-961-7400


The St. Paul Travelers Companies, Inc.

By its attorneys,

_Paul C. Curnin /kv_

Paul C. Curnin, Esq.
Michael J. Garvey, Esq.
David H. LaRocca, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
212-455-2000


Dated: June 15, 2005

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the

following by hand-delivery and first-class mail on June 15, 2005:

| | |
|---|---|
| Bensley Construction Inc. | Kenneth G. Gilman<br>Douglas J. Hoffman<br>Gilman and Pastor, LLP<br>60 State Street, 37th Floor<br>Boston, MA 02109 |
| Marsh & McLennan Companies, Inc.<br>Marsh, Inc | Daniel S. Savrin, Esq.<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110 |
| The Chubb Corporation | John A.D. Gilmore<br>DLA Piper Rudnick Gray Cary<br>One International Place, 21st Fl.<br>Boston, MA 02110-2600 |
| | Laura Besvinick, Esq.<br>Hogan & Hartson LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131 |
| American Insurance Group Inc. | Brien T. O'Connor, Esq.<br>Timothy J. Casey, Esq.<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110 |
| | Roberta A. Kaplan, Esq.<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| Liberty Mutual Group Inc.<br>Liberty Mutual Insur. Company<br>Liberty Mutual Fire Insur. Company<br>Employers Insur. Co. Of Wausau<br>St. James Insurance Company Ltd., | Ralph T. LePore, III, Esq.<br>James M. Tierney, Esq.<br>Holland & Knight LLP<br>10 St. James Avenue<br>Boston, MA 02116 |

)

‾‾‾‾‾‾‾‾‾‾
Joshua Vitullo

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** Beasley Construction Corp v. Marsh McClennan, et al.

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).**

   ___ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. **Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES ☐     NO ☒

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐     NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES ☐     NO ☒

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES ☒     NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒      Central Division ☐      Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐      Central Division ☐      Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

   YES ☐     NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Joshua Vitullo___

ADDRESS ___Bingham McCutchen LLP   150 Federal St , Boston, MA 02110___

TELEPHONE NO. ___617 951-8103___

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Eensley Construction Corp. | Marsh McLennan Corp., et al. |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Kenneth G. Gilman, Douglas J. Hoffman | Daniel S. Savrin, esq. ; Joshua Vitollo, sq. |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331, 1367, 1441, 1446, 1453
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  6/15/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____