UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC., on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC., MARSH, INC., ACE USA, ACE INA, AMERICAN INTERNATIONAL GROUP, AMERICAN RE-INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., HILB ROGAL & HOBBS, COMPANY, WILLIS GROUP HOLDINGS, LTD., WILLIS NORTH AMERICA INC., WILLIS GROUP LTD., UNIVERSAL LIFE RESOURCES, UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR INSURANCE SERVICES, INC.), THE CHUBB CORPORATION, USI HOLDINGS, INC., METLIFE, INC., PRUDENTIAL FINANCIAL, INC., UNUMPROVIDENT CORPORATION, THE ST. PAUL TRAVELERS COMPANIES, INC., ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, and ST. JAMES INSURANCE COMPANY LTD.,<br><br>Defendants. | Civil Action No. 05 11249 GAO |

**AFFIDAVIT OF DANIEL S. SAVRIN**

I, Daniel S. Savrin, do hereby depose and state:

1.     I am a partner at the law firm Bingham McCutchen LLP, counsel for Marsh & McLennan Companies, Inc. and Marsh Inc. in the above captioned matter.

LITDOCS/606182.1

2.	Attached hereto as **<u>Exhibit 1</u>** is a true and authentic printout (without attachment) of an e-mail I sent to Ken Gilman, counsel for plaintiff Bensley Construction, Inc., on June 1, 2005.

3.	Attached hereto as **<u>Exhibit 2</u>** is a true and authentic printout of an e-mail I received from Mr. Gilman on June 2, 2005.

4.	Attached hereto as **<u>Exhibit 3</u>** is a true and authentic copy of a letter I sent to Mr. Gilman on June 6, 2005.

5.	Attached hereto as **<u>Exhibit 4</u>** is a true and authentic copy of the "Tag-Along" notice from James Carbin, counsel for MetLife, Inc., to Michael J. Beck, the Clerk of the Judicial Panel on Multidistrict Litigation, dated June 17, 2005.

6.	Attached hereto as **<u>Exhibit 5</u>** is a true and authentic printout of Order No. 4 issued in *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663.

Signed under penalty of perjury this 23rd day of June 2005.

      /s/ Daniel S. Savrin_____
      Daniel S. Savrin

2

# Savrin, Daniel S.

**From:** Savrin, Daniel S.
**Sent:** Wednesday, June 01, 2005 5:31 PM
**To:** 'Kgilman@Gilmanpastor.com'
**Subject:** Bensley Construction

Ken-

    Thank you for your courtesy in agreeing to a July 15 extension. I will send you a confirmatory letter in that regard listing all of the relevant defendants.

    With respect to our discussion of the monetary relief provisions of the settlement with the NYAG, I have attached the subject settlement agreement. The provisions that I was describing appear at pages 3-5 of its text. Daniel



narsh_agreement.u

Daniel S. Savrin, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8674 (W)
617-951-8736 (F)
daniel.savrin@bingham.com

*The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.*

## Savrin, Daniel S.

**From:** Kenneth Gilman [kgilman@gilmanpastor.com]
**Sent:** Thursday, June 02, 2005 11:49 AM
**To:** Savrin, Daniel S.
**Subject:** RE: Bensley Construction

Daniel:

I did not receive the attachment. Please re-send.

Thank you.

Ken

---

**From:** Savrin, Daniel S. [mailto:daniel.savrin@bingham.com]
**Sent:** Wed 6/1/2005 5:31 PM
**To:** Kenneth Gilman
**Subject:** Bensley Construction

Ken-

    Thank you for your courtesy in agreeing to a July 15 extension. I will send you a confirmatory letter in that regard listing all of the relevant defendants.

    With respect to our discussion of the monetary relief provisions of the settlement with the NYAG, I have attached the subject settlement agreement. The provisions that I was describing appear at pages 3-5 of its text. Daniel

  <<marsh_agreement.url>>

Daniel S. Savrin, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8674 (W)
617-951-8736 (F)
daniel.savrin@bingham.com

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

6/21/2005

BINGHAM McCUTCHEN

Daniel S. Savrin
Direct Dial: 617.951.8674
E-Mail: daniel.savrin@bingham.com

June 6, 2005

Kenneth G. Gilman, Esq.
Gilman & Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 999
Saugus, MA 02108-4200

Re: *Bensley Construction, Inc. v. Marsh & McLennan Companies, Inc., et al.*, Superior Court Civil Action No. 05-0277

Dear Mr. Gilman:

I am writing to confirm our recent conversation with respect to scheduling issues concerning the above referenced matter.

While I represent defendants Marsh & McLennan Companies, Inc. and Marsh, Inc., as we discussed, you have agreed to extend the time for the following parties to file a responsive pleading up to and including July 15, 2005: Marsh & McLennan Companies, Inc.; Marsh, Inc.; ACE USA; ACE INA; American International Group; American Re-Insurance Company; Arthur J. Gallagher & Co.; Hilb Rogal & Hobbs Company; Willis Group Holdings, Ltd.; Wills North America, Inc.; Willis Group, Ltd.; Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.); USI Holdings, Inc.; Metlife, Inc.; Prudential Financial, Inc.; UnumProvident Corporation; The St. Paul Travelers Companies, Inc.; Zurich American Insurance Company; Liberty Mutual Group Inc.; Liberty Mutual Insurance Company; Liberty Mutual Fire Insurance Company; Employers Insurance Company of Wausau; and, St. James Insurance Company. The provision of this extension does not waive any claims or defenses any party may have and does not constitute an appearance by any party.

Thank you for your courtesy in granting this extension.

Very truly yours,

Daniel S. Savrin

cc: Defense List

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

# DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

JAMES W. CARBIN
DIRECT DIAL: 973.424.2035
E-MAIL: JWCARBIN@DUANEMORRIS.COM

www.duanemorris.com

June 17, 2005

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
One Columbus Circle, N.E.
Washington, DC 20002

Re: Notice of Bensley Construction, Inc. v. Marsh & McLennan Companies, Inc., et al., C.A. No.: 05-11249-GAO (D.Mass.) as a Tag-Along Action to MDL No. 1663 In re Insurance Brokerage Antitrust Litigation

Dear Mr. Beck:

We are counsel to MetLife, Inc. in the captioned MDL and Bensley litigations.

Pursuant to Rule 7.5(e) of the rules of the Judicial Panel on Multidistrict Litigation (the "Panel"), we submit this letter on behalf of MetLife, Inc., which is a defendant in Bensley Construction, Inc. v. Marsh & McLennan Companies, Inc., et al., Civil Action No. 05-11249-GAO, pending in the United States District Court for the District of Massachusetts ("Bensley"). We are writing to notify you that Bensley is a tag-along action to MDL No. 1663, In re Insurance Brokerage Antitrust Litigation ("MDL 1663").

Bensley involves common questions of fact and law with other actions previously transferred in MDL 1663 and is therefore a tag-along action within the meaning of Rule 1.1 of the Rules of the Panel. We enclose a copy of the Bensley original Class Action Complaint and First Amended Class Action Complaint, which were filed in Massachusetts Superior Court and removed to United States District Court. Much like the actions previously transferred by the Panel, Bensley alleges that defendants have unlawfully "reduced competition among insurance brokers and insurance carriers and caused Plaintiffs and the other members of the Class . . . to pay more for Insurance Products . . ." (Bensley First Amended Complaint¶2. Bensley alleges that this was done through a conspiracy to "allocat[e] the market" by "steer[ing]" customers (id. ¶¶103(b) & 62) by means of "undisclosed Contingent Commission Agreements" (id. ¶65), and in some instances "colluding . . . to rig bids and submit false quotes" (id. ¶63). These are substantively the same allegations that prompted the Panel to transfer the actions in MDL 1663.

# DuaneMorris

Mr. Michael J. Beck  
Clerk of the Panel  
Judicial Panel on Multidistrict Litigation

June 17, 2005  
Page 2

See MDL 1663 Transfer Order, Feb. 17, 2005 ("All [transferred] actions are purported class actions involving allegations that common defendants and/or their alleged co-conspirators have engaged in a combination and conspiracy to affect the sale of insurance . . . by rigging bids and allocating customers"); see also, e.g., Opticare Health Sys. v. Marsh & McLennan Cos., Inc., et al., C.A. No. 1:04-6954 (S.D.N.Y.), Complaint ¶1 (transferred to MDL 1663 on Feb. 17, 2005; alleging "steer[ing]" involving "contingent commission" agreements and "bid-rigging," both allegedly resulting in sale of insurance at "above-market rates").

    The allegations of Bensley are also closely similar to those in Palm Tree Computers, Inc., et al. v. ACE USA, et al., No. 6:05-422 (M.D. Fla.) ("Palm Tree"), which was conditionally transferred to the District of New Jersey by Conditional Transfer Order No. 3 in MDL 1663. The same law firm represents plaintiffs in both Bensley and Palm Tree, the allegations of the original Complaint in Bensley are nearly identical to those of Palm Tree, Bensley was filed the day after Palm Tree was filed, and many of the same entities are named as defendants.

    The discovery in this tag-along case will be very similar to that in the MDL.

    For these reasons, we request the Panel transfer Bensley to the District of New Jersey for assignment to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings as part of MDL 1663. Thank you for your attention to this matter. Please contact the undersigned if you require any additional information.

Sincerely,

/s/ James W. Carbin /dmn  
James W. Carbin

JWC:dmn  
Cc:    All counsel on the attached list  
Encl.

## AFFIDAVIT OF SERVICE

**I, DENISE M. NYCZEPIR**, being duly sworn, deposes and says:

I am not a party to this action, I am over eighteen years of age, and live in Passaic County, New Jersey.

On June 17, 2005, I caused a true copy of the above document to be served upon the following by first-class mail:

| | |
|---|---|
| Bensley Construction Inc. | Kenneth G. Gilman, Esq.<br>Douglas J. Hoffman, Esq.<br>Gilman and Pastor, LLP<br>60 State Street, 37th Floor<br>Boston, MA 02109 |
| Marsh & McLennan Companies, Inc.<br>Marsh, Inc | Daniel S. Savrin, Esq.<br>Bingham McCutchen LLP<br>150 Federal Street<br>Boston, MA 02110 |
| The Chubb Corporation | John AD. Gilmore<br>DLA Piper Rudnick Gray Cary<br>One International Place, 21st Fl.<br>Boston, MA 02110-2600 |
| | Laura Besvinick, Esq.<br>Hogan & Hartson LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131 |
| American Insurance Group Inc. | Brien T. O'Connor, Esq.<br>Timothy J. Casey, Esq.<br>Ropes & Gray LLP<br>One International Place<br>Boston, MA 02110 |
| | Roberta A Kaplan, Esq.<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 |

| | |
|---|---|
| Liberty Mutual Group Inc.<br>Liberty Mutual Insur. Company<br>Liberty Mutual Fire Insur. Company<br>Employers Insur. Co. Of Wausau<br>St. James Insurance Company Ltd. | Ralph T. LePore, III, Esq.<br>James M. Tierney, Esq.<br>Holland & Knight LLP 10 St. James Avenue<br>Boston, MA 02116 |
| The St. Paul Travelers Companies, Inc. | Paul C. Curnin, Esq.<br>Michael J. Garvey, Esq.<br>David H. LaRocca, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 |
| Unum Provident Corporation | Joseph Hamilton<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br><br>Deborah E. Hryb, Esq.<br>Patrick W. Shea, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>1055 Washington Blvd., 9th Floor<br>Stamford, CT 06901 |
| Prudential Financial, Inc. | John R. Middleton, Jr., Esq.<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, NJ 07068 |
| MetLife, Inc. | Daniel B. Winslow<br>Patricia R. Rich<br>Duane Morris LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210 |

| | |
|---|---|
| USI Holdings Corp., | Ian Crawford<br>Todd & Weld LLP<br>28 State Street, 31st Fl.<br>Boston, MA 02109<br><br>Robert H. Pees, Esq.<br>Vadim Sarma, Esq.<br>Akin Gump Strauss Hauer & Feld, LLP<br>590 Madison Avenue<br>New York, NY 10022-2524 |
| Universal Life Resources,<br>Universal Life Resources, Inc.<br>(D/B/A ULR Insurance Services, Inc.), | David Gabianelli, Esq.<br>Ray L. Wong, Esq.<br>Ned. M. Gelhaar, Esq.<br>Hancock Rothert and Bunshoft LLP<br>Four Embarcadero Center, St. 300<br>San Francisco, CA 94111 |
| Willis Group Holdings, Ltd. Willis North America Inc. Willis Group Ltd. | James V. Masella III Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br><br>Richard C. Pepperman II, Esq.<br>Anastasia A. Angelova, Esq.<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004-2498 |
| Hilb Rogal & Hobbs, Company, | Juliane Balliro, Esq.<br>Perkins Smith & Cohen LLP<br>One Beacon Street, 30th Floor<br>Boston, MA 02108-3106 |
| Arthur J. Gallagher & Co. | Ingrid Hlawaty, BBO# 650655<br>Edwin M. Larkin, Esq.<br>Lina M. Viviano, Esq.<br>200 Park Avenue<br>New York, NY 10166-4193<br><br>Terry M. Grimm, Esq.<br>Stephen C. Schulte, Esq.<br>Winston & Strawn LLP<br>35 West Wacker Drive<br>Chicago, IL 60601 |

| | |
|---|---|
| Zurich American Insurance Company | Bruce W. Edmands<br>Eckert Seamans Cherin & Mellott, LLC<br>One International Place<br>Boston, MA 02110 |
| American Re-Insurance Company | John F. Collins, Esq.<br>Molly Lehr, Esq.<br>Dewey Ballantine LLP<br>1301 Avenue of the Americas<br>New York, NY 10019 |
| ACE USA ACE INA, | Philip T. Newbury, Esq.<br>Mark J. Claflin, Esq.<br>Howd & Ludorf, LLC<br>65 Wethersfield Ave.<br>Hartford, CT 06114<br><br>H. Lee Godfrey, Esq.<br>Neal S. Manne, Esq.<br>Johnny W. Carter, Esq.<br>Jeffrey R. Seely, Esq.<br>Susman Godfrey LLP<br>1000 Louisiana St., Ste. 5100<br>Houston, TX 77002 |

*/s/ Denise M. Nyczepir*
Denise M. Nyczepir

Sworn to before me this
17 day of June 2005.

*/s/ Stephanie Mester*

STEPHANIE MESTER
A Notary Public Of New Jersey
My Commission Expires December 3, 2006

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
|  | : |
|  | : Hon. Faith S. Hochberg |
|  | : |
| IN RE: INSURANCE BROKERAGE | : Civil Nos. 04-5184 (FSH), et al. |
| ANTITRUST LITIGATION | : MDL No. 1663 |
|  | : |
|  | : **ORDER NO. 4** |
| **APPLIES TO ALL ACTIONS** | : |
|  | : Date: June 1, 2005 |
|  | : |

**HOCHBERG, District Judge:**

        The Court having reviewed the parties' briefs regarding discovery and scheduling, and in an effort to balance the efficient progress of this case against any undue burdens of producing discovery;

        **IT IS** on this 1st day of June 2005,

        **ORDERED** that the parties shall meet and confer and jointly submit by June 20, 2005 (1) a proposed form of order establishing a document depository (along with all rules of, *inter alia*, usage and payment of fees) and (2) a proposed confidentiality order in compliance with the recently enacted Local Rule 5.3 (February 24, 2005) and Third Circuit law; and it is further;

        **ORDERED** that upon Court entry of the document depository order and the confidentiality order, Defendants shall within 20 days place into the depository all materials (in electronic form to the degree possible) that were submitted to the state attorneys general or regulatory agencies in the settled cases of *People of the State of New York v. Marsh & McLennan*

(filed 10/14/04), *People of the State of New York v. Aon Corporation* (filed 3/3/05), and *People ex rel. Madigan v. Aon Corp.* (filed 3/4/05) identified in Tab 1 (pgs. 8 - 9) of the parties' joint submission dated March 25, 2005.  Defendants shall not be sanctioned (in consideration of Federal Rule 26) for possible immateriality of some of these documents.  The confidentiality order to be submitted by June 20, 2005 shall be drafted to address any issues regarding proprietary or sensitive information; and it is further,

**ORDERED** that Plaintiffs' Executive Committee and appropriate Defense Counsel shall meet and confer and file a joint discovery plan no later than July 1, 2005 that incorporates all time limits set forth in this Order, the Federal Rules, and the Local Rules of this District.  The joint discovery plan shall also include all issues not thus far addressed by both parties, including but not limited to (a) a rolling document production schedule, (b) a deposition schedule, (c) the number of witnesses to be deposed,[1] (d) the number of interrogatory questions to be served (including sub-part questions), and (e) the deadline for any motions to amend.  The parties shall also jointly submit a brief of no more than 5 double-spaced pages stating the parties' positions as to whether a special discovery master would be useful to expedite this litigation.  If, after the "meet and confer," reasonable negotiation fails to reach a reasonable fair compromise on any of these issues, the parties shall immediately advise the Court in a joint writing, so the Court may resolve the differences;[2] and it is further,

---

[1] The parties are directed to balance the interest of timely discovery with the concern of unduly burdening Defendants with an unmanageable number of depositions.

[2] The parties are also directed to Local Rule 26.1(d) which addresses "discovery of digital information including computer based-information" and requires that parties "confer and attempt to agree on computer-based and other digital discovery matters."

**ORDERED** that Plaintiffs' Consolidated Amended Complaints and Rico Case Statements shall be filed no later than August 1, 2005; and it is further,

**ORDERED** that discovery pertaining to class certification and the merits shall commence 30 days after the filing of the Consolidated Amended Complaints and RICO Statements as follows:

(a) the parties shall forthwith exchange the information described in Federal Rule 26(a)(1)(A)-(D) without awaiting a discovery request,

(b) the first document requests shall be propounded,

(c) third-party depositions shall commence pursuant to an orderly schedule,

(d) depositions of Plaintiffs and Defendants shall be agreed upon in the schedule to be jointly submitted, as Ordered above, which should be set to occur after a reasonable period of time for document inspection, and

(e) the parties shall meet and confer immediately after any discovery disputes arise and shall in good faith attempt to resolve any discovery disputes before seeking the Court's intervention. If Court intervention is needed, the dispute shall not be "deferred," but rather the parties shall forthwith draw it to the attention of the Honorable Patty Shwartz, U.S.M.J;[3] and it is further,

**ORDERED** that Defendants shall file their responsive pleading within 60 days of Plaintiffs' filing of their Consolidated Amended Complaints and RICO Statements. Plaintiffs shall have 60 days to file their opposition. Defendants shall have 14 days to reply; and it is further,

---

[3] If the Court appoints a special discovery master, then the dispute will be directed to such individual.

**ORDERED** that Plaintiffs shall file their motion(s) for class certification within 90 days after filing their Consolidated Amended Complaints and RICO Statements. Defendants shall have 60 days to file their opposition. Plaintiffs shall have 14 days to reply; and it is further,

**ORDERED** that there shall be no joinder of parties later than 90 days after filing of the Consolidated Amended Complaints and RICO statement without leave of Court and upon a showing of good cause as to why it was not possible to effect timely joinder; and it is further,

**ORDERED** that fact discovery shall close on August 31, 2006; and it is further,

**ORDERED** that Plaintiffs' expert reports shall be delivered by October 31, 2006. Defendants' expert report shall be delivered within 60 days thereafter, Plaintiffs' rebuttal reports within 30 days thereafter, and expert discovery shall conclude 60 days thereafter; and it is further,

**ORDERED** that motions for summary judgment shall be filed within 60 days after the completion of expert discovery. Opposition shall be filed within 60 days thereafter. Replies shall be filed within 30 days thereafter; and it is further,

**ORDERED** that there shall be no sur-replies to any motions; and it is further,

**ORDERED** all applications to the Court for any action shall be made in the form of a motion, electronically filed with courtesy copy, and not by way of letter.

        **/s/ Faith S. Hochberg**
        _____
        Hon. Faith S. Hochberg, U.S.D.J.