UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC., MARSH, INC., ACE USA, ACE INA, AMERICAN INTERNATIONAL GROUP, AMERICAN RE-INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., HILB ROGAL & HOBBS, COMPANY, WILLIS GROUP HOLDINGS, LTD., WILLIS NORTH AMERICA, INC., WILLIS GROUP LTD., UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR INSURANCE SERVICES, INC.), THE CHUBB CORPORATION, USI HOLDINGS, INC., METLIFE, INC. PRUDENTIAL FINANCIAL, INC., UNUMPROVIDENT CORPORATION, THE ST. PAUL TRAVELERS COMPANIES, INC. ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU and ST. JAMES INSURANCE COMPANY LTD.,<br><br>Defendants. | Civil Action No. 05-11249-GAO |

**LIMITED OPPOSITION OF DEFENDANTS LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU AND ST. JAMES INSURANCE COMPANY LTD. TO MOTION TO STAY THIS ACTION PENDING A DETERMINATION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Employers Insurance Company of Wausau and St. James Insurance Company, Ltd.[1] (collectively, the "Liberty Defendants") hereby submit their limited opposition to the Motion to Stay this Action Pending a Determination on Transfer by the Judicial Panel on Multidistrict Litigation. Unlike the moving parties, the Liberty Defendants are not parties to the other cases that have been consolidated into the multidistrict litigation. Therefore it would be unjust and inefficient to delay the determination of the Liberty Defendants' motions to dismiss and potentially to force the Liberty Defendants to present their motions to a federal court in New Jersey.

## BACKGROUND

Following the filing of this action in Essex County Superior Court, on June 14, 2005 the Liberty Defendants served upon the plaintiff and the defendants who had then appeared in the action three motions to dismiss: one on behalf of Liberty Mutual Group, Inc.; one on behalf of St. James Insurance Company, Ltd.; and one on behalf of Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company and Employers Insurance Company of Wausau. Massachusetts Superior Court Rule 9A requires that all motions be served upon all other parties so that a complete package including all motions and any oppositions later can be filed with the court. Also pursuant to Rule 9A, the Liberty Defendants filed with the Superior

---

[1] Defendant St. James Insurance Company, Ltd., having appeared specially before the Essex Superior Court to contest jurisdiction prior to this action's removal to this Court, similarly appears specially before this Court. St. James Insurance Company, Ltd.'s participation in this opposition should not be construed as a general appearance in which it subjects itself to the jurisdiction of this or any court.

Court Notices of Filing Motions to Dismiss so that the court would not default the Liberty Defendants while they awaited service of any opposition to their motions to dismiss. The next day, June 15, 2005, other defendants removed this action stating in part that the Liberty Defendants had been joined fraudulently to defeat diversity.[2]

The defendants seeking a stay of this action indicate that over twenty cases similar to the present action have been consolidated in the United States District Court for the District of New Jersey. (Motion at p. 2.; Memo at p. 2.) Accordingly, the moving defendants requested that the Judicial Panel on Multidistrict Litigation (JPML) transfer this action to the District of New Jersey for consolidation with the existing multidistrict litigation. With one critical exception, the Liberty Defendants do not dispute the moving defendants' description of the similarity of the present action with those that have been consolidated and assigned to Judge Faith S. Hochberg of the District of New Jersey as part of the *In re Insurance Brokerage Antitrust Litigation* (the "MDL action"). Significantly, none of the Liberty Defendants are parties to any of the cases that have been consolidated into the MDL action.

---

[2] Because the removing parties alleged that the Liberty Defendants had been joined fraudulently, the Liberty Defendants were not required parties to the removal of the action. See Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

3

## ARGUMENT

**A STAY OF THIS ACTION PRIOR TO A RULING ON THE LIBERTY DEFENDANTS' MOTIONS TO DISMISS WOULD BE UNJUST AND INEFFICIENT.**

I.   A Stay Should Be Granted Only When Doing So Is In The Interests Of Judicial Economy And Will Not Unduly Prejudice A Non-Moving Party.

To determine whether a stay of proceedings is appropriate, courts must consider judicial economy, the inequity that would result in the absence of a stay and prejudice to the non-moving party if a stay is granted. See, e.g., Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal. 1997). In addition, if a motion to stay is made in connection with a request to transfer to multidistrict litigation (MDL) and there are motions pending, courts should consider whether the issues raised in the pending motions are likely to arise in other actions pending in the MDL transferee court. Shields v. Bridgestone/Firestone, Inc., 232 F.Supp.2d 715, 718 (E.D.Tex. 2002).

In Shields, defendants in a class action case requested a transfer from the Eastern District of Texas to multidistrict litigation elsewhere and moved for a stay of the proceedings pending the transfer. 232 F.Supp.2d at 717. At the time the motion to stay was filed, a motion to remand and an opposition to the transfer order were pending with the Eastern District of Texas. Id. The Shields court denied the motion to stay due to the pending motions. Id. at 718. The court relied in part upon the standard letter to the District Court from the JPML regarding the conditional transfer order that stated:

> If you have a motion pending before you in the action . . . you are *encouraged* to rule on the motion unless you conclude that the motion raises issues likely

4

to arise in other actions in the transferee court, should we order transfer, and would best be decided there." Id. at n. 1 (quoting Letter from Chairman William Terrell Hodges, dated September 30, 2002)(emphasis added by court).

The Shields court recognized the wisdom of allowing the transferee court to rule on issues common to multiple cases while adjudicating issues that would prevent the transferee court from expending its resources on a matter the transferor court was capable of deciding. Id. at 718.

II. Only If The Liberty Defendants' Motions To Dismiss Are Heard Before Proceedings Are Stayed Can The Interests Of Justice And Judicial Economy Be Preserved.

The Motion to Stay this Action Pending a Determination on Transfer by the Judicial Panel on Multidistrict Litigation should be denied to the extent that an stay of this action would prevent this court from ruling on the Liberty Defendants' motions to dismiss. A limited stay that allows for a ruling upon the Liberty Defendants' motions to dismiss better addresses the multiple considerations relevant when courts consider a motion for a stay.

First, a stay of this action prior to the determination of the Liberty Defendants' motions to dismiss would not further the interests of judicial economy. As recognized in Shields, there are occasions where the transferor court is better suited to address pending motions than the potential transferee court. 232 F.Supp.2d at 718. Here, because the Liberty Defendants are not parties to any of the actions that are part of the MDL action it would cause the District of New Jersey to use its limited resources to address an issue specific to the Liberty Defendants. In addition, the Liberty Defendants' motions are based on

5

Massachusetts law – in which the District Court for the District of New Jersey surely does not have superior experience or expertise. Thus, rather than burden another court with the determination, this Court should make rulings on the Liberty Defendants' motions to dismiss prior to staying the proceedings.

Second, addressing the Liberty Defendants' motions prior to a stay of the proceedings would not cause any hardship or inequity for the moving defendants. The moving defendants have argued that the Liberty Defendants have been joined fraudulently by the plaintiffs in an attempt to defeat diversity. The moving defendants' motion for stay and the goals of the multidistrict litigation statute – to promote judicial economy and avoid inconsistent adjudications – are actually best served by addressing the Liberty Defendants' motions to dismiss prior to the determination on transfer. By arguing that the Liberty Defendants have been joined fraudulently the moving defendants acknowledge that the Liberty Defendants need not be parties to the MDL. Consequently, the moving defendants would suffer no hardship if the Court rules on the Liberty Defendants' motions to dismiss before the case potentially is transferred.

Third, allowing a stay of this action prior to ruling upon the Liberty Defendants' motion to dismiss would cause significant, undue prejudice to the Liberty Defendants. The Liberty Defendants initially served their motions to dismiss in Essex Superior Court. If a stay is allowed an this case is transferred to New Jersey, the Liberty Defendants would have to litigate this case in a distant forum not of their choosing and, unlike the other defendants, in which it is not a

party to other similar cases. Further, the Liberty Defendants would be forced to wait for the MDL court to complete its efforts to establish a calendar for motion practice before having any motions to dismiss heard. Even if a stay enters and the case is not transferred, the Liberty Defendants would remain parties to this action and be required to bear the costs of litigation for a longer duration. In any calculus, the Liberty Defendants would suffer significant prejudice if these proceedings are stayed before a ruling on their motions to dismiss.

Finally, when considering the motions pending before this Court, it is clear that a stay that allows for the consideration of the Liberty Defendants' motions to dismiss is appropriate. The pending motions do not raise issues that are likely to arise in the MDL action. The Liberty Defendants are not parties to any other case consolidated into the MDL action. The moving defendants have argued that the Liberty Defendants were joined fraudulently, which implies that the Liberty Defendants do not have a role in the MDL action. Accordingly, the Liberty Defendants' pending motions to dismiss would be best determined by this Court. As such, the Court should not stay the proceedings prior to ruling on the pending motions.

## CONCLUSION

A stay of all activity in this action prior to a ruling on the Liberty Defendants' motions to dismiss would be unjust and inefficient. If the motion for a stay is allowed, the Liberty Defendants would be forced to remain a party to this action for longer than necessary and potentially would be forced to have its motions to dismiss

heard in a distant court as part of an MDL in which it presently has no connection whatsoever. The interests of judicial economy are served best by this Court ruling upon motions based on Massachusetts law and not burdening the MDL action with these issues.

WHEREFORE, the Liberty Defendants respectfully request that the Court stay all activity in this case except for rulings on the Liberty Defendants' motions to dismiss. Alternatively, the Liberty Defendants request that the Court deny the Motion to Stay this Action Pending a Determination on Transfer by the Judicial Panel on Multidistrict Litigation.

> Respectfully submitted,
>
> LIBERTY MUTUAL GROUP, INC.,
>
> LIBERTY MUTUAL INSURANCE COMPANY,
>
> LIBERTY MUTUAL FIRE INSURANCE COMPANY,
>
> EMPLOYERS INSURANCE COMPANY OF WAUSAU, and
>
> ST. JAMES INSURANCE COMPANY, LTD.
>
> By their attorneys,
>
> _____
> Ralph T. Lepore, III (BBO #294420)
> James M. Tierney (BBO #644945)
> HOLLAND & KNIGHT LLP
> 10 St. James Avenue
> Boston, MA 02116
> (617) 523-2700

Dated: June 24, 2005

#3012203_v1