# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BENSLEY CONSTRUCTION, INC.,
on its own behalf and on behalf
of all others similarly situated,

    Plaintiff,

      v.

MARSH & MCLENNAN
COMPANIES, INC., et al.

    Defendants.

Civil Action No. 05 11249 GAO

## PLAINTIFF'S OPPOSITION TO MOTION TO STAY
## PENDING A DETERMINATION OF TRANSFER BY
## THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Douglas M. Brooks, BBO #058850
Kenneth G. Gilman, BBO #192760
Douglas J. Hoffman, BBO #640472
GILMAN AND PASTOR, LLP
60 State St., 37th Floor
Boston, MA 02109
Tel: (617) 742-9700
Fax: (617) 742-9701

00005386.WPD ; 1

# TABLE OF CONTENTS

INTRODUCTION AND PROCEDURAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.     A STAY IS NOT REQUIRED SIMPLY BECAUSE A NOTICE
           OF POTENTIAL TAG-ALONG ACTION WAS FILED WITH
           THE JPML  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.    THE COURT SHOULD NOT STAY THIS ACTION PRIOR
           TO DETERMINING WHETHER FEDERAL JURISDICTION
           IS PROPER  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      III.   A STAY OF THIS ACTION WOULD PREJUDICE PLAINTIFFS  . . . . . . . . 10

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**CASES**

*AETNA U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,*
    54 F. Supp.2d 1042 (D. Kan. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bearse v. Main Street Investments,*
    220 F. Supp. 2d 1338 (M.D. Fla. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bellorin v. Bridgestone/Firestone, Inc.,*
    236 F. Supp.2d 670 (W.D. Tex.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Boudreaux v. MetLife,*
    No. 95-138, 1995 U.S. Dist. LEXIS 2656 (E.D. La. Feb. 24, 1995) . . . . . . . . . . . . . . . 9

*Carden v. Bridgestone/Firestone, Inc.,*
    No. 00-3017, 2000 U.S. Dist. LEXIS 21367 (S.D. Fla. Oct. 18, 2000) . . . . . . . . . . . . . 7

*Collett v. Freid,*
    No. 03-526, 2004 U.S. Dist. LEXIS 19937 (E.D. Ky. July 15, 2004) . . . . . . . . . . . . . . 5

*Conroy v. Fresh Del Monte Produce Inc.,*
    325 F. Supp. 2d 1049 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Danca v. Private Health Care Sys., Inc.,*
    185 F.3d 1 (1st Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dantzler v. American Home Products Corp.,*
    No. 4:00cv68LN, 2000 WL 34333156 (N.D. Miss. Sept. 13, 2000) . . . . . . . . . . . . . . . 7

*Ellis v. General Motors Acceptance Corp.,*
    160 F. 3d 703 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Falgoust v. Microsoft Corp.,*
    No. 00-0779, 2000 U.S. Dist. LEXIS 5417 (Apr. 19, 2000) . . . . . . . . . . . . . . . . . . . . 9, 11

*Johnson v. AMR Corp.,*
    No. 95-7659, 1996 U.S. Dist. LEXIS 4172 (N.D. Ill. April 3, 1996) . . . . . . . . . . . . . . 9

*Kohl American Home Products Corp.*,
  78 F. Supp.2d 885 (W.D. Ark. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lifestar Ambulance Service, Inc. v. United States*,
  365 F.3d 1293 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lloyd v. Cabell Huntington Hospital, Inc.*,
  58 F.Supp. 2d 694 (S.D. W. Va. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Mass. Diet Drug Litig.*,
  338 F. Supp. 2d 198 (D. Mass., 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6, 10

*National Parks Conservation Association v. Norton*,
  324 F.3d 1229 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nicholas v. Prudential Ins. Co.*,
  No. 97-0204, 1997 U.S. Dist. LEXIS 6579 (S.D. Ala. Apr. 28, 1997) . . . . . . . . . . . 6, 10

*Ret. Sys. of Ala. v. J. P. Morgan Chase & Co.*,
  No. 02-A-898-N, 2002 U.S. Dist. LEXIS 19449 (M.D. Ala. Sept. 24, 2002) . . . . . . . . 6

*Ret. Sys. of Ala. v. Merrill Lynch & Co.*,
  209 F. Supp. 2d 1257 (M.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Rivers v. The Walt Disney Company*,
  980 F. Supp. 1358 (C.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Rodriguez v. Fannie Mae*,
  268 F. Supp. 2d 87 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stern v. Mutual Life Ins. Co. of N.Y.*,
  968 F.Supp. 637 (N.D. Ala. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tench v. Jackson Nat'l Life Ins. Co.*,
  No. 99-5182, 1999 U.S. Dist. LEXIS 18023 (N.D. Ill. Nov. 12, 1999) . . . . . . . . . . . . . . 9

*Tortola Restaurants, LP v. Kimberly -Clark, Corp.*,
  987 F. Supp. 1186 (N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Univ. of S. Ala. v. Am. Tobacco Co.*,
        168 F.3d 405, 410 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Vassilatos v. Del Monte Fresh Produce Co.,*
        No. 04-80450, 2004 U.S. Dist. LEXIS 22123 (S.D. Fla. July 23, 2004) . . . . . . . . . . 7, 8

*Villarreal v. Chrysler Corp.,*
        No. 95-4414, 1996 WL 116832 (N.D. Cal. Mar. 12, 1996) . . . . . . . . . . . . . . . . . . . . . . 8

*Warner v. Atkinson Freight Lines Corp.*,
        350 F. Supp. 2d 108 (D. Me. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Weinke v. Microsoft Corp.*,
        84 F. Supp. 2d 989 (E.D. Wisc. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

28 U.S.C. § 1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Bensley Construction, Inc., ("Plaintiff"), by and through its undersigned counsel of record, files this memorandum of law in opposition to the Motion to Stay This Action Pending a Transfer by the Judicial Panel on Multidistrict Litigation, filed with this Court on June 21, 2005 (the "Motion"),[1] by certain defendants.[2]

Plaintiff commenced this action on February 17, 2005, in the Superior Court for Essex County, Massachusetts.  On June 15, 2005, Defendants Marsh & McClennan Companies, Inc. and Marsh, Inc. (collectively, "Marsh"), removed the case to this Court, claiming that diversity jurisdiction was satisfied, primarily based on an argument that the provisions of the Class Action Fairness Act ("CAFA") apply to this case. (Notice of Removal (the "Notice") ¶¶ 28-37).

Defendants now ask this Court to stay *all* proceedings in this matter, "including any objections that Plaintiff may raise to the appropriateness of removal," pending a decision on transfer by the Judicial Panel on Multidistrict Litigation ("JPML").  (Def's Mem. at 3).  However, no action by the JPML is anticipated in the near future, as no conditional transfer order has been issued.  Nevertheless, Defendants ask this Court to stay the case in order to promote

---

[1] On the same date, the moving defendants filed their Memorandum in Support of Motion to Stay Proceedings Pending A Determination on Transfer by the Judicial Panel on Multidistrict Litigation.  This memorandum shall be referenced herein as Def's Mem. at __.

[2] The Motion was filed by defendants Marsh & McLennan Companies, Inc., Marsh, Inc., ACE USA, ACE INA, American International Group, Inc., American Reinsurance Company, Arthur J. Gallagher & Co., Hilb Rogal & Hobbs Company, Willis Group Holdings, Ltd., Willis North America, Inc., Willis Group Ltd., Uliversal Life Resources, Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.), USI Holdings, Inc., MetLife, Inc., Prudential Financial, Inc., UnumProvident Corporation, The St. Paul Travelers Companies, Inc., and Zurich American Insurance Company.  For the purposes of this Opposition, the moving defendants shall be referred to as "Defendants."

"judicial efficiency and prevent inconsistent rulings."[3]  *Id*.

A stay would clearly be inappropriate under the facts presented here.  Plaintiff intends to file a motion to remand this action to Massachusetts State Court in the next few days, as Marsh's removal of this case to federal court was clearly improper.  The Supreme Court, along with numerous courts in the First Circuit and throughout the United States, have repeatedly held that the existence of federal jurisdiction – a key dispute here – is a threshold issue that a court must determine prior to taking any other action on a case.  Based on this simple principal, the overwhelming majority of courts presented with simultaneous motions to: (i) stay pending a JPML transfer; and (ii) remand, have elected to first decide the remand issue prior to addressing the motion to stay.

Rather than stay this case and force Plaintiffs to wait to resolve their motion for remand before another Court, wasting the time and resources of Plaintiffs, the JPML, and the District of New Jersey, this Court should deny the motion to stay and resolve the remand issue prior to taking any other action with regard to this case, including ruling on any motions to dismiss.[4]

## ARGUMENT

### I.    A STAY IS NOT REQUIRED SIMPLY BECAUSE A NOTICE OF POTENTIAL TAG-ALONG ACTION WAS FILED WITH THE JPML

The relevant question on this motion is not whether this Court possesses the power to stay

---

[3] As of the date hereof, the JPML has not taken any action with regard to the notice of tag-along action.

[4] Defendant Liberty Mutual Group and certain other defendants have filed a motion to dismiss in the Essex County Superior Court, and have informed Plaintiff's counsel they intend to re-file this motion with the federal district court. For the reasons explained herein, it would be improper to decide this motion prior to a determination of Plaintiff's motion to remand.

cases pending before it, but whether such a stay is advisable under the circumstances presented

here.  Defendants' *only* basis for staying this matter is its claim that similar cases have been

consolidated in the U.S. District Court for the District of New Jersey, and that a "notice of

potential tag-along action" was filed with the JPML.  (Def's Mem. at 8-11).  The JPML,

however, has taken no action whatsoever with respect to this case.

It is beyond question that a federal district court is not *required* to stay a case merely

because a motion is pending with the JPML to transfer that case to another jurisdiction.  As a

recent decision in this District explained, this is still the case even where the JPML has issued a

conditional transfer order, a step the Panel has not even reached in this matter:

> JPML Rule 1.5 provides that "the pendency of a . . . conditional transfer order . . .
> does not affect or suspend orders or pretrial proceedings in the district court in
> which the action is pending and does not in any way limit the pretrial jurisdiction
> of that court." In a standard letter to this Court dated August 25, 2004, the JPML,
> citing Rule 1.5, advised: "Thus your jurisdiction continues until any transfer
> ruling becomes effective. If you have a motion pending before you in any of the
> actions -- particularly a motion to remand to state court (if the action was removed
> to your court) -- you are encouraged to rule on the motion unless you conclude
> that the motion raises issues likely to arise in other actions in the transferee court,
> should we order transfer, and would best be decided there."

*In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198, 201 (D. Mass., 2004) (O'Toole, D.J.)

(quoting Rules of the Judicial Panel on MDL, Rule 1.5).  Consequently, this Court has discretion

to determine whether a stay is warranted under the circumstances presented here.

## II.    THE COURT SHOULD NOT STAY THIS ACTION PRIOR TO DETERMINING WHETHER FEDERAL JURISDICTION IS PROPER

Marsh would have this Court stay all proceedings in this matter before the Court even

determines whether it has jurisdiction over the case.  (Def's Mem. at 3).  However, it is black

letter law that subject matter jurisdiction is a threshold issue that must be determined first, before

the court takes any other action in the case. As the Supreme Court has stated: "Without

jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the

law, and when it ceases to exist, the only function remaining to the court is that of announcing

the fact . . ." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (internal

quotation marks and citations omitted). *See also Warner v. Atkinson Freight Lines Corp.*, 350 F.

Supp. 2d 108, 113 (D. Me. 2004) ("Subject matter jurisdiction is a threshold issue where removal

from state court is contested.") (citing *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st

Cir. 1999)); *Rodriguez v. Fannie Mae*, 268 F. Supp. 2d 87, 89 (D. Mass. 2003) ("The 'threshold

issue' in removal matters such as this is subject matter jurisdiction.").

        Courts elsewhere have also repeatedly held that "a court should inquire into whether it

has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*

*v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Lifestar Ambulance Service, Inc. v.*

*United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) ("in the absence of subject matter

jurisdiction, [a court] may not proceed."); *National Parks Conservation Association v. Norton*,

324 F.3d 1229, 1242 (11th Cir. 2003) (subject matter jurisdiction "must be addressed as a

threshold matter regardless of whether it is raised by the parties.") (footnote omitted); *Ellis v.*

*General Motors Acceptance Corp.*, 160 F. 3d 703, 706 (11th Cir. 1998) (recognizing subject

matter jurisdiction as "threshold issue"); *Bearse v. Main Street Investments*, 220 F. Supp. 2d

1338, 1345 (M.D. Fla. 2002) ("jurisdiction is a threshold inquiry that this Court must undertake

before considering the issues raised by the parties.").

Because jurisdiction is a "threshold issue," in a situation where a motion to stay and a motion to remand are pending simultaneously, courts decide the remand issue first. This very issue was recently analyzed in this District. *In re Mass. Diet Drug Litig.*, 338 F. Supp. 2d 198 (D. Mass. 2004). In that matter, a defendant moved to stay proceedings pending a transfer decision by the JPML under similar circumstances. The Court denied this motion:

> For a number of reasons, I find that it is proper and efficient to rule on the pending motions to remand rather than wait for the JPML to decide whether to transfer the cases to the MDL Court. The primary issue presented by the motions to remand requires consideration of the Massachusetts statute of limitations and its qualifying "discovery rule" -- an issue as to which the MDL Court, respectfully, has no superior experience or expertise. Further, it does not appear that the issue, involving as it does Massachusetts law, is one that is likely to arise in other diet drug litigation in other courts . . . . *Accordingly, I, like several other federal district courts confronted with motions to stay and to remand, will deny Wyeth's motion to stay and address the merits of the plaintiffs' motions to remand*.

*In re Mass. Diet Drug Litig*., 338 F. Supp. 2d at 201 (emphasis added) (citing *Collett v. Freid*, 2004 U.S. Dist. LEXIS 19937, Civ. Action No. 03-526 (E.D. Ky. July 15, 2004) (denying Wyeth's motion to stay and plaintiffs motion to remand).

Just as in *In re Mass. Diet Drug Litig.*, questions specific to the instant case will be largely determinative of the remand issue. For example, Marsh argues for removal under the Class Action Fairness Act because, based on Marsh's reading of the Massachusetts Rules of Civil Procedure, the action was never "commenced" in Massachusetts state court due to supposedly improper venue. (Notice of Removal, Dkt. No. 1, at ¶ 35). In addition, Marsh's argument for removal is based on a claim that certain defendants were "fraudulently joined," the determination of which depends on an analysis of whether Plaintiff has a basis under Massachusetts state law for stating a claim against those defendants. *Id.* ¶¶ 16-20. As in *In re*

*Mass. Diet Drug Litig.*, the MDL court has no "superior experience or expertise" in these issues. Nor have these issues arisen in the cases currently consolidated in New Jersey.

The decision in *In re Mass. Diet Drug Litig.* is consistent with nearly every court to address this issue. Federal district courts faced with a motion to stay pending JPML transfer have almost universally denied a motion to stay where, as here, another party has filed a motion for remand. *E.g. In Ret. Sys. of Ala. v. J.P. Morgan Chase,* No. 02-A-898-N , 2002 U.S. Dist. LEXIS 19449, at *9 (M.D. Ala. Sept. 24, 2002) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible state [sic] in the proceedings.") (quoting *Univ. of S. Ala.*, 168 F.3d at 410; citing *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1261 (M.D. Ala. 2002)). The Southern District of Alabama followed similar logic in *Nicholas v. Prudential Ins. Co.*, No. 97-0204, 1997 U.S. Dist. LEXIS 6579 (S.D. Ala. Apr. 28, 1997). In that case, the defendant asked the Court to stay all proceedings, including a decision on the plaintiff's motion to remand, until the Panel determined whether to transfer the case. *Id.* at *13-14. As in the instant matter, many similar cases had already been transferred and consolidated in the District of New Jersey, and the defendant had filed a "notice of related action" with the JPML. *Id.* at 2-3. However, the Court denied the defendant's motion to stay:

> [T]he plaintiffs chose to pursue their claims in state court. It is axiomatic that "federal courts are courts of limited jurisdiction," and that "plaintiff is still the master of his own claim." To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable.

*Id.* at *14-15 (citations omitted).  Other courts have reached the same conclusion.  *Vassilatos v.*

*Del Monte Fresh Produce Co.*,  No. 04-80450, 2004 U.S. Dist. LEXIS 22123, at *8-9 (S.D. Fla.

July 23, 2004) ("In deciding whether to defer [ruling on a motion to remand], the Court is

obliged to assess its jurisdiction, and if a preliminary assessment suggests that removal was

improper, then the Court should decide the merits of such motion."); *Carden v.*

*Bridgestone/Firestone, Inc.*, No. 00-3017, 2000 U.S. Dist. LEXIS 21367, at *4  (S.D. Fla. Oct.

18, 2000)  (court elected to hear motion for remand and denied motion to stay as moot); *Conroy*

*v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053-54 (N.D. Cal. 2004) (denying

defendants' motion to stay and considering plaintiff's motion to remand in the interest of judicial

economy when the motion could be readily resolved); *Dantzler v. American Home Products*

*Corp.*, No.  4:00cv68LN, 2000 WL 34333156, at *1 (N.D. Miss. Sept. 13, 2000) (denying motion

to stay remand decision pending JPML transfer ruling, observing that: "the majority of stay

motions [in that district] filed under similar circumstances have been denied"); *AETNA U.S.*

*Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999)

(finding no reason to delay ruling on motion to remand, stating, "[f]or purposes of judicial

economy, the jurisdictional issue should be resolved immediately.  If federal jurisdiction does not

exist, the case can be remanded before federal resources are further expended"); *Kohl American*

*Home Products Corp.*, 78 F. Supp.2d 885, 887-888 (W.D. Ark. 1999) (denying motion to stay

because "the court believe[d] the best course is to decide the motion to remand"); *Lloyd v. Cabell*

*Huntington Hospital, Inc.*, 58 F.Supp.2d 694, 696 (S.D. W. Va. 1999) ("[t]his Court cannot,

however, stay proceedings in an action over which it lacks jurisdiction."); *Tortola Restaurants,*

00005386.WPD ; 1                                    7

*LP v. Kimberly -Clark, Corp.,* 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) (denying motion for stay and immediately considering motion to remand where the district court "as transferor Court retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer"); *Stern v. Mutual Life Ins. Co. of N.Y.*, 968 F.Supp. 637, 639 (N.D. Ala. 1997) ("[i]f the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay"); *Villarreal v. Chrysler Corp.,* No. 95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Judicial economy will be best served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.").

Where courts *do* stay cases in these circumstances, it is because the motion for remand raises a jurisdictional issue common to the cases already consolidated by the JPML, and the remand of *all* of those cases will turn on the same jurisdictional issue. This exception to the general rule has been explained as follows:

> [I]t is always in the best interest of judicial economy to decide issues of jurisdiction as early as possible to conserve scarce federal resources . . . . ***At times it is wise to defer a ruling on a motion to remand a case. Such times are when deference would allow a better opportunity for uniformity, consistency and predictability in the rulings for common cases***.

*Vassilatos*, 2004 U.S. Dist. LEXIS 22123, at *8-9 (emphasis added) (citing 28 U.S.C. § 1407). Conversely, where the remand issue is unique to the matter at hand, courts decide remand *prior* to transfer. *E.g. Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 676 (W.D. Tex. 2001) (denying stay where "issues raised by the plaintiff's motion to remand are unique to this case and would benefit little from coordinated discovery under the MDL panel").

Several of the cases cited by Defendants fall under this "common jurisdictional issue" exception. *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 U.S. Dist. LEXIS 5417, at *3-4 (Apr. 19, 2000) (recognizing that stay is generally inappropriate where remand motion is pending, but granting stay where the same jurisdictional question had been raised elsewhere); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-5182, 1999 U.S. Dist. LEXIS 18023, at *4, n.1 (N.D. Ill. Nov. 12, 1999) (stay appropriate in case where calculation of the amount in controversy was common to other consolidated cases); *Johnson v. AMR Corp.*, No. 95-7659, 1996 U.S. Dist. LEXIS 4172, at *3, 10 (N.D. Ill. April 3, 1996) (stay proper where defendants alleged that the same non-diverse defendant had been fraudulently joined in several actions arising from a single airplane crash); *Boudreaux v. MetLife*, No. 95-138, 1995 U.S. Dist. LEXIS 2656, at *5 (E.D. La. Feb. 24, 1995) (stay was appropriate because "the issue involved in this remand motion is likely to be common to other transferred cases").

As explained above, this exception does not apply here because the remand issues are unique to this case. It is Defendants' burden on removal to demonstrate that such common jurisdictional issues exist, yet Defendants have not even attempted to argue that any such jurisdictional issue is currently pending in the MDL proceeding. In fact, Defendants' ***only*** argument for the application of this exception is a comparison to the Palm Tree Action, but the remand issues here, as identified above, are largely dependent on Massachusetts state law, and have not, in fact, arisen in the Palm Tree Action. In addition, the Palm Tree Action is not even part of the MDL proceeding. (Def's Mem. at 9-10). Not only have the plaintiffs and one of the defendants moved to remand the Palm Tree Action to Florida State Court (motions that are now

9

fully briefed and awaiting decision by the court), plaintiffs, along with one of the defendants, have also filed notices of objection to the JPML's conditional transfer order, and subsequent motions to vacate that order, and therefore the Conditional Transfer Order has been automatically stayed pending further briefing on the plaintiffs' motion to vacate the Conditional Transfer Order. (JPML Rule 7.4).

The issues relevant to the remand of this action are not common to any similar remand issues in MDL 1663, and Defendants do not claim otherwise. Consequently, Defendants' weak attempt to distinguish *In re Massachusetts Diet Drug Litigation* must fail. (Def's Mem. at 11, n.3). In the case relied upon by Defendants for the proposition that "a majority of courts," have granted a stay in these situations, *Rivers v. The Walt Disney Company*, 980 F. Supp. 1358 (C.D. Cal. 1997), federal jurisdiction was not even in dispute. (Def's Mem. at 8). In fact, the Court's decision to grant the motion to stay was based on the observation that: "this court does not first need to resolve any basic jurisdictional issues that would allow it the opportunity to transfer this action to a more proper forum." *Id.* at 1362.

It is therefore clear that the overwhelming weight of authority favors denial of Defendants' motion to stay under the circumstances presented here.

## III.    A STAY OF THIS ACTION WOULD PREJUDICE PLAINTIFFS

Contrary to Defendants' conclusory statement, a stay of this matter *will* prejudice Plaintiffs. (Def's Mem. at 12). An improper transfer would force Plaintiffs to pursue their claims in a forum not of their choosing far from home. *See Nicholas*, 1997 U.S. Dist. LEXIS 6579, at *14-15. In addition, though Defendants apparently believe the delay would be "brief"

(Def's Mem. at 12), they actually have no way of knowing how long the case would be delayed should this Court issue a stay. Defendants have merely begun the process by filing a notice of potential tag-along action with the JPML. Even if, at some point, the JPML decides to issue a conditional transfer order affecting this case, that order would be followed by Plaintiff's objection[5], additional briefing and a final transfer decision by the JPML, which could take several months. *See* JPML Rule 7.4 (addressing briefing process for disputes after filing of a notice of potential tag-along action).

The cases Defendants cite on this point are absolutely irrelevant. *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wisc. 2000) says absolutely nothing about the length of the delay caused by the proposed stay. *Falgoust*, 2000 U.S. Dist. LEXIS 5417, at *8, only makes a passing comment about a "slight" delay, but provides no reason for that statement. It is also notable that *Falgoust* contained no indication that the plaintiffs in that case had even objected to the JPML's conditional transfer order, or, assuming such an objection had been made, the status of the briefing on plaintiff's motion to vacate the conditional transfer order.

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion must be DENIED.

---

[5] Should the JPML issue a conditional transfer order, Plaintiff will file a notice of opposition with the JPML, which will automatically stay the conditional transfer order pending briefing and a decision on Plaintiff's subsequent motion to vacate the conditional transfer order.

DATED: July 8, 2005

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By:    /s/ Douglas M. Brooks
       Douglas M. Brooks, BBO #058850
       Kenneth G. Gilman, BBO #192760
       Douglas J. Hoffman, BBO #640472
       60 State St., 37th Floor
       Boston, MA 02109
       Tel: (617) 742-9700
       Fax: (617) 742-9701