UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC,<br>on its own behalf and on behalf<br>of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC.,<br>MARSH, INC., ACE USA, ACE INA, AMERICAN<br>INTERNATIONAL GROUP, AMERICAN RE-<br>INSURANCE COMPANY, ARTHUR J.<br>GALLAGHER & CO., HILB ROGAL & HOBBS,<br>COMPANY, WILLIS GROUP HOLDINGS, LTD.,<br>WILLIS NORTH AMERICA, INC., WILLIS<br>GROUP LTD., UNIVERSAL LIFE RESOURCES,<br>INC. (d/b/a ULR INSURANCE SERVICES, INC.),<br>THE CHUBB CORPORATION, USI HOLDINGS,<br>INC., METLIFE, INC. PRUDENTIAL<br>FINANCIAL, INC., UNUMPROVIDENT<br>CORPORATION, THE ST. PAUL TRAVELERS<br>COMPANIES, INC. ZURICH AMERICAN<br>INSURANCE COMPANY, LIBERTY MUTUAL<br>GROUP, INC., LIBERTY MUTUAL INSURANCE<br>COMPANY, LIBERTY MUTUAL FIRE<br>INSURANCE COMPANY, EMPLOYERS<br>INSURANCE COMPANY OF WAUSAU and ST.<br>JAMES INSURANCE COMPANY LTD.,<br><br>             Defendants. | Civil Action No. 05-11249-GAO |

**RESPONSE OF LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL
INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU AND
ST. JAMES INSURANCE COMPANY LTD. TO
<u>PLAINTIFF'S MOTION TO REMAND</u>**

Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Employers Insurance Company of Wausau and St. James Insurance Company, Ltd.[1] (collectively, the "Liberty defendants") submit this response to the Plaintiff's Motion to Remand.

As a preliminary matter, it is important to note that Liberty defendants were not among the defendants who removed this case from Essex Superior Court to federal court. The removing defendants argued, in part, in their notice of removal that the Liberty defendants have been joined fraudulently by the plaintiff and therefore diversity jurisdiction exists in this court. In such circumstances, the removing defendants need not obtain consent to removal from the fraudulently joined parties. See Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Indeed, as articulated in the motions to dismiss that have been filed, the Liberty defendants contend that they do not belong in this lawsuit. Notwithstanding that the Liberty defendants did not have a role in the removal of this action, they are compelled to respond to inaccuracies in plaintiff's motion for remand that concern Liberty and to identify for the court the efficiencies that may be gained by deciding the motions to dismiss prior to the motion to remand.[2]

---

[1] St. James Insurance Company, Ltd. ("St. James") has appeared in this case specially to argue that it has not been served properly and that the court may not exercise jurisdiction over it. Because the court has not yet ruled on St. James' motion to dismiss, St. James' appearance in the form of its response to Plaintiff's Motion to Remand should also be considered a special appearance as it is compelled to respond to the motion but does not wish to subject itself to the jurisdiction of this court.
[2] Bensley's motion to remand is based on two primary points. First, the application of the CAFA; and second, diversity jurisdiction. Without waiving any of these arguments, but because of the peculiar procedural posture of this matter with respect to the Liberty defendants, this response will address only the "incomplete diversity" issue argued by Bensley.

2

I.    The Interests of Judicial Economy Dictate That the Court Should Decide Liberty's Motions to Dismiss Before Addressing the Motion to Remand.

The primary, if not only, reason for the Liberty defendants being named in this case appears to have been plaintiff's effort to avoid complete diversity and thus attempt from the outset to avoid subsequent removal to federal court. As set forth above, however, this case has been removed, with the assertion that the Liberty defendants were fraudulently joined. Plaintiff's motion to remand attempts to address the fraudulent joinder issue by claiming that the Liberty defendants are part of a massive conspiracy that somehow impacted it, notwithstanding that Bensley is not a Liberty insured. The Liberty defendants have filed multiple motions to dismiss that include a common argument of a failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) in an effort to address the unsupported conspiracy allegations. For the reasons set forth below, it is submitted that the Liberty defendants' motions to dismiss should be allowed.

However, of significant import for the present motion to remand is the question of judicial economy. Should this Court determine that the Liberty defendants are not proper parties to this action, the incomplete diversity issue with respect to the motion to remand would become moot. If the Liberty defendants are dismissed, the remaining diversity question would focus on the $75,000 argument, which is being addressed by the other defendants. Accordingly, from a judicial economy perspective, ruling upon the pending motions to dismiss first will assist in resolving the diversity issue. In the event that this court then rules on the remaining remand issues, this case either will be remanded to state court, or

transferred to the multidistrict litigation (MDL) in New Jersey to address the other issues in the present action that appear to be identical to the cases already before the MDL. In either scenario, this Court would no longer have any involvement in the matter. Therefore, the interests of judicial economy strongly suggest that the Court should rule upon the Liberty defendants' motions to dismiss before addressing the motion to remand.

II.   There is No Factual Basis to Substantiate Plaintiff's Allegations of Conspiracy Involving Liberty.

A critical basis for the plaintiff's motion to remand is the unsubstantiated argument that diversity exists due to the alleged involvement of the Liberty defendants in a so-called "conspiracy." First, as the plaintiff acknowledges, Bensley Construction, Inc. never had any relationship with the Liberty defendants whatsoever. At best, the plaintiff suggests that the Liberty defendants may be implicated in the alleged conspiracy because it has received subpoenae from two state attorneys general. More accurately, plaintiff suggests that the Liberty defendants are appropriate parties simply because they are part of the insurance industry. The plaintiff apparently suggests that merely participating in the insurance business, without any specific allegation of wrongdoing, is sufficient to make the Liberty defendants part of the alleged conspiracy.[3]

As explained in the Liberty defendants' motions to dismiss and the Notice of Removal filed by the removing defendants, the mere allegations of the existence of a conspiracy without any supporting facts is insufficient to demonstrate that the

---

[3] Remarkably, plaintiff alleges that Liberty Mutual Group Inc. is involved in a conspiracy even though it does not offer insurance products for sale and is not a broker.

4

Liberty defendants have not been joined fraudulently. Consequently, remand of this action is inappropriate.

III.  The Motion to Substitute Plaintiffs Has No Effect on the Motion to Remand.

Plaintiff's assertion that this case should be remanded because it intends to substitute a business insured by a Liberty defendant, Rehab Seating Systems, Inc. ("Rehab") as the name plaintiff is interesting, but unsupportable. Plaintiff suggests that because Rehab is insured by a Liberty defendant, a clear connection between the plaintiff and a defendant based in Massachusetts would exist. The reality, however, is that while Rehab is insured by Liberty Mutual Insurance Company, the manner in which Rehab obtained its insurance policy makes the conspiracy case against the Liberty defendants untenable.[4]

Specifically, Rehab did not obtain its insurance through normal channels. Instead, Rehab obtained its insurance coverage through the Massachusetts Assigned Risk Pool. Affidavit of Arthur J. Eldridge ("Eldridge Aff.") at ¶¶ 4, 5, 6, attached hereto as Exhibit 1. To obtain insurance through the Assigned Risk Pool, established by chapter 152 of the Massachusetts General Laws, a company must demonstrate that at least two insurance companies have refused to provide coverage. In its Application for Worker's Compensation Insurance, Rehab made such a representation. Eldridge Aff. at ¶ 4, Ex. A. As such, its application was placed in the assigned risk pool for which insurers are assigned on an involuntary basis the risk of insuring the applicant. There is no negotiation of rates, premiums

---

[4] The Liberty defendants intend to submit an Opposition to Plaintiff's Motion to Substitute Plaintiff and Amend Complaint at a later date.

5

and broker commissions, since they are established by regulations. Accordingly, where the broker/insurer relationship appears to be the essence of the plaintiff's case, and the only basis for plaintiff's conspiracy claim, and since it is does not exist in this set of facts, the entire conspiracy claim must fail. Therefore, the substitution of Rehab as the plaintiff actually would make an unsupportable case even less so, as the facts involving an assigned risk insured cannot support any conspiracy claim involving any broker. Consequently, the case should not be remanded.

Respectfully submitted,

LIBERTY MUTUAL GROUP, INC.,

LIBERTY MUTUAL INSURANCE COMPANY,

LIBERTY MUTUAL FIRE INSURANCE COMPANY

EMPLOYERS INSURANCE COMPANY OF WAUSAU and

ST. JAMES INSURANCE COMPANY LTD.

By their attorneys,

_____
Ralph T. Lepore, III (BBO #294420)
James M. Tierney (BBO #644945)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  August 4, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each party on the attached service list by first class mail on August 4, 2005.

_____
Ralph T. Lepore, III

\# 3103635_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC., MARSH, INC., ACE USA, ACE INA, AMERICAN INTERNATIONAL GROUP, AMERICAN RE-INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., HILB ROGAL & HOBBS, COMPANY, WILLIS GROUP HOLDINGS, LTD., WILLIS NORTH AMERICA, INC., WILLIS GROUP LTD., UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR INSURANCE SERVICES, INC.), THE CHUBB CORPORATION, USI HOLDINGS, INC., METLIFE, INC. PRUDENTIAL FINANCIAL, INC., UNUMPROVIDENT CORPORATION, THE ST. PAUL TRAVELERS COMPANIES, INC. ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU and ST. JAMES INSURANCE COMPANY LTD.,<br><br>Defendants. | Civil Action No. 05-11249-GAO |

## **AFFIDAVIT OF ARTHUR J. ELDRIDGE**

I, Arthur J. Eldridge, upon my oath, do state on personal knowledge as follows:

1.      I am employed by Liberty Mutual Insurance Company as Accounting Manager, Involuntary Market Services.

2. In 1995, Rehab Seating Systems, Inc. sought to obtain insurance coverage through the Massachusetts Assigned Risk Pool.

3. A copy of the Application for Workers' Compensation Insurance submitted in 1995 by Rehab Seating Systems, Inc. is attached hereto as Exhibit A.

4. The Application for Workers' Compensation Insurance completed by Rehab Seating Systems, Inc. indicates that at least two insurance companies refused to provide insurance coverage.

5. In response to the Application for Workers' Compensation Insurance of Rehab Seating Systems, Inc., the Workers' Compensation Insurance Plan of Massachusetts issued a Notice of Assignment to Rehab Seating Systems, Inc. indicating that Eastern Casualty Insurance Company of Westborough, Massachusetts would provide workers' compensation insurance coverage to Rehab Seating Systems, Inc. A copy of the Notice of Assignment is attached hereto as Exhibit B.

6. In December, 1999, the insurance coverage provided to Rehab Seating Systems, Inc. by Eastern Casualty Insurance Company on behalf of the Massachusetts Workers' Compensation Assigned Risk Pool was reassigned to Liberty Mutual Insurance Company. Rehab Seating Systems, Inc. and Liberty Mutual Insurance Company were notified by a letter from Eastern Casualty Insurance Company dated December 21, 1999 and attached hereto as Exhibit C.

Signed under the penalties of perjury this 3 day of August, 2005.

_____
Arthur J. Eldridge

# 3110495_v1

# EXHIBIT A

# MASSACHUSETTS
## APPLICATION FOR WORKERS' COMPENSATION INSURANCE

THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS
101 ARCH STREET—5TH FLOOR   BOSTON MA 02110
(617) 439-9030

**IMPORTANT:** A separate application must be completed for each legal entity. Instructions for completing this application can be found in THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS INFORMATION AND PROCEDURES HANDBOOK. This handbook is available from the Workers' Compensation Insurance Plan of Massachusetts.

Please type or print answers to all questions and send in DUPLICATE to: P.O. BOX 9005 BOSTON, MA 02205

The Undersigned employer hereby applies for workers' compensation insurance in Massachusetts and expressly represents that such insurance is sought in good faith.

## I. GENERAL INFORMATION                                EFFECTIVE 12:01 A.M. (DATE)

1. __REHAB SEATING SYSTEMS, INC.__
   NAME OF EMPLOYER (If partnership, names of partners must be given together with trade name of business. If a sole proprietor, name of sole proprietor must be given with name of business.)

2. __04-3266127__
   EMPLOYERS FEDERAL IDENTIFICATION NUMBER

3. __8 Alton Place   Suite 3   Brookline   MA   02146   (617) 734-8500__
   MAILING ADDRESS   (No.)   (Street)   (City)   (State)   (Zip)   (Phone)

4. __Same__
   PRINCIPAL LOCATION (No.)   (Street)   (City)   (State)   (Zip)   (Phone)

5. __none__
   OTHER MASSACHUSETTS LOCATIONS   (No.)   (Street)   (City)   (State)   (Zip)   (Phone)

6. __Same__
   PAYROLL OFFICE ADDRESS   (No.)   (Street)   (City)   (State)   (Zip)   (Phone)

7. LEGAL STATUS:   ☐ Sole Proprietor   ☐ Partnership   ☒ Corporation   ☐ Other (explain) _____

8. Are there operations in states other than Massachusetts?   ☐ Yes   ☒ No   If yes, list states and name of insurance company.

## II. INSURANCE RECORD

1. Has there been previous workers' compensation insurance coverage in Massachusetts?   ☐ Yes   ☒ No
   If yes, notice of cancellation or non-renewal must be attached.
   Complete the following for three previous years.

| INSURANCE COMPANY | POLICY NUMBER | POLICY PERIOD | PREMIUM |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

If no, complete   ☒ New Business   ☐ Self-Insured   ☐ Other (explain) _____
If previously self-insured, provide the name of the self-insured employer or group above if different from the named insured:

2. Are you in debt to any insurance company for any unpaid premium for workers' compensation?
   ☐ Yes   ☒ No   If yes, explain: _____
3. Has there been a name change during the past five years?   ☐ Yes   ☒ No
   If yes, give previous name and date of change: _____
4. Was this an existing business purchased by the insured?   ☐ Yes   ☒ No
5. Do owners own a majority interest in any other business?   ☐ Yes   ☒ No
   If yes, give the complete legal name of the other entity(ies): _____
6. Complete Form #ERM-14-75 and forward with this application if answer to #3, 4, or 5 is yes.

## III. INSURANCE COMPANIES WHO HAVE REFUSED INSURANCE

1. List below name and representative of two insurance companies who have refused coverage in the past sixty days. The representative named must be a full-time employee of the insurance company.

| INSURANCE COMPANY | NAME OF REPRESENTATIVE |
|---|---|
| TRAVELERS INSURANCE | BOB ALEKNAS |
| UTICA MUTUAL | JOAN QUAGEOTTI |

2. Have you received any offers of voluntary coverage? (Include multi-line or retrospective rating terms.)   ☐ Yes   ☒ No
   If yes, provide full details on separate sheet.

## IV. CORPORATE OFFICERS: List below name, title, duties and approximate annual salary of all officers.

| NAME | TITLE | DUTIES | APPROX. ANNUAL SALARY |
|---|---|---|---|
| Harold M. Sharff | President | marketing + sales | $10,400 |
| Edward Hofeller | Vice Pres. + Treasurer | clerical | $10,400 |

ATTACH CHECK

## V. BUSINESS OF EMPLOYER

Completely describe all operations at this or any other location. (Do not use manual phraseology for description.)

Chair manufacturer (furniture) all mfg. is subcontracted to an independent mfg. 100% Client only performs sales + marketing

LOCATIONS, CLASSIFICATION AND PAYROLL IN MASSACHUSETTS
Calculation of Estimated Annual Premium: (Attach additional sheet as necessary)

| Describe by location the duties of employees (Include executive officers) | Class Code | Number of Employees | Total Payroll | Rate | Premium |
|---|---|---|---|---|---|
| Sales | 8742 | 1 | 10,400 | .63 | 66 |
| furniture manufacturing - wood - NOC | 2883 | 0 | 0 | | 0 |
| Clerical Office Employees NOC | 8810 | 1 | 10,400 | .30 | 31 |
| Salesperson, Collectors or Messengers—Outside | 8742 | | | | |
| Drivers, NOC | 7380 | | | | |
| Employers Liability | 100, 500, 100 | | | | |

Total Premium: 97
Experience Modification ( ) or Merit Rating ( )
Loss Constant: —
Standard Premium: 97
ARAP Adjustment ( )
Premium Discount ( %) of Standard Premium
Expense Constant: 160
Total Estimated Annual Premium:
Mass. D.I.A. Assessment (3.2 %) of Standard Premium: 3
Total of Estimated Annual Premium and Mass. D.I.A. Assessment: 260
Deposit Premium (100 %) of Above Total: 260

## VI. DEPOSIT PREMIUM

1. DEPOSIT REQUIRED:

| Estimated Annual Premium | Audit basis | Minimum Deposit |
|---|---|---|
| ☒ Under $1,000 | Annual | 100% of Annual |
| ☐ At least $1,000 | Semi-Annual | 75% of Annual |
| ☐ At least $3,000 | Quarterly | 50% of Annual |
| ☐ At least $5,000 | Monthly | 25% of Annual |

*If applicable

MIN PREMIUM $373.00 for class 2883 enclosed

2. PREMIUM PAYMENT
Enclose check for Premium Payment. Coverage will not be bound without payment of deposit premium. Enclosed is Check Number _____ made payable to THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS in the amount of $373.00. Is the premium financed? ☐ Yes ☒ No  If yes, attach the check and a signed copy of the finance agreement.

## VII. APPLICANT'S STATEMENT:
The Undersigned hereby certifies that he/she has read and understands the statement in this application. Furthermore, in consideration of the issuance of the policy of insurance, he/she also certifies that the statements in this application are true and agrees:
1. To maintain a complete record of all payroll transactions in such form as the insurance company may reasonably require and that such record will be available to the company at the designated address.
2. To comply substantially with all laws, orders, rules and regulations in force and effect made by the public authorities relating to the welfare, health and safety of employees.
3. To comply with all reasonable recommendations made by the insurance company relating to the welfare, health and safety of employees. This insurance is being afforded through THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS and not through the private market.

Rehab Seating Systems, Inc.   3/27/95   Harold M. Shuff, President
Business Name of Employer        Date     Signature and Title (Corporate Officer, General Partner or Sole Proprietor)

## VIII. AGENCY AND PRODUCER

Agency  G.M. ABODEELY INSURANCE AGENCY, INC.      04-232-2691
        Name                                      AGENCY FEDERAL IDENTIFICATION NUMBER
Address 370 MAIN STREET, WORCESTER, MASSACHUSETTS 01608
        Street                City        State   Zip      Phone
                                                           3/27/95

# EXHIBIT B

| YER: | REHAB SEATING SYSTEMS INC<br>8 ALTON PLACE<br>SUITE 3<br>BROOKLINE  MA  02146 | BUREAU FILE NUMBER | STATUS OF EMPLOYER |
|---|---|---|---|
| | | 158039R | CORPORATION |
| | | ADDITIONAL INSTRUCTIONS | |
| | 2599 | POLICY ISSUED SUBJECT TO PENDING PREMIUM CHANGE ENDORSEMENT (WC200401). | |
| | THE WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT IS AVAILABLE ON POOL POLICIES.  CONTACT AGENT FOR DETAILS. | COVERAGE UNDER THIS ASSIGNMENT APPLIES TO MA. OPERATIONS ONLY. FOR COVERAGE OUTSIDE OF MA., APPLY TO APPROPRIATE POOL OR PLAN. | |

| UCER: | G M ABODEELY INS AGCY INC<br>370 MAIN STREET<br>WORCESTER  MA  01608 | INSURANCE COMPANY: |
|---|---|---|
| | 11660 | EASTERN CASUALTY INS CO<br>MS SALLY FISHER<br>1800 WEST PARK DRIVE<br>WESTBOROUGH  MA  01581<br>(508) 898-2900 |

DENTIFICATION NUMBER: 04-232-2691

| CLASSIFICATION OF OPERATION | CLASS CODE | ESTIMATED TOTAL ANNUAL REMUNERATION | RATE | ESTIMATED PREMIUM |
|---|---|---|---|---|
| LESPERSON,COLLECTOR,MESSENGER-OUTSIDE | 8742 | 10,400 | 0.63 | $ 66 |
| RNITURE MFG-WOOD-NOC-ASSEMBL OR FINISH | 2883 | | 6.09 | |
| ERICAL OFFICE EMPLOYEES NOC | 8810 | 10,400 | 0.30 | 31 |
| SS CONSTANT | 0032 | | | 20 |
| PENSE CONSTANT | 0900 | | | 80 |
| | | | | |
| NIMUM PREMIUM COVERAGE A-2883 | | | | 373 |
| PLOYERS LIABILITY 100/100/500 | 9845 | | | |
| D PREM SUBJECT TO MASS DIA ASSESSMENT | | | | 293 |
| SS DEPT OF INDUSTRIAL ACCIDENTS | | | | |
| ASSESSMENT 3.2% OF STANDARD PREMIUM | | | | 9 |
| | | | | 373 |
| | | | TOTAL PREMIUM | $ 382 |

AUDIT BASIS    ANNUAL                    REQUIRED DEPOSIT PREMIUM  $  382

COMMENTS

OVERAGE EFFECTIVE 12.01 AM ON
3/31/95 WITH ABOVE INSURANCE COMPANY.

DATE OF NOTICE  04/05/95          PREPARED BY  JOANNE SHEA
                                  Check #117  $373

REASSIGNED  no
L.C. NEED   no
PREAUDIT NEEDED  no

THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS

**EXHIBIT C**



December 21, 1999

Rehab Seating Systems, Inc.
8 Alton Place, Suite 3
Brookline, MA 02146

Re:   Massachusetts Workers Compensation Assigned Risk Pool
      Policy #: WCP0013298  Expiring: 03-31-00

Dear Policyholder:

For some time now we have been providing workers' compensation insurance coverage for your company on behalf of the Massachusetts Workers' Compensation Assigned Risk Pool.

The workers' compensation marketplace has undergone a number of changes over the last few years which have necessitated some changes in the designated carrier assignments for Pool participants.

Your policy has been selected for reassignment to a different designated carrier. We will not be renewing your current workers' compensation policy when it expires on **03-31-00**. Rather, **Liberty Mutual Insurance Company** has been designated by the Workers' Compensation Rating and Inspection Bureau of Massachusetts to provide your future Pool coverage, should that be necessary.

By copy of this letter, we are informing **Liberty Mutual Insurance Company** of their designation. You should expect to hear directly from them or your broker, in the very near future.

Please be assured that this process will result in continuous coverage provided that you comply with the deposit premium requirements when requested by **Liberty Mutual Insurance Company**. In the meantime, please feel free to contact your broker should you have any questions or concerns.

Sincerely,

*Kim LiPuma*
Kim LiPuma
Underwriting Supervisor


cc  Carlin Insurance Agency, Inc.
    233 West Central Street
    Natick, MA 01760

*Eastern Casualty Insurance Company*   325 Donald J. Lynch Boulevard, Marlborough, Massachusetts 01752-4729
Tel: (508) 303-1000