UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENSLEY CONSTRUCTION, INC,
on its own behalf and on behalf
of all others similarly situated,

         Plaintiff,

v.

MARSH & MCLENNAN COMPANIES, INC.,
MARSH, INC., ACE USA, ACE INA, AMERICAN
INTERNATIONAL GROUP, AMERICAN RE-
INSURANCE COMPANY, ARTHUR J.
GALLAGHER & CO., HILB ROGAL & HOBBS,
COMPANY, WILLIS GROUP HOLDINGS, LTD.,
WILLIS NORTH AMERICA, INC., WILLIS
GROUP LTD., UNIVERSAL LIFE RESOURCES,
INC. (d/b/a ULR INSURANCE SERVICES, INC.),
THE CHUBB CORPORATION, USI HOLDINGS,
INC., METLIFE, INC. PRUDENTIAL
FINANCIAL, INC., UNUMPROVIDENT
CORPORATION, THE ST. PAUL TRAVELERS
COMPANIES, INC. ZURICH AMERICAN
INSURANCE COMPANY, LIBERTY MUTUAL
GROUP, INC., LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, EMPLOYERS
INSURANCE COMPANY OF WAUSAU and ST.
JAMES INSURANCE COMPANY LTD.,

         Defendants.

Civil Action No. 05-11249-GAO

**OPPOSITION OF LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL
INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, EMPLOYER INSURANCE COMPANY OF WAUSAU AND
ST. JAMES INSURANCE COMPANY LTD. TO PLAINTIFF'S MOTION TO
SUBSTITUTE REPRESENTATIVE PLAINTIFF AND FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT**

Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Employers Insurance Company of Wausau and St. James Insurance Company, Ltd.[1] (collectively, the "Liberty defendants") submit this opposition to the Plaintiff's Motion to Substitute Representative Plaintiff and for Leave to File a Second Amend Complaint ("Motion").

Plaintiff's Motion should be denied because the proposed substitution of Bensley Construction, Inc. ("Bensley") with Rehab Seating Systems, Inc. ("Rehab") as the representative plaintiff is an exercise in futility. First, for the reasons stated in the multiple Motions to Dismiss submitted previously by the Liberty defendants, the allegations in the Amended Complaint fail to allege facts to demonstrate that the Liberty defendants have any connection to the alleged conspiracy. Second, the proposed substitute plaintiff, Rehab, obtained its insurance coverage with Liberty Mutual Insurance Company through participation in the statutorily created Massachusetts Assigned Risk Pool and not through the broker/insurer arrangement that is central to the alleged conspiracy that appears to be the foundation of both the Amended Complaint and the Second Amended Complaint. For these reasons, the motion to amend would neither remedy the shortcomings of the Amended

---

[1] St. James Insurance Company, Ltd. ("St. James") has appeared in this case specially to argue that it has not been served properly and that the court may not exercise jurisdiction over it. Because the court has not yet ruled on St. James' motion to dismiss, St. James' appearance in the form of its opposition to the motion to substitute representative plaintiff an for leave to file second amended complaint should also be considered a special appearance as it is compelled to respond to the motion but does not wish to subject itself to the jurisdiction of this court.

Complaint nor allege any facts that would connect the Liberty defendants with the alleged conspiracy. Therefore, the Motion should be denied.

I.  A Motion to Substitute a Representative Plaintiff or Amend a Complaint May Be Denied When it Would Be Futile to Allow the Motion.

Leave to amend a complaint pursuant to Fed.R.Civ.P. 15 may be freely given unless the amendment is futile, brought in bad faith, or brought for delay or other dilatory purpose. Maine State Building and Construction Trades Council, AFL-CIO v. U.S. Dep't. of Labor, 359 F.3d 14, 19 (1st Cir. 2004)(denial of motion for leave to amend appropriate when amended complaint presented no scenario that would entitle plaintiff to relief). The futility of a proposed amendment is gauged by the criteria of Fed.R.Civ.P. 12(b)(6). Hatch v. Dep't. for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)(motion for leave to amend properly denied when proposed amended complaint futile). "Where an amendment would be futile or would serve no legitimate purpose, the district court should not prolong matters." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990).

II. The Motion is Futile Because The Deficiencies in the Amended Complaint Are Not Cured by the Proposed Second Amended Complaint.

A critical basis for both the Amended Complaint and the proposed Second Amended Complaint is the alleged involvement of the Liberty defendants in a so-called "conspiracy." The only change in the proposed Second Amended Complaint is the identification of the proposed representative plaintiff. Otherwise, the proposed Second Amended Complaint is identical to the Amended Complaint in all respects and remarkably continues to allege that Liberty Mutual Group Inc. is involved in a

3

conspiracy even though it does not offer insurance products for sale and is not a broker.

As explained in the Liberty defendants' multiple motions to dismiss, the mere allegations of the existence of a conspiracy without any supporting facts is insufficient to demonstrate that a claim has been stated against the Liberty defendants. As such, the counts against the Liberty defendants are subject to dismissal pursuant to Rule 12(b)(6). Allowing a substitute representative plaintiff and permitting the filing of a Second Amended Complaint will not cure any of the deficiencies that exist in the current Amended Complaint. Consequently, the motion to amend the complaint to substitute the representative plaintiff is futile and should be denied.

III.    The Motion is Futile Because Rehab Has No Connection With the Alleged Conspiracy that is the Foundation of the Complaint.

Plaintiff's assertion in its Motion that Rehab paid "inflated premiums as a result of a widespread conspiracy among the Insurer and Broker Defendants involving undisclosed 'contingent commission' agreements" is unsupportable and renders the Motion futile. In fact, although Rehab is insured by Liberty Mutual Insurance Company, the manner in which Rehab obtained its insurance policy makes the conspiracy case against the Liberty defendants untenable.

Specifically, Rehab did not obtain its insurance through the method set forth in the Second Amended Complaint. Instead, Rehab obtained its insurance coverage through its participation in the Massachusetts Assigned Risk Pool. Affidavit of Arthur J. Eldridge ("Eldridge Aff.") at ¶5, attached hereto as Exhibit 1. To obtain

insurance through the Assigned Risk Pool, established by chapter 152 of the Massachusetts General Laws, a company must demonstrate that at least two insurance companies have refused to provide coverage. In its Application for Worker's Compensation Insurance, Rehab made such a representation. Eldridge Aff. at ¶¶3, 4. As such, its application was placed in the assigned risk pool for which insurers are assigned on an involuntary basis the risk of insuring the applicant. There is no negotiation of rates, premiums and broker commissions, since they are established by regulations. Accordingly, where the broker/insurer relationship appears to be the essence of the plaintiff's case, and the only basis for plaintiff's conspiracy claim, and since it is does not exist in this set of facts, the entire conspiracy claim must fail. Therefore, the substitution of Rehab as the plaintiff actually would make an unsupportable case even less so, as the facts involving an assigned risk insured cannot support any conspiracy claim involving any broker. Consequently, the effort to amend the complaint to substitute Rehab for Bensley is futile and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Liberty defendants request that the Court deny the Plaintiff's Motion to Substitute Representative Plaintiff and for Leave to File a Second Amend Complaint.

> Respectfully submitted,
>
> LIBERTY MUTUAL GROUP, INC.,
>
> LIBERTY MUTUAL INSURANCE COMPANY,
>
> LIBERTY MUTUAL FIRE INSURANCE COMPANY
>
> EMPLOYERS INSURANCE COMPANY OF WAUSAU and
>
> ST. JAMES INSURANCE COMPANY LTD.
>
> By their attorneys,
>
> _____
> Ralph T. Lepore, III (BBO #294420)
> James M. Tierney (BBO #644945)
> HOLLAND & KNIGHT LLP
> 10 St. James Avenue
> Boston, MA 02116
> (617) 523-2700

Dated: August 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on August 8, 2005.

_____
Ralph T. Lepore, III

# 3112947_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC, on its own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARSH & MCLENNAN COMPANIES, INC., MARSH, INC., ACE USA, ACE INA, AMERICAN INTERNATIONAL GROUP, AMERICAN RE-INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., HILB ROGAL & HOBBS, COMPANY, WILLIS GROUP HOLDINGS, LTD., WILLIS NORTH AMERICA, INC., WILLIS GROUP LTD., UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR INSURANCE SERVICES, INC.), THE CHUBB CORPORATION, USI HOLDINGS, INC., METLIFE, INC. PRUDENTIAL FINANCIAL, INC., UNUMPROVIDENT CORPORATION, THE ST. PAUL TRAVELERS COMPANIES, INC. ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU and ST. JAMES INSURANCE COMPANY LTD.,<br><br>Defendants. | Civil Action No. 05-11249-GAO |

## AFFIDAVIT OF ARTHUR J. ELDRIDGE

I, Arthur J. Eldridge, upon my oath, do state on personal knowledge as follows:

1. I am employed by Liberty Mutual Insurance Company as Accounting Manager, Involuntary Market Services.

2. In 1995, Rehab Seating Systems, Inc. sought to obtain insurance coverage through the Massachusetts Assigned Risk Pool.

3. A copy of the Application for Workers' Compensation Insurance submitted in 1995 by Rehab Seating Systems, Inc. is attached hereto as Exhibit A.

4. The Application for Workers' Compensation Insurance completed by Rehab Seating Systems, Inc. indicates that at least two insurance companies refused to provide insurance coverage.

5. In response to the Application for Workers' Compensation Insurance of Rehab Seating Systems, Inc., the Workers' Compensation Insurance Plan of Massachusetts issued a Notice of Assignment to Rehab Seating Systems, Inc. indicating that Eastern Casualty Insurance Company of Westborough, Massachusetts would provide workers' compensation insurance coverage to Rehab Seating Systems, Inc. A copy of the Notice of Assignment is attached hereto as Exhibit B.

6. In December, 1999, the insurance coverage provided to Rehab Seating Systems, Inc. by Eastern Casualty Insurance Company on behalf of the Massachusetts Workers' Compensation Assigned Risk Pool was reassigned to Liberty Mutual Insurance Company. Rehab Seating Systems, Inc. and Liberty Mutual Insurance Company were notified by a letter from Eastern Casualty Insurance Company dated December 21, 1999 and attached hereto as Exhibit C.

Signed under the penalties of perjury this 3 day of August, 2005.

_____
Arthur J. Eldridge

# 3110495_v1

...

Signed under the penalties of perjury this 3 day of August, 2005.

_____
Arthur J. Eldridge

# 3110495_v1

# EXHIBIT A

**MASSACHUSETTS
APPLICATION FOR WORKERS' COMPENSATION INSURANCE**

THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS
101 ARCH STREET—5TH FLOOR  BOSTON MA 02110
(617) 439-9030

IMPORTANT: A separate application must be completed for each legal entity. Instructions for completing this application can be found in THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS INFORMATION AND PROCEDURES HANDBOOK. This handbook is available from the Workers' Compensation Insurance Plan of Massachusetts.
Please type or print answers to all questions and send in DUPLICATE to: P.O. BOX 9005 BOSTON, MA 02205
The Undersigned employer hereby applies for workers' compensation insurance in Massachusetts and expressly represents that such insurance is sought in good faith.

## I. GENERAL INFORMATION                         EFFECTIVE 12:01 A.M. (DATE)

1. **REHAB SEATING SYSTEMS, INC.**
   NAME OF EMPLOYER (If partnership, names of partners must be given together with trade name of business. If a sole proprietor, name of sole proprietor must be given with name of business.)

2. **04-3266127**
   EMPLOYERS FEDERAL IDENTIFICATION NUMBER

3. **8 Alton Place   Suite 3   Brookline, MA   02146   (617)734-8500**
   MAILING ADDRESS  (No.)  (Street)  (City)  (State)  (Zip)  (Phone)

4. **Same**
   PRINCIPAL LOCATION (No.)  (Street)  (City)  (State)  (Zip)  (Phone)

5. **None**
   OTHER MASSACHUSETTS LOCATIONS  (No.)  (Street)  (City)  (State)  (Zip)  (Phone)

6. **Same**
   PAYROLL OFFICE ADDRESS  (No.)  (Street)  (City)  (State)  (Zip)  (Phone)

7. LEGAL STATUS:  ☐ Sole Proprietor  ☐ Partnership  ☒ Corporation  ☐ Other (explain) _____

8. Are there operations in states other than Massachusetts?  ☐ Yes  ☒ No   If yes, list states and name of insurance company.

## II. INSURANCE RECORD

1. Has there been previous workers' compensation insurance coverage in Massachusetts?  ☐ Yes  ☒ No
   If yes, notice of cancellation or non-renewal must be attached.
   Complete the following for three previous years.

| INSURANCE COMPANY | POLICY NUMBER | POLICY PERIOD | PREMIUM |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

If no, complete  ☒ New Business  ☐ Self-Insured  ☐ Other (explain) _____
If previously self-insured, provide the name of the self-insured employer or group above if different from the named insured:

2. Are you in debt to any insurance company for any unpaid premium for workers' compensation?
   ☐ Yes  ☒ No   If yes, explain: _____
3. Has there been a name change during the past five years?  ☐ Yes  ☒ No
   If yes, give previous name and date of change: _____
4. Was this an existing business purchased by the insured?  ☐ Yes  ☒ No
5. Do owners own a majority interest in any other business?  ☐ Yes  ☒ No
   If yes, give the complete legal name of the other entity(ies): _____
6. Complete Form #ERM-14-75 and forward with this application if answer to #3, 4, or 5 is yes.

## III. INSURANCE COMPANIES WHO HAVE REFUSED INSURANCE

1. List below name and representative of two insurance companies who have refused coverage in the past sixty days. The representative named must be a full-time employee of the insurance company.

| INSURANCE COMPANY | NAME OF REPRESENTATIVE |
|---|---|
| TRAVELERS INSURANCE | BOB ALEKNAS |
| UTICA MUTUAL | JOAN QUAGELOTI |

2. Have you received any offers of voluntary coverage? (Include multi-line or retrospective rating terms.)  ☐ Yes  ☒ No
   If yes, provide full details on separate sheet.

## IV. CORPORATE OFFICERS: List below name, title, duties and approximate annual salary of all officers.

| NAME | TITLE | DUTIES | APPROX. ANNUAL SALARY |
|---|---|---|---|
| Harold M. Sharff | President | marketing + sales | $10,400 |
| Edward Hofeller | Vice Pres. + Treasurer | clinical | $10,400 |

ATTACH CHECK

## V. BUSINESS OF EMPLOYER:
Completely describe all operations at this or any other location. (Do not use manual phraseology for description.)

Chair manufacturer (furniture) all mfg. is subcontracted to an independent mfg. 100% Client only performs sales + marketing

LOCATIONS, CLASSIFICATION AND PAYROLL IN MASSACHUSETTS
Calculation of Estimated Annual Premium: (Attach additional sheet as necessary)

| Describe by location the duties of employees (Include executive officers) | Class Code | Number of Employees | Total Payroll | Rate | Premium |
|---|---|---|---|---|---|
| Sales | 8742 | 1 | 10,400 | .63 | 66 |
| furniture manufacturing - wood - NOC | 2883 | 0 | 0 | | 0 |
| Clerical Office Employees NOC | 8810 | 1 | 10,400 | .30 | 31 |
| Salesperson, Collectors or Messengers—Outside | 8742 | | | | |
| Drivers, NOC | 7380 | | | | |
| Employers Liability | 100, 500, 100 | | | | |

Total Premium: 97
Experience Modification ( ) or Merit Rating ( )
Loss Constant
Standard Premium: 97
ARAP Adjustment ( )
Premium Discount ( %) of Standard Premium
Expense Constant: 160
Total Estimated Annual Premium
Mass. D.I.A. Assessment (3.2 %) of Standard Premium: 3
Total of Estimated Annual Premium and Mass. D.I.A. Assessment: 260
Deposit Premium (100 %) of Above Total: 260

*If applicable

MIN PREMIUM $373.00 for CLASS 2883 enclosed

## VI. DEPOSIT PREMIUM
1. DEPOSIT REQUIRED:

| Estimated Annual Premium | Audit basis | Minimum Deposit |
|---|---|---|
| ☒ Under $1,000 | Annual | 100% of Annual |
| ☐ At least $1,000 | Semi-Annual | 75% of Annual |
| ☐ At least $3,000 | Quarterly | 50% of Annual |
| ☐ At least $5,000 | Monthly | 25% of Annual |

2. PREMIUM PAYMENT
Enclose check for Premium Payment. Coverage will not be bound without payment of deposit premium. Enclosed is Check Number _____ made payable to THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS in the amount of $373.00. Is the premium financed? ☐ Yes ☒ No  If yes, attach the check and a signed copy of the finance agreement.

## VII. APPLICANT'S STATEMENT:
The Undersigned hereby certifies that he/she has read and understands the statement in this application. Furthermore, in consideration of the issuance of the policy of insurance, he/she also certifies that the statements in this application are true and agrees:
1. To maintain a complete record of all payroll transactions in such form as the insurance company may reasonably require and that such record will be available to the company at the designated address.
2. To comply substantially with all laws, orders, rules and regulations in force and effect made by the public authorities relating to the welfare, health and safety of employees.
3. To comply with all reasonable recommendations made by the insurance company relating to the welfare, health and safety of employees. This insurance is being afforded through THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS and not through the private market.

Rehab Seating Systems, Inc.    3/27/95    Harold M Sheriff, President
Business Name of Employer    Date    Signature and Title (Corporate Officer, General Partner or Sole Proprietor)

## VIII. AGENCY AND PRODUCER:

Agency Name: G.M. ABODEELY INSURANCE AGENCY, INC.    04-232-2691
AGENCY FEDERAL IDENTIFICATION NUMBER
Address: 370 MAIN STREET, WORCESTER, MASSACHUSETTS 01608
Street    City    State    Zip    Phone    3/27/95

# EXHIBIT B

| YER: | REHAB SEATING SYSTEMS INC<br>8 ALTON PLACE<br>SUITE 3<br>BROOKLINE MA 02146 | BUREAU FILE NUMBER | STATUS OF EMPLOYER |
|---|---|---|---|
| | | 158039R | CORPORATION |

2599

ADDITIONAL INSTRUCTIONS
POLICY ISSUED SUBJECT TO PENDING PREMIUM CHANGE ENDORSEMENT (WC200401).

THE WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT IS AVAILABLE ON POOL POLICIES. CONTACT AGENT FOR DETAILS.

COVERAGE UNDER THIS ASSIGNMENT APPLIES TO MA. OPERATIONS ONLY. FOR COVERAGE OUTSIDE OF MA., APPLY TO APPROPRIATE POOL OR PLAN.

UCER: G M ABODEELY INS AGCY INC
370 MAIN STREET
WORCESTER MA 01608

11666

INSURANCE COMPANY:
EASTERN CASUALTY INS CO
MS SALLY FISHER
1800 WEST PARK DRIVE
WESTBOROUGH MA 01581
(508) 898-2900

DENTIFICATION NUMBER: 04-232-2691

| CLASSIFICATION OF OPERATION | CLASS CODE | ESTIMATED TOTAL ANNUAL REMUNERATION | RATE | ESTIMATED PREMIUM |
|---|---|---|---|---|
| LESPERSON,COLLECTOR,MESSENGER-OUTSIDE | 8742 | 10,400 | 0.63 | $ 66 |
| RNITURE MFG-WOOD-NOC-ASSEMBL OR FINISH | 2883 | | 6.09 | |
| ERICAL OFFICE EMPLOYEES NOC | 8810 | 10,400 | 0.30 | 31 |
| SS CONSTANT | 0032 | | | 20 |
| PENSE CONSTANT | 0900 | | | 80 |
| | | | | |
| NIMUM PREMIUM COVERAGE A-2883 | | | | 373 |
| PLOYERS LIABILITY 100/100/500 | 9845 | | | |
| D PREM SUBJECT TO MASS DIA ASSESSMENT | | | | 293 |
| SS DEPT OF INDUSTRIAL ACCIDENTS | | | | |
| ASSESSMENT 3.2% OF STANDARD PREMIUM | | | | 9 |
| | | | | 373 |
| | | | TOTAL PREMIUM | $ 382 |

AUDIT BASIS   ANNUAL                REQUIRED DEPOSIT PREMIUM $ 382

COMMENTS

OVERAGE EFFECTIVE 12.01 AM ON
3/31/95 WITH ABOVE INSURANCE COMPANY.

DATE OF NOTICE 04/05/95       PREPARED BY JOANNE SHEA

Check #117 $373

REASSIGNED ___ no
L.C. NEED___ no
PREAUDIT NEEDED ___ no

THE WORKERS' COMPENSATION INSURANCE PLAN OF MASSACHUSETTS

# EXHIBIT C



December 21, 1999

Rehab Seating Systems, Inc.
8 Alton Place, Suite 3
Brookline, MA 02146

Re:   Massachusetts Workers Compensation Assigned Risk Pool
      Policy #: WCP0013298  Expiring: 03-31-00

Dear Policyholder:

For some time now we have been providing workers' compensation insurance coverage for your company on behalf of the Massachusetts Workers' Compensation Assigned Risk Pool.

The workers' compensation marketplace has undergone a number of changes over the last few years which have necessitated some changes in the designated carrier assignments for Pool participants.

Your policy has been selected for reassignment to a different designated carrier. We will not be renewing your current workers' compensation policy when it expires on **03-31-00**. Rather, **Liberty Mutual Insurance Company** has been designated by the Workers' Compensation Rating and Inspection Bureau of Massachusetts to provide your future Pool coverage, should that be necessary.

By copy of this letter, we are informing **Liberty Mutual Insurance Company** of their designation. You should expect to hear directly from them or your broker, in the very near future.

Please be assured that this process will result in continuous coverage provided that you comply with the deposit premium requirements when requested by **Liberty Mutual Insurance Company**. In the meantime, please feel free to contact your broker should you have any questions or concerns.

Sincerely,

*Kim LiPuma*
Kim LiPuma
Underwriting Supervisor

cc  Carlin Insurance Agency, Inc.
    233 West Central Street
    Natick, MA 01760

*Eastern Casualty Insurance Company*   325 Donald J. Lynch Boulevard, Marlborough, Massachusetts 01752-4729
Tel: (508) 303-1000