UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BENSLEY CONSTRUCTION, INC.<br>on its own behalf and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>MARSH & MCLENNAN COMPANIES, INC., MARSH, INC., ACE USA, ACE INA, AMERICAN INTERNATIONAL GROUP, AMERICAN REINSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., HILB ROGAL & HOBBS, COMPANY, WILLIS GROUP HOLDINGS, LTD., WILLIS NORTH AMERICA INC., WILLIS GROUP LTD., UNIVERSAL LIFE RESOURCES, UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR INSURANCE SERVICES, INC.), THE CHUBB CORPORATION, USI HOLDINGS, INC., METLIFE, INC., PRUDENTIAL FINANCIAL, INC., UNUMPROVIDENT CORPORATION, THE ST. PAUL TRAVELERS COMPANIES, INC., ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, EMPLOYERS INSURANCE COMPANY OF WAUSAU, and ST. JAMES INSURANCE COMPANY LTD.,<br><br>                              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05 11249 GAO |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COUNSEL'S MOTION TO SUBSTITUTE REPRESENTATIVE PLAINTIFF AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants Marsh & McLennan Companies, Inc., and Marsh, Inc. (collectively "Marsh"), ACE USA, ACE INA, American International Group, Inc., American Reinsurance Company, Arthur J. Gallagher & Co., Hilb Rogal & Hobbs Company, Willis Group Holdings, Ltd., Willis North America Inc., Willis Group Ltd., Universal Life Resources, Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.), USI Holdings, Inc., MetLife, Inc., Prudential Financial,

Inc., UnumProvident Corporation, The St. Paul Travelers Companies, Inc., and Zurich American Insurance Company[1] (collectively the "Responding Defendants") hereby respond to Plaintiff's Counsel's Motion to Substitute Representative Plaintiff and for Leave to File a Second Amended Complaint, filed on July 25, 2005.

At the outset, Responding Defendants submit that this Court should not consider plaintiff's motion to substitute the named plaintiff and motion for leave to file a Second Amended Complaint until after a determination on whether this case should be transferred to the Multi-District Litigation case entitled *In re Insurance Brokerage Antitrust Litigation*, MDL # 1663, Civ. No. 04-5184 (D.N.J.) ("the MDL proceedings"). This will best promote judicial efficiency and comity and avoid the possibility of inconsistent rulings with those proceedings. To this end, Responding Defendants incorporate by reference their Motion to Stay This Action Pending a Determination on Transfer by the Judicial Panel on Multi-District Litigation.

In addition, Responding Defendants incorporate by reference herein the arguments made in their Opposition to Plaintiff's Counsel's Motion for Remand, filed this same date. Responding Defendants specifically object to the amended complaint to the extent that Plaintiff's counsel is using it to attempt to improper end-run around federal jurisdiction. Responding Defendants therefore oppose the amended complaint only on the basis that the Second Amended Complaint does not relate back for jurisdiction or timing purposes to the First Amended Complaint. To the extent that Bensley must remove itself from this litigation, and Rehab Seating becomes the actual plaintiff, it is Responding Defendants' position that this substitution of parties implicates the Class Action Fairness Act, PUB. L. 109-2 ("CAFA") and compels federal

---

[1] The Complaint names as "American International Group" and not "American International Group, Inc." as a defendant, "USI Holdings, Inc." and not "USI Holdings Corporation," as a defendant, and both "ACE USA" and "ACE INA," as defendants; yet none of these entities is an insurance company, nor did any of these companies sell any insurance to the current putative class representative or to the proposed substitute class representative. In filing this stipulation, the Opposing Defendants reserve any and all rights and defenses available under Rule 12 of the Federal Rules of Civil Procedure, including but not limited to, arguments concerning ineffective service of process, personal jurisdiction, and that any defendant is not a proper party to this action.

court jurisdiction.[2] Simply put, Plaintiff's counsel should not be allowed to have their cake and eat it, too. As such, Plaintiff's Counsel's motion should either be denied, and Rehab Seating should be required to file its own new matter; or, if Rehab Seating is substituted for Bensley Construction, the Court should hold that the substitute does not relate back to the original complaint such that a new action is commenced and CAFA applies.

## I.  FACTUAL ALLEGATIONS

Plaintiff Bensley filed the original Complaint in this case on February 17, 2005, the day before the President signed CAFA into law. Bensley never served this placeholder Complaint. In an effort to defeat federal jurisdiction, Plaintiff, *inter alia*, fraudulently joined Liberty Mutual Group Inc., and its subsidiaries, referred to as "the Liberty Defendants."

On May 16, 2005, 88 days after filing the original Complaint in this case (and two days before the original Complaint would have been automatically dismissed pursuant to Mass. R. Civ. Proc. 4(j)), Plaintiff filed a First Amended Complaint. The First Amended Complaint removed certain defendants and attempted to amend the allegations to remove anything that could be construed as invoking SLUSA or ERISA, which would make this matter removable to federal court based upon federal question jurisdiction.[3]

After Marsh removed this action to federal court, and after the Liberty Defendants sought dismissal, Plaintiff's counsel filed a motion to substitute a completely new entity as "class representative." The new entity – Rehab Seating Systems, Inc. – is not alleged to be affiliated with, or in any way connected to, Bensley. Rehab Seating is also not alleged to have participated in any of the same transactions that Bensley has engaged in.

Plaintiff's counsel seeks to frame the proposed substitution of the named plaintiff in a

---

[2] Ironically, in an attempt to evade federal jurisdiction, plaintiff argues that the proposed substitution related back pursuant to the Federal Rules of Civil Procedure.

[3] As noted in Marsh's Notice of Removal, SLUSA was a basis for removing a similar complaint, filed by the same law firm, in parallel litigation in Florida.

blatant and improper attempt to defeat federal jurisdiction. The proposal to add a different Plaintiff who is alleged to have purchased insurance issued by a Liberty Defendant (albeit through the involuntary assigned risk pool not involving any of the defendant brokers) is a vain attempt to address the fraudulent joinder issues surrounding the inclusion of the Liberty Defendants in the Original and First Amended Complaints. Under the involuntary assigned risk pool program, the Commonwealth, through the Workers' Compensation Rating and Inspection Bureau ("WCRIB"), assigns insurance contracts to eligible companies, determines which insurance carrier will cover the eligible companies, and determines the price of assigned risk insurance premiums. *See* Massachusetts Workers' Compensation Assigned Risk Pool – Plan of Operation, available at https://www.wcribma.org/Mass/Residual/planOfOperation.aspx (last visited August 10, 2005). Plaintiff's counsel then submits that because of the nature of the proposed substitution, the claims relate back under Federal Rule of Civil Procedure 15 and that, as such, this action is not subject to federal jurisdiction under CAFA. This is a clear – but unavailing – attempt to circumvent both the letter and import of CAFA. Because of CAFA, Plaintiff's counsel was afraid to simply dismiss this action and re-file a new action with Rehab Seating as the new plaintiff; doing so would clearly commence a new action and would trigger removal to federal court. In light of CAFA, Plaintiff's counsel is left to argue that CAFA does not apply because the new complaint "relates back" to the original complaint.

Plaintiff's counsel is mistaken; the substitution of the new plaintiff "commences" a new case for CAFA purposes. Therefore, the Court should rule that the substitution – regardless whether it is allowed – does not relate back to the original complaint and that, for CAFA purposes, a new action has been "commenced." In short, the substitution does not allow Plaintiff's counsel to avoid federal jurisdiction.

## II. THE SUBSTITUTION OF A NEW PLAINTIFF COMMENCES A NEW ACTION PURSUANT TO CAFA

### A. Plaintiff's Counsel's Effort to Substitute Parties Does Not Relate Back to the Original Complaint Under Rule 15(c)

Plaintiff's counsel's attempt to substitute parties is not proper under Rule 15(c), which

LITDOCS/611804.1

allows for amendments to relate back to original filings under limited circumstances.

> An amendment of a pleading relates back to the date of the original pleading when
>
> . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FRCP 15(c).

The claims asserted by Rehab Seating arise out of a different set of conduct, transactions, or occurrences than those of Bensley. This fact alone dooms Plaintiff's counsel's attempts to use Rule 15(c)(3) to evade CAFA.

Further, as detailed in Opposing Defendants' Opposition to Motion to Remand at pages 23 to 25, pursuant to Rule 15(c)(3), although the First Circuit allows amended complaints substituting new plaintiffs to relate back to the original complaint in limited circumstances, "[i]n practice, [ ] relation back is far from automatic." *Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002)

To determine if the substitution of a plaintiff "relates back" to the original pleading, the court applies a four part test:

> [**1**] [T]he amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; [**2**] there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and [**3**] their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and [**4**] undue prejudice must be absent.

*Id*. at 14 (*citing Allied Int'l*, 814 F.2d at 35-36) (numeration added).

As explained in the Opposition to Remand, Plaintiff's counsel's efforts to substitute fails to meet each required prong. Plaintiff's counsel does not allege that Bensley's and Rehab

Seating's transactions are in any way related: there was no broker involved in Rehab Seating's purchase of insurance from Liberty Mutual through the involuntary assigned risk pool, and the insurer, Liberty Mutual, as established in Plaintiff's pleadings, had no nexus to the initial plaintiff, Bensley. Thus, the Second Amended Complaint does not relate back to the transactions outlined in the First Amended Complaint. Further, there is no corporate connection between Bensley and Rehab Seating. Indeed, the only connection between the two parties is the presence of the same lawyers for each. Additionally, there is undue prejudice to the Opposing Defendants, who would be able to remove this matter as a new, post-CAFA case, has Rehab Seating commenced its own action (as it should have done). Rehab Seating, on the other hand, would suffer no prejudice if this matter were removed – its claims (if any) are already being asserted upon its behalf in the MDL matter, or it can individually opt out of any class that might be certified in the MDL proceedings.

Relation-back principles are intended to "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (*quoting* Fed. R. Civ. P. 15 Advisory Committee Note (1991)). Indeed, as the Supreme Court has recognized, bad faith or dilatory motive negates a claim for relation back. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The substitution here is not an "inconsequential" pleading error. As set forth in Responding Defendants' Opposition to Remand, Plaintiff's counsel's attempts to use their pleadings in a manipulative fashion designed to evade federal jurisdiction implicate the precise type of conduct condemned by Congress in the passage of CAFA.

The district court cases Plaintiff cites are inapposite, because none of them dealt with questions of federal jurisdiction, but rather with individual issues related to class maintenance. In *Griffith v. Bowen*, 678 F. Supp. 942 (D. Mass. 1988), the lone Massachusetts decision, the court addressed whether the mootness of plaintiff's claim would prejudice the claims of the absent putative class members for statute of limitations purposes. *Id*. at 947. Likewise, in

*Carson v. Merrill Lynch*, , and *Engers v. AT&T Corp.*, , unpublished decisions outside this jurisdiction, the courts dealt with questions related to the statute of limitation, a question not at issue here.[4]  *Carson v. Merrill Lynch*, No. 97-5147, 1998 U.S. Dist. Lexis 6903 (D. Ark. March 30, 1998); *Engers v. AT&T Corp.*, No. 98-3660 (NHP), 2000 U.S. Dist. LEXIS 10937 (D.N.J. June 29, 2000).  And in *Clark v. California*, another unpublished case, a California court discussed the issue of new plaintiffs added to the case *in addition* to the original plaintiff.  *Clark v. California*, No. C96-1486 FMS, 1998 U.S. Dist. Lexis 6770 (N.D. Cal. May 11, 1998). Similarly, *United States ex rel. Koch v Koch Indus., Inc.*, 188 F.R.D. 617 (N.D. Okla. 1999), dealt with the substitution of one party for the real party in interest, of which Rehab Seating clearly is not nor claims to be.  Finally, *Renya v. Flashtax, Inc.*, 162 F.R.D. 530 (S.D. Tex. 1995), merely allowed for the substitution after the original complaint misnamed the plaintiff.  In any event, none of these cases is binding upon this court, while the First Circuit's opinion in *Young* certainly is, and *Young* forecloses Plaintiff's counsel's attempted end-run around federal jurisdiction.

### B. Plaintiff's Attempt to Substitute Parties Commences a New Case Under CAFA

Contrary to Plaintiff's position, substitution of a new plaintiff does commence a new case under CAFA and provides this Court with an independent basis for jurisdiction.

By enacting CAFA, Congress's "overall intent" is to "strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."  *Id*. at 34. Importantly, Congress noted that "[i]f a purported class action is removed pursuant to [CAFA], **the named plaintiff(s) should bear the burden of demonstrating that the removal was**

---

[4] To the extent that Plaintiff Counsel is afraid its own gamesmanship may have affected the statute of limitations for putative class members, the filing of the *Bensley* class action may toll the limitations period for putative class members also included in the *Rehab Seating* complaint.  *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *Crown Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983).

**improvident**." *Id*. at 40 (emphasis added).[5]

Federal courts of appeal have recognized that CAFA can apply whenever there is this type of a change in party or request for relief. In *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805, __ (7th Cir. June 7, 2005) (pagination unavailable) the Seventh Circuit noted that whenever an amended complaint "is sufficiently independent of the original contentions[,] it must be treated as fresh litigation," and removal is proper under CAFA. *Cf. also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (even if case not removable originally, defendant may remove after receiving an amended complaint rendering case removable). More recently, in *Schorsch v. Hewlett-Packard Co.*, No. 05-8017, 2005 WL 1863412 (7th Cir. Aug. 8, 2005), the Seventh Circuit addressed a similar question. *In Schorsch*, plaintiff filed suit in 2003 in Illinois state court. *Id*. at *1. In May 2005, however, plaintiffs amended the complaint to alter the class definition. *Id*. After defendants removed the action under CAFA, the Seventh Circuit held that "[t]he proposed amendment certainly **does not add parties** to the suit: there were and are only two, Schorsch and HP. Class members are represented vicariously but are not litigants themselves." *Id*. (*citing Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), and *Devlin v. Scardelletti*, 536 U.S. 1 (2001)). While the *Schorsch* court ultimately remanded the case, it did so because the alteration of the class definition did not "add new parties." However, in the instant case, Plaintiff has not attempted merely to amend the class definition for persons "vicariously" represented. Rather, Plaintiff has sought to "add parties to the suit," behavior both *Knudsen* and *Schorsch* noted triggers federal jurisdiction under CAFA.

---

[5] *See also Natale v. Pfizer*, Nos. CIV.A.05-10590-WGY, CIV.A.05-10591-WGY, 2005 WL 1793451, at *5 (D. Mass. July 28, 2005) ("Under the Act, **the burden of removal is on the party opposing removal** to prove that remand is appropriate.") (emphasis added); *In re Textainer P'ship Sec. Litig.*, No. C 05-0969 MMC, 2005 WL 1791559, at *3 (N.D. Cal. July 27, 2005) (quoting Congressman Sensenbrenner, at 151 Cong. Rec. H723-01, H-727 (2005): "[I]f a Federal court is uncertain . . . the court should err in favor of exercising jurisdiction over the case."); *Waitt v. Merck & Co., Inc.,* No. C05-0759L, 2005 WL 1799740, at *2 (W.D. Wash. July 27, 2005) ("The Court holds that Merck's reading of CAFA is the correct one and that it is plaintiff's responsibility to demonstrate that removal from state court was improvident.").

Additionally, in *Adams v. Federal Mataterials Company, Inc.*, plaintiff amended the class action complaint after CAFA was enacted, adding a new defendant. 2005 U.S. Dist. LEXIS 15324, *6 (W.D. Ky. July 28, 2005). Defendants sought removal within thirty-days of the newly amended complaint. *Id*. The Court denied the subsequent motion to remand on the basis of *Knudsen*, holding that, because the amended complaint added a wholly new defendant, CAFA was implicated. *Id*. at *13-14. The same principle applies here. The amendment sought, naming a new and unrelated Plaintiff, implicates CAFA and would, if allowed, provide an independent basis for this Court's maintenance of jurisdiction in this action.

### III.  PLAINTIFF'S POST-REMOVAL AMENDMENT DOES NOT CURE THE FRAUDULENT JOINDER OF THE LIBERTY DEFENDANTS

In addition, Plaintiff's post-removal amendment does not affect the fraudulent joinder analysis. As explained in Defendants' Opposition to Plaintiffs' Motion to Remand, "[a]n amendment to a complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction." *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990). In particular, "[t]he propriety of removal where fraudulent joinder is alleged is determined by reference to the pleading filed by the plaintiff in state court, and not on the basis of any amended pleadings which plaintiff might attempt to file in the federal forum. Thus, here, plaintiff would not be permitted to amend [its] complaint in an effort to state a claim against [the fraudulently joined defendant] as a device for securing remand." *Moore v. Interstate Fire Ins. Co*, 717 F. Supp. 1193, 1198 (S.D. Miss. 1989).

## IV. CONCLUSION.

For the foregoing reasons, the undersigned Defendants ask that this Court deny Plaintiff's counsel's Motion to Substitute Representative Plaintiff and for Leave to File a Second Amended Complaint to the extent that Plaintiff's counsel's motion seeks to relate back to the original filing and avoid federal jurisdiction under CAFA.

Dated: August 15, 2005

Marsh & McLennan Companies, Inc., and Marsh Inc., on their own behalf and on behalf of and with the consent of ACE USA; ACE INA; Zurich American Insurance Company; American International Group, Inc.; American Re-Insurance Company; Arthur J. Gallagher & Co.; Hilb Rogal & Hobbs, Company; Willis Group Holdings, Ltd.; Willis North America Inc.; Willis Group Ltd.; Universal Life Resources; Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.); USI Holdings Corp.; MetLife, Inc.; Prudential Financial, Inc.; UnumProvident Corporation; The St. Paul Travelers Companies, Inc.,

/s/ Josh Vitullo
Daniel S. Savrin BBO #555434
Joshua Vitullo BBO #654310
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8000

Of Counsel:
Mitchell J. Auslander, Esq.
John R. Oller, Esq.
Christopher J. St. Jeanos, Esq.
Kristin Branson, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-6099
212 728-8000

Philip T. Newbury BBO #370070
Mark J. Claflin BBO #657175
Howd & Ludorf, LLC
65 Wethersfield Ave.

Hartford, CT 06114
860-249-1361
*Attorneys for Defendants*
*ACE USA and ACE INA*

H. Lee Godfrey, Esq.
Neal S. Manne, Esq.
Johnny W. Carter, Esq.
Jeffrey R. Seely, Esq.
Susman Godfrey LLP
1000 Louisiana St., Ste. 5100
Houston, TX 77002
713-651-9366
*Of Counsel for Defendants*
*ACE USA and ACE INA*

Bruce W. Edmands, BBO #151360
Eckert Seamans Cherin & Mellott, LLC
One International Place
Boston, MA 02110
617-342-6886
*Attorneys for Defendant*
*Zurich American Insurance Company*

Brien T. O'Connor, BBO #546767
Timothy J. Casey, BBO #650913
Ropes & Gray LLP
One International Place
Boston, MA  02110
617-951-7000
*Attorneys for Defendant*
*American International Group, Inc.*

Kenneth A. Gallo, Esq.
Daniel J. Leffell, Esq.
Paul, Weiss, Rifkind, Wharton &
    Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
*Attorneys for Defendant*
*American International Group, Inc.*

Paula M. Bagger, BBO # 547703
Cooke Clancy & Gruenthal LLP
265 Franklin Street
Boston, MA  02110
(617) 428-6800

- 11 -

*Attorneys for Defendant*
*American Re-Insurance Company*

John F. Collins, Esq.
Molly Lehr, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY  10019
212-259-8000
*Of Counsel for Defendant*
*American Re-Insurance Company*

Edwin M. Larkin, Esq.
Lina M. Viviano, Esq.
200 Park Avenue
New York, NY  10166-4193
212-294-6700
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Terry M. Grimm, Esq.
Stephen C. Schulte, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601312-558-5890
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Juliane Balliro, BBO #028010
Wolf, Block, Schorr and Solis-Cohen LLP
One Beacon Street, 41st Floor
Boston, MA 02108-3106
617-226-4000
*Attorneys for Defendant*
*Hilb Rogal & Hobbs, Company*

James V. Masella III, BBO #562882
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
212-558-4000
*Attorneys for Defendant Willis Group Holdings, Ltd., Willis North America Inc., and Willis Group Ltd.*

Richard C. Pepperman II, Esq.
Anastasia A. Angelova, Esq.
Sullivan & Cromwell LLP

- 12 -

125 Broad Street
New York, NY  10004-2498
212-558-4000
*Of Counsel for Defendant Willis Group Holdings, Ltd., Willis North America Inc., and Willis Group Ltd.*

David Gabianelli, Esq.
Ray L. Wong, Esq.
Ned M. Gelhaar, Esq.
Hancock Rothert and Bunshoft LLP
Four Embarcadero Center, Ste. 300
San Francisco, CA  94111
415-981-5550
*Of Counsel for Defendants Universal Life and Resources, Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.)*

Ian Crawford BBO #544475
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA  02109
617-720-2626
*Attorneys for Defendant USI Holdings Corp.*

Robert H. Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY  10022-2524
212-872-1000
*Of Counsel for Defendant
USI Holdings Corp.*

Daniel B. Winslow, BBO #541972
Patricia R. Rich, BBO #640578
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617-289-9200
*Attorneys for Defendant MetLife, Inc.*

James W. Carbin
Eric Breslin
Duane Morris LLP
744 Broad St.
Newark, NJ 07102
973-424-2000
*Of Counsel for Defendant MetLife, Inc.*

Barry Y. Weiner BBO #519700
Maureen Mulligan BBO #556482
Ruberto, Israel & Weiner
100 North Washington Street
Boston, MA 02114
617-742-4200
*Attorneys for Defendant*
*Prudential Financial, Inc.*

John R. Middleton, Jr., Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068
973-597-2582
*Of Counsel for Defendant*
*Prudential Financial, Inc.*

Joseph Hamilton, BBO #546394
Mirick, O'Connell, DeMallie &
   Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
*Attorneys for Defendant*
*UnumProvident Corporation*

Deborah E. Hryb, Esq.
Patrick W. Shea, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Blvd., 9th Floor
Stamford, CT  06901
203-961-7400
*Of Counsel for Defendant*
*UnumProvident Corporation*

 Paul C. Curnin
Michael J. Garvey, Esq.
David H. LaRocca, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
212-455-2377
*Of Counsel for Defendant The St. Paul Travelers*
*Companies, Inc.*

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following by hand-delivery and/or first-class mail on August 15, 2005:

| | |
|---|---|
| Bensley Construction Inc. | Kenneth G. Gilman<br>Douglas J. Hoffman<br>Gilman and Pastor, LLP<br>60 State Street, 37th Floor<br>Boston, MA  02109 |
| The Chubb Corporation | John A.D. Gilmore<br>DLA Piper Rudnick Gray Cary<br>One International Place, 21st Fl.<br>Boston, MA  02110-2600<br><br>Laura Besvinick, Esq.<br>Hogan & Hartson LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131 |
| Liberty Mutual Group Inc.<br>Liberty Mutual Insur. Company<br>Liberty Mutual Fire Insur. Company<br>Employers Insur. Co. Of Wausau<br>St. James Insurance Company Ltd. | Ralph T. LePore, III, Esq.<br>James M. Tierney, Esq.<br>Holland & Knight LLP<br>10 St. James Avenue<br>Boston, MA  02116 |

/s/ Josh Vitullo
Joshua Vitullo