# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT
CIVIL ACTION
NO. 05-0066-A

VAN EMDEN MANAGEMENT CORPORATION,
Plaintiff

## vs.

MARSH & MCLENNAN COMPANIES, ET AL,
Defendants

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR STAY OF PROCEEDING PENDING FEDERAL MULTI-DISTRICT LITIGATION

After hearing in which counsel for all parties were present, the Defendants' motion is ALLOWED.

*Pertinent Background*

The Plaintiff Van Emden Management Corporation ("Plaintiff" or "Van Emden") is a property manager for several commercial and residential properties in Massachusetts. In January 2005 it brought this action against the Defendant Marsh & McClennan Companies, Inc. and Marsh, Inc. (collectively, "Marsh") and six insurance companies (collectively, the "Insurance Company Defendants"). Van Emden did so on its own behalf and on behalf of two classes of similarly situated plaintiffs. The first class Van Emden seeks to be certified is pursuant to G.L. c. 93A, § 11 (the "93A Subclass"). The other class is pursuant to Mass. R. Civ. P. 23 (the "Non-93A subclass").

The factual allegations rest on purported intersecting schemes by Marsh (described as the largest commercial insurance brokerage house in the world)

and the Insurance Company Defendants.  In the first of the alleged schemes Marsh is said to have taken kickbacks in the form of "contingent commissions" from the Insurance Company Defendants for placing commercial insurance business with Marsh's customers (one of which was the Plaintiff).  The second scheme is described as a bid-rigging swindle whereby Marsh solicited and obtained fictitious high quotes from insurance companies to protect favored insurance companies, including the Insurance Company Defendants.

The complaint sounds in breach of fiduciary duty against Marsh, violation of the Massachusetts antitrust statute, G.L. c. 93 § 4 (all defendants), G.L. c. 93A, § 11 [predicated on violations of G.L. c. 176D, § 3(8)] (the Insurance Company Defendants), G.L. c. 93A, § 11 [predicated on alleged unfair competition and unfair and deceptive acts] (all defendants), civil conspiracy (all defendants) and injunctive relief (all defendants).

The Plaintiff filed the instant complaint in January 2005.  However, as early as August 2004 a class action complaint involving substantially identical allegations of fact was filed against Marsh in the federal court in the Southern District of New York.  Before the present action was filed, eight additional class actions were filed against Marsh in various federal courts.  By March 2005 nine other federal class complaints were entered against Marsh and various insurance company defendants, which were alleged (as the Insurance Company Defendants here are) to have conspired with Marsh in the perpetrating the schemes noted above.  As of the date of the hearing in this matter, all but one of

the Insurance Company Defendants had been named as a defendant in one or the other of the other pending federal class actions.

All the above litigation arose from disclosures emanating from an investigation by the office of the Attorney General of the State of New York, Eliot Spitzer ("Spitzer"). And in October 2004 Spitzer filed a civil fraud complaint against Marsh in the New York courts resting on the "contingent commission" and "bid-rigging" allegations underlying the Van Emden complaint. On January 30, 2005 Spitzer announced a settlement with Marsh wherein an $850 million settlement fund was set up for payment to the victims of Marsh's alleged schemes (the "New York Settlement"). The deadline for the filing of claims in the New York Settlement is September 20, 2005.

Meanwhile, in the wake of the filing of the various federal class action complaints, the Federal Judicial Panel on Multi-District Litigation ordered that pending and future class actions alleging the Marsh schemes be consolidated in the District of New Jersey before U.S. District Judge Faith Hochberg (the "MDL Litigation")[1]. Since her designation as the MDL judge, Judge Hochberg has issued orders that, *inter alia*, designated lead counsel, approved the formation and constitution of a plaintiffs executive committee and established discovery and briefing schedules. Pursuant to the latter, close of discovery in the MDL Litigation is set for August 31, 2006.

---

[1] *In Re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, Civil Action No. 04-5185 (FSH) (USDC D.N.J.).

*Merits of the Issue Before the Court*

The Defendants have moved to stay the present action. They urge that in light of the MDL Litigation (and to a lesser extent, the New York Settlement) considerations of judicial economy compel it. The Plaintiff agrees that reasons of judicial economy should guide the Court's decision, but the Plaintiff submits that the unique aspects of 93A relief, both from a substantive law perspective and procedurally for class certification, make the Massachusetts state court forum the most appropriate one for the resolution of the issues raised in its complaint. (The Plaintiff also cites the state interest in having Massachusetts courts interpret G.L. c. 176D's application to the facts of the alleged scheme as a compelling reason to permit the litigation to go forward here.)

The decision whether to grant a stay in these circumstances requires a judgment that balances the judicial interest in the efficient disposition of cases, principles of comity and the substantive interests underlying the causes of action in the proceeding being sought to be stayed. *Danvers* v. *Wexler Const. Co., Inc.*, 12 Mass. App. Ct. 160, 164 (1981), citing *Landis* v. *North American Co.*, 299 U.S. 248, 254-255 (1936). How the efficient disposition of cases "can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis* v. *North American Co.*, 299 U.S. 248, 254-255 (1936). See also *Travenol Laboratories, Inc.* v. *Zotal, Ltd.*, 394 Mass. 95, 97 (1985); *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15, 20 (1917) (two concurrent suits brought respectively in a District Court of the United States and

in a court of equity of the Commonwealth against the same defendant and for the same cause of action).

On the facts before the Court, the balance appears strongly weighted toward an order to stay. In the Court's judgment, to permit the litigation here to go forward would disserve the public interest in fair and efficient case management and would compromise principles of comity.

The most significant factor, in the Court's estimation, is the nature and status of the MDL Litigation in the federal court in New Jersey. The MDL Litigation represents a *national* forum for the disposition of the grave allegations against Marsh and (at this point, all but one of) the Insurance Company Defendants.

The factual allegations in the Van Emden complaint are identical in substance to the federal class actions that have been consolidated before Judge Hochberg. (Without disagreement by Plaintiff's counsel, it was asserted by the defendants at the hearing on the present motion that the schemes at issue were all hatched and thereafter overseen by Marsh's senior corporate management, who were physically located at Marsh's headquarters in New York City.) Moreover, the theories of relief advanced, whether under federal (civil RICO) or state (unfair and deceptive practices) claims, are in essence similar to the c. 93A, § 11 relief sought by Van Emden.[2]

---

[2]    In evaluating whether a practice is unfair in a G.L. c. 93A, §11 claim, a court assesses "(1) whether the practice...is at least within the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; [and] (3) whether [the conduct] caused substantial injury...." *PMP Associates, Inc.* v. *Globe Newspaper Co.*, 366 Mass. 593, 596 (1975). "[The statute] 'ties liability for multiple damages to the degree of the defendant's culpability by creating two classes of defendants.'

The Court is mindful that the SJC has emphasized the strong state interest in ensuring that 93A's expansive class certification standard be respected in practice. 93A "was designed to meet a pressing need for an effective private remedy for consumers, and … traditional technicalities are not to be read into the statute in such a way as to impede the accomplishment of substantial justice". *Aspinall* v. *Philip Morris Co., Inc.*, 422 Mass. 381, 392 (2004).

However, here there appears to be no such risk. As noted above, procedural orders have entered in the MDL Litigation that clearly demonstrate that the MDL Litigation is being diligently managed by the presiding federal judge. Thus, this is not a situation where substantial Massachusetts-based interests would be held in limbo in deference to a stalled proceeding in another forum. Moreover, the effective enforcement of rights arising under G.L. c. 93A is a routine occurrence in the exercise of the federal courts' diversity jurisdiction. See, e.g., *Cambridge Plating Co., Inc.* v. *Napco, Inc.*, 85 F.3d 752, 769 (1st Cir.1996). And there is no bar, of course, to 93A claims being pressed in the MDL Litigation (as the Court understands they already are).

---

Those defendants who have committed 'relatively innocent violations' of the statute are not liable for multiple damages, while a second class of defendants who have committed 'willful or knowing' violations are." *DataComm Interface* v. *ComputerWorld, Inc., et al*, 396 Mass. 760, 779 (1986). A "willful or knowing" violation is one where either the defendant affirmatively knew that a material representation was false or that the defendant made the representation with reckless disregard of its truth or falsity. See *Shaw* v. *Rodman Ford Truck Center, Inc.*, 19 Mass. App. Ct. 709, 711-12 (1985). See also *Anthony's Pier Four, Inc.*, v. *HBC Associates, et al*, 411 Mass. 451, 475 (1991). The Van Emden complaint and the various complaints comprising the MDL Litigation allege exactly this type of egregious conduct. As to the allegations in the MDL cases, see Commercial Insurance Plaintiffs' RICO Statement Pursuant to Local Rule 16.1(B)(4) (appearing as Exhibit 2 to the Affidavit of Daniel Savrin, dated September 8, 2005).

Furthermore, if the Court were to deny the stay, inconsistent rulings on issues of discovery, class certification and other substantive matters would be likely. That circumstance would disrupt the orderly disposition of the national litigation and generate substantial economic costs for all the parties involved.

By way of illustration, at the motion hearing in this matter, counsel informed the Court that the document inventory and index in the MDL Litigation already contain over a million documents. If discovery orders at odds with each other were to issue from multiple courts under such circumstances, acute (and unnecessary) hardship to the parties would be caused. Further, the fact of such conflicting orders would (also unnecessarily) burden the courts then exercising concurrent jurisdiction as such conflicts would fuel additional motion practice before those courts.

In a matter like this that involves substantial commercial interests, the Court looks, as well, for guidance from decisions of the Business Litigation Session of the Superior Court. No decision precisely paralleling the case before the Court was found, but in an analogous setting that arose under Mass. R. Civ. P. 12(b)(9), Judge van Gestel addressed a situation of competing federal and state actions in a manner instructive to the resolution of the issues here. *Seidman* v. *Central Bancorp, Inc.,* 2003 WL 369678 (Mass.Superior) (February 3, 2003).

In that case, despite the circumstance that the express terms of Rule 12(b)(9) did not apply because the cases at issue were not all state cases, the *Seidman* court noted that "[t]his is a classic situation for which Mass. R. Civ. P.

12(b)(9) was adopted". This was because "aside from perhaps inconsequential issues about some additional claims and parties in each case, the thrust of all three actions is essentially identical." *Id.*

Judge van Gestel ordered the state action stayed because to do otherwise, he ruled, would "set up the potential for differing declarations by two separate judges, after duplicate hearings or trials, on identical issues of facts and law....[T]here certainly is no reason to proceed further with [the state] actions until there is some indication—which there is absolutely none now—that the matters are not moving forward in the Federal Court." *Id.* The facts before the Court here compel a similar result.

In this time of increasingly rapid communication and flow of information and goods and services across state borders, it is to be anticipated that litigation will increasingly arise in multiple forums. Under such circumstances, it is especially important that the scarce judicial resources of the Commonwealth be applied in a manner that maximizes the protection and validation of substantively significant interests. Those interests are best served by staying further action on the Van Emden complaint.

### ORDER

The present matter is stayed pending disposition of *In Re Insurance Brokerage Antitrust Litigation*, MDL No. 1663, Civil Action No. 04-5185 (FSH) (USDC D.N.J.) or until further order of this Court.

D. Lloyd Macdonald
**Justice of the Superior Court**

September 19, 2005

# Linda S. Frank
## Clerk of the Circuit Court

| Case LookUp | | LOGOFF |

## CIVIL CASE LOOKUP FOR CASE #05CH00032

**Respondant**

MARSH & MCLENNA PANIES, INC
   00000

**Petitioner**

CHRISTIE CLINIC

   00000

**Information:**

```
            File Date: 02/11/05
           Court Room: C
      Next Appearance: 07/28/05  11:00
           Jury Trial: NO

            PLAINTIFF: CHRISTIE CLINIC
            DEFENDANT: MARSH & MCLENNA  PANIES, INC
        PL. ATTORNEY: J W PHEBUS
            DEFENDANT: MARSH INC
            DEFENDANT: ARTHUR J GALLAG  CO
            DEFENDANT: GALLAGHER HEALT  INSURANCE SERV C
```

### FEES & FINES INFORMATION          as of 09/01/2005 10:01:10 PM

| ORDERED | DESCRIPTION | PAID | BALANCE |
|---|---|---|---|
| 160.00 | CLERK | 160.00 | .00 |
| 10.00 | LIBRARY | 10.00 | .00 |
| 5.00 | AUTOMATION FEE | 5.00 | .00 |
| 5.00 | DOCUMENT STORAGE FEE | 5.00 | .00 |
| 5.00 | COURT FINANCE FEE | 5.00 | .00 |
| 25.00 | COURT SECURITY FEE | 25.00 | .00 |
| 8.50 | MISCELLANEOUS | 8.50 | .00 |
| 60.00 | FOREIGN SERVICE | .00 | 60.00 |
| .00 | SHERIFF | .00 | .00 |
| .00 | SHERIFF | .00 | .00 |
| 60.00 | CLERK | 60.00 | .00 |
| 10.00 | LIBRARY | 10.00 | .00 |
| 5.00 | AUTOMATION FEE | 5.00 | .00 |
| 5.00 | DOCUMENT STORAGE FEE | 5.00 | .00 |
| 25.00 | COURT SECURITY FEE | 25.00 | .00 |
| 5.00 | COURT FINANCE FEE | 5.00 | .00 |
| 9.00 | MISCELLANEOUS | 9.00 | .00 |
| 60.00 | CLERK | 60.00 | .00 |
| 10.00 | LIBRARY | 10.00 | .00 |
| 5.00 | AUTOMATION FEE | 5.00 | .00 |
| 5.00 | DOCUMENT STORAGE FEE | 5.00 | .00 |
| 25.00 | COURT SECURITY FEE | 25.00 | .00 |
| 5.00 | COURT FINANCE FEE | 5.00 | .00 |
| 2.00 | MISCELLANEOUS | 2.00 | .00 |

## RECEIPT HISTORY INFORMATION                as of 09/01/2005 10:01:10 PM

| RECEIPT # | DESCRIPTION | AMOUNT | DATE PAID |
|-----------|-------------|--------|-----------|
| 905650 | CLERK | 160.00 | 2/16/05 |
| 905650 | AUTOMATION FEE | 5.00 | 2/16/05 |
| 905650 | DOCUMENT STORAGE FEE | 5.00 | 2/16/05 |
| 905650 | COURT FINANCE FEE | 5.00 | 2/16/05 |
| 905650 | LIBRARY | 10.00 | 2/16/05 |
| 905650 | COURT SECURITY FEE | 25.00 | 2/16/05 |
| 817786 | MISCELLANEOUS | 8.50 | 3/01/05 |
| 167172 | CLERK | 60.00 | 4/14/05 |
| 167172 | LIBRARY | 10.00 | 4/14/05 |
| 167172 | AUTOMATION FEE | 5.00 | 4/14/05 |
| 167172 | DOCUMENT STORAGE FEE | 5.00 | 4/14/05 |
| 167172 | COURT SECURITY FEE | 25.00 | 4/14/05 |
| 167172 | COURT FINANCE FEE | 5.00 | 4/14/05 |
| 167326 | MISCELLANEOUS | 9.00 | 4/22/05 |
| 224796 | CLERK | 60.00 | 5/06/05 |
| 224796 | LIBRARY | 10.00 | 5/06/05 |
| 224796 | AUTOMATION FEE | 5.00 | 5/06/05 |
| 224796 | DOCUMENT STORAGE FEE | 5.00 | 5/06/05 |
| 224796 | COURT SECURITY FEE | 25.00 | 5/06/05 |
| 224796 | COURT FINANCE FEE | 5.00 | 5/06/05 |
| 915441 | MISCELLANEOUS | 2.00 | 6/16/05 |

## CHARGES INFORMATION                as of 09/01/2005 10:01:14 PM

```
Count Description
   C  CHANCERY
```

## DOCKET INFORMATION                as of 09/01/2005 10:01:14 PM

| | | |
|---|---|---|
| 02-11-05 | CIVIL | Complaint on File by Petitioner by Attorneys |
| | CIVIL | Phebus & Koester. |
| 04-14-05 | CIVIL / CD | Appearance on file by Defendants Marsh & McLennan |
| | CIVIL / CD | Companies,Inc. and Marsh,Inc. by attorney,Nathan |
| | CIVIL / CD | R. Mathews. |
| 04-19-05 | CIVIL / CD | Answer and Affirmative Defenses to Complaint on |
| | CIVIL / CD | file by Defendants,Marsh McLennan Companies,Inc. |
| | CIVIL / CD | and Marsh,Inc. by attorneys,Quarles & Brady LLP. |
| 04-27-05 | CIVIL / CD | Plaintiff's Response to Affirmative Defenses of |
| | CIVIL / CD | Defendants Marsh Mclennan Companies,Inc.,and |
| | CIVIL / CD | Marsh,Inc. on file by Plaintiff,by attorneys, |
| | CIVIL / CD | Phebus & Koester. |
| 05-06-05 | CIVIL / CD | Entry of Appearance on file by Terry M. Grimm, |
| | CIVIL / CD | Stephen C. Schulte,Nicole E. Wrigley,and Kendric |
| | CIVIL / CD | M. Cobb attorneys,for Defendants Arthur J. |
| | CIVIL / CD | Gallagher & Co. and Gallagher Healthcare Insurance |
| | CIVIL / CD | Services,Inc. |
| | CIVIL / CD | Entry of Appearance on file by Edward H. Rawles |
| | CIVIL / CD | attorney for Defendants,Arthur J. Gallagher & Co. |
| | CIVIL / CD | and Gallagher Healthcare Insurance Services,Inc. |
| | CIVIL / CD | Defendants Gallagher Healthcare Insurance |

```
              CIVIL / CD   Services,Inc. and Arthur J. Gallagher & Co.'s
              CIVIL / CD   Motion to Dismiss and Strike Plaintiff's Complaint
              CIVIL / CD   on file by Defendants,Gallagher Healthcare
              CIVIL / CD   Insurance Service,Inc. and Arthur J. Gallagher
              CIVIL / CD   & Co.,by attorney,Edward H. Rawles.
              CIVIL / CD   Memorandum in Support of Defendants Gallagher
              CIVIL / CD   HealthCare Insurance Services,Inc. and Arthur
              CIVIL / CD   J. Gallagher & Co's Motion to Dismiss and Strike
              CIVIL / CD   on file by Defendants,Gallagher Healthcare
              CIVIL / CD   Services,Inc. and Arthur J. Gallagher & Co. by
              CIVIL / CD   attorney,Edward H. Rawles.
05-12-05      HNL/LSO      The Motion of the defendants Gallagher and
              HNL/LSO      Company and Gallagher Healthcare to Dismiss is set
              HNL/LSO      to be heard July 28, 2005 at 11:00 a.m. in
              HNL/LSO      Courtroom C.  The plaintiff is to file any
              HNL/LSO      materials in opposition to the motion, including a
              HNL/LSO      memorandum of law, and deliver a copy to the Court
              HNL/LSO      at it's chambers, no later than June 17, 2005.
              HNL/LSO      The defendants are to file any reply and deliver a
              HNL/LSO      copy to the Court at it's chambers, no later than
              HNL/LSO      July 15, 2005.
              HNL/LSO      A failure to comply with the foregoing order by
              HNL/LSO      the movant will result in the Court's treating
              HNL/LSO      the motion as withdrawn.  A failure to comply with
              HNL/LSO      foregoing order by the party against whom the
              HNL/LSO      motion is directed will result in the Court's
              HNL/LSO      granting the motion as confessed.
              HNL/LSO      Counsel notified by letter.
05-19-05      CIVIL / JK   MOTION TO CONSOLIDATE PURSUANT TO 735 ILCS
              CIVIL / JK   5/2-1006, on file by Plaintiff, by Attorneys,
              CIVIL / JK   Phebus and Koester.
05-27-05      CIVIL / CD   The Marsh Defendants' Motion to Dismiss or Stay
              CIVIL / CD   Action and The Marsh Defendants' Motion to Stay
              CIVIL / CD   Discovery Pending the Court's Ruling on their
              CIVIL / CD   Motion to Dismiss or Stay Action and The Marsh
              CIVIL / CD   Defendants' Memorandum of Law in Support of Their
              CIVIL / CD   Motion to Dismiss or Stay and Affidavit of
              CIVIL / CD   Nathan R. Mathews on file by Defendants,Marsh &
              CIVIL / CD   McLennan Companies,Inc. by attorneys,Quarles &
              CIVIL / CD   Brady LLP.
06-02-05      HNL/LSO      The Motion of the defendants Marsh's to Dismiss
              HNL/LSO      or Stay Action and to Stay Discovery pending the
              HNL/LSO      Court's Ruling on Motion to Dismiss is set to be
              HNL/LSO      heard July 28, 2005 at 11:00 a.m. in Courtroom C.
              HNL/LSO      The plaintiff is to file any materials in
              HNL/LSO      opposition to the motion, including a memorandum
              HNL/LSO      of law, and deliver a copy to the Court at it's
              HNL/LSO      chambers, no later than June 27, 2005.  The
              HNL/LSO      defendants are to file any reply and deliver a
              HNL/LSO      copy to the Court at it's chambers, no later than
              HNL/LSO      July 15, 2005.
              HNL/LSO      The plaintiff's Motion to Consolidate will be set
              HNL/LSO      for hearing, depending on the Court's ruling on
              HNL/LSO      pending Motions to Dismiss.
              HNL/LSO      A failure to comply with the foregoing order by
              HNL/LSO      the movant will result in the Court's treating
              HNL/LSO      the motion as withdrawn.  A failure to comply with
              HNL/LSO      foregoing order by the party against whom the
              HNL/LSO      motion is directed will result in the Court's
```

```
              HNL/LSO    granting the motion as confessed.
              HNL/LSO    Counsel notified by letter.
              CIVIL / AK Defendants' Arthur J. Gallagher & Co. and
              CIVIL / AK Gallagher Healthcare Insurance Services, Inc.'s
              CIVIL / AK Motion to Stay Discovery by said defendants by
              CIVIL / AK attorneys Phebus & Koester filed and forwarded to
              CIVIL / AK courtroom C this date. 6-3-05
06-17-05      CIVIL / CD Plaintiff's Rule 19 Notice and Plaintiff's
              CIVIL / CD Opposition to the Gallagher Defendants' Motion
              CIVIL / CD to Dismiss on file by Plaintiff,by attorneys,
              CIVIL / CD Phebus & Koester.
06-27-05      CIVIL / CD Plaintiff's Opposition to the Marsh Defendants'
              CIVIL / CD Motion to Dismiss or Stay Action on file by
              CIVIL / CD Plaintiff by attorneys,Phebus & Koester.
07-15-05      CIVIL / CD The Marsh Defendants' Reply Brief in Support of
              CIVIL / CD their Motion to Dismiss or Stay and The Marsh
              CIVIL / CD Defendants' Motion for Leave to Join the
              CIVIL / CD Gallagher Defendants' Motion to Dismiss on the
              CIVIL / CD Ground that the Claims are Barred by 735 ILCS
              CIVIL / CD 5/2-2201 on file by Defendants,Marsh & McLennan
              CIVIL / CD Companies,Inc. and Marsh,Inc. by attorneys,
              CIVIL / CD Marsh & McLennan Companies,Inc. and Marsh,Inc.
              CIVIL / CD and forwarded to courtroom C this date 07152005.
              CIVIL / CD Defendants Arthur J. Gallagher & Co. and
              CIVIL / CD Gallagher Healthcare Insurance Services,Inc.'s
              CIVIL / CD Reply to Plaintiff's Opposition to Motion to
              CIVIL / CD Dismiss and Strike on file by Defendants,
              CIVIL / CD Gallagher Healthcare Insurance Services,Inc.by
              CIVIL / CD attorney,Kendric M. Cobb and forwarded to
              CIVIL / CD courtroom C this date 07182005.
07-22-05      CIVIL / CD Plaintiff's Motion for Discovery Prior to Hearing
              CIVIL / CD on Defendants' Motions to Dismiss or for
              CIVIL / CD Alternative Relief and Plaintiff's Memorandum in
              CIVIL / CD Oppositon to Defendant Marsh's Motion to Stay
              CIVIL / CD Discovery Pending Ruling on Motion to Dismiss and
              CIVIL / CD Defendant Gallagher's Motion to Stay Discovery on
              CIVIL / CD file by Plaintiff,by attorneys,Phebus & Koester
              CIVIL / CD and forwarded to courtroom C this date 07252005.
07-28-05      HNL/LSO    Appearance of the Plaintiff by attorneys
              HNL/LSO    Mr. Phebus and Mr. Forrester.
              HNL/LSO    Appearance of the defendant Gallagher by
              HNL/LSO    attorneys Mr. Schulte, Mr. Cobb and Mr. Rawles.
              HNL/LSO    Appearance of the defendant Marsh by attorney
              HNL/LSO    Mr. Mathews and Mr. Van Zook.
              HNL/LSO    Cause called for hearing on the Plaintiff's
              HNL/LSO    Motion for Discovery and defendants' Motions
              HNL/LSO    to Stay Discovery.  Arguments heard.  Court
              HNL/LSO    has consider the motions and arguments this date.
              HNL/LSO    Defendants Marsh's and defendants Gallaghers
              HNL/LSO    Motion to Stay Discovery allowed.  Plaintiff's
              HNL/LSO    Motion for Discovery Prior to Hearing Denied.
              HNL/LSO    Cause called for hearing on the defendants
              HNL/LSO    Gallagher and defendants Marsh to Dismiss heard
              HNL/LSO    with respect to that portion of Motion filed
              HNL/LSO    pursuant to 2-619(a)(3).  Court finds defendants
              HNL/LSO    have met their burden of proof by clear and
              HNL/LSO    convincing evidence that there another action
              HNL/LSO    pending between the same parties for the same
              HNL/LSO    cause.  Motions allowed.  Pursuant to 2-619(a)(3).
```

```
HNL/LSO        These proceedings are stayed with respect to all
HNL/LSO        defendants pending the resolution of litigation
HNL/LSO        in the cases referenced by defendants' in their
HNL/LSO        motions to dismiss.  No written order required.
HNL/LSO        There remains pending and continued generally the
HNL/LSO        following motions:  Those portions of defendants
HNL/LSO        Gallaghers' and defendants Marsh's Motion to
HNL/LSO        Dismiss on other grounds; The plaintiff's Motion
HNL/LSO        to Consolidate; The Motion of defendants Marsh
HNL/LSO        for Leave to Join in Defendants Gallagher's
HNL/LSO        Motion to Dismiss pursuant to 735 ILCS 5/2-2201.
```

Case LookUp     LOGOFF

Slip Copy                                                                 Page 1
Slip Copy, 2005 WL 1950244 (W.D.Wash.)
**(Cite as: 2005 WL 1950244 (W.D.Wash.))**

H
Only the Westlaw citation is currently available.

United States District Court,
W.D. Washington.
Denise HEAPHY and Jeff Childs on behalf of
themselves and all others similarly
situated, Plaintiffs,
v.
STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO. and State Farm Fire and Casualty
Company, Defendants.
**No. C05 5404RBL.**

Aug. 15, 2005.

Debra Hayes, Reich & Binstock LLP, Houston, TX,
Elizabeth J. Cabraser, Morris A. Ratner, Scott P.
Nealey, Lieff Cabraser Heimann & Bernstein LLP,
San Francisco, CA, Stephen M. Hansen, Lowenberg,
Lopez & Hansen, Tacoma, WA, Terrell W. Oxford,
Susman Godfrey LLP, Dallas, TX, for Plaintiffs.

Leonard J. Feldman, Peter A. Danelo, Aneelah
Afzali, Heller Ehrman LLP, Seattle, WA, for
Defendants.

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND

LEIGHTON, J.

**\*1** This matter is before the court on the plaintiffs'
Motion to Remand this matter to state court [Dkt. #
14].

The underlying case was filed in Washington State
court by Denise Heaphy and Michael Chad Knesek
[FN1] on August 10, 2001. Purporting to represent a
nationwide class of insureds, Plaintiffs claimed that
State Farm had (1) failed to disclose to its insureds
their right (under their UIM policies) to recover for
the post accident, post repair "diminution in value" of
cars involved in certain types of accidents, (2) failed
to determine the amount of such diminished value,
and (3) failed to pay its insureds the amount of
diminution in value, as measured by the difference in
the value of the automobile before the loss and
following the repairs. The initial complaint asserted
that Heaphy owned her vehicle, and she purported to
represent a class of similarly situated owners.

FN1. Plaintiff Knesek voluntarily withdrew
his complaint prior to the arbitration, and the
Plaintiffs dismissed one of the original
defendants, State Farm Indemnity, because
the court did not have jurisdiction over that
entity.

The matter was litigated [FN2] in state court, and
ultimately Plaintiff Heaphy was forced to arbitrate
her claims. Because Heaphy did not actually own
(but rather leased) her vehicle at the time of the
accident, the arbitrator denied Heaphy's breach of
contract claim for diminution damages. The
arbitration award was issued in late April 2005, and
State Farm sought to have it confirmed as a judgment
in state court. Immediately prior to the confirmation
hearing, Plaintiffs filed a "first amended complaint"
("FAC"). By the time they did so, the **Class Action
Fairness Act** of 2005 (**"CAFA"**) had become law,
expanding this court's diversity jurisdiction. The state
court confirmed the arbitration award against Heaphy
[FN3] as a judgment, and State Farm then removed
the action to this court.

FN2. The state court trial judge refused to
order arbitration of Heaphy's claims, and
State Farm successfully appealed. The
Supreme Court denied Plaintiff's Petition for
Review and all of Heaphy's claims were
arbitrated. State Farm prevailed on all
issues.

FN3. In a separate filing, State Farm seeks
dismissal of Heaphy's claims here, based on
the adverse arbitration result. The parties
and the court agree that the current Motion
to Remand should be resolved prior to
resolution of other motions.

The FAC contained many of the same allegations as
the initial complaint, though Heaphy now purported
to represent a class of those who leased their
vehicles. Additionally, it: (1) again named State Farm
Indemnity as a defendant (mistakenly, plaintiffs now
claim); (2) added Jeff Childs as a plaintiff, purporting
to represent a class of insureds who owned vehicles
which had suffered diminution in value losses
covered by their UIM policies, but which had not
been paid by State Farm; (3) added factual
allegations based on Plaintiff Childs' January 2005

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

accident, and his claim that State Farm subsequently failed to disclose his right to, determine the amount of, and pay the diminution losses he suffered; and (4) added three new causes of action (including consumer fraud).

Plaintiffs seek a remand of this action to state court. They argue primarily that under CR 15, the FAC "relates back" to the date of the initial filing, August, 2001, and the **CAFA** therefore does not apply to it. Plaintiffs also argues that because the amended claims relate back, the removal was untimely, and that there is no basis for this court's jurisdiction absent **CAFA.**

State Farm opposes remand. It argues first that the FAC is a "new action" because Heaphy had already lost on all of her claims at arbitration at the time the FAC was filed. Accordingly, it claims, there was not a "live" (pending) action to be amended [FN4] at that time--the FAC is literally (or at least effectively) a new action, subject to the law as of the date of filing. It also argues that the FAC commenced a new action (and does not relate back to the date of the initial complaint in any event) because it involves new and different parties, factual allegations, and substantive claims.

> FN4. State Farm argues also that the amendment was improper because it was done without leave of court, but Plaintiffs allege without rebuttal that State Farm failed to answer the initial complaint during the four year pendency of the state court action. Thus, under CR 15, the "amendment" may not have required leave of court. However, as State Farm argues, Pierce County Local Rule 4 also set a date, long passed by the time the FAC was filed, for the joinder of claims or parties. It is not clear whether State Farm raised this point with the trial court, but it seems unlikely that the court would have permitted the addition of new claims and parties following an adverse adjudication. In any event, the arbitration award was confirmed and the matter was removed before the trial court had an opportunity to address this issue.

1. Standards for removal and remand.

**\*2** The parties differ on their view of the standards and burdens applicable to state Farm's removal and Plaintiffs' proposed remand of this action. Plaintiffs cite well-established rules placing a heavy burden on

the removing party to demonstrate that the case belongs in federal court. It is generally true that the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *See,* for example, *Conrad Associates v. Hartford Accident & Indemnity Co.,* 994 F.Supp. 1196 (N.D.Cal.1998). The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad,* 994 F.Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles,* 980 F.2d 564, 567 (9th Cir.1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

State Farm argues that the **CAFA** changed these presumptions and burdens in cases involving class actions, a point that appears to be correct in light of the legislative history of **CAFA** and the commentators cited in State Farm's briefing at pages 5-7. It is clear that Congress intended **CAFA** as an expansion of this court's jurisdiction, and a vehicle for directing class action lawsuits to federal court. Furthermore, whichever side has the burden of proof, the factual context of the removal issue is not actually in dispute. Left for the court's determination are the legal implications of those facts.

It is worth pointing out that the parties have expressly and implicitly accused each other of procedural gamesmanship, and each has carefully pointed out the various foot faults of the other. It is apparent that State Farm wants out of Pierce County as badly as Plaintiffs wish to stay in that jurisdiction. The court is not particularly offended by, and is not persuaded by, the tactical maneuvering evident in the procedural history of this case.

2. Ms. Heaphy's initial complaint was fully adjudicated by the time the FAC was filed.

The novelty presented by the case is that because State Farm prevailed in its attempt to have Ms. Heaphy arbitrate her breach of contract claims, the initial state court litigation was technically still pending (if only to formally confirm the arbitration award) following its victory in that alternate forum. Though all of the claims originally asserted by Ms. Heaphy had been conclusively adjudicated against her as of the date of the award, there was a complaint "pending" in state court at that time, and at the time she sought to amend her complaint, prior to confirmation of the arbitration award.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 The issue, then, is whether there was in fact a "live" pleading to be amended at the time of the FAC. In essence, Plaintiffs argue that even if Heaphy's original claims were "dead" as of the date of the FAC, the class allegations remained, and were viable.

 **\*3** This reasoning is flawed for at least two reasons. The Washington Court of Appeals had already rejected Heaphy's argument that her claims were amenable to class action treatment. *See Heaphy v. State Farm,* 117 Wash.App. 438, 447, 72 P.3d 220 (12003). Because of this, and the fact that Heaphy had already lost on all of her claims by the time the FAC was filed, there was not at that moment in time any class action pending. As State Farm points out, if the named representative plaintiff has no claim, the matter cannot proceed (and must be dismissed), even if the class itself theoretically continues to have an actionable claim. *See Washington Education Assoc. v. Shelton School District No. 93,* 93 Wash.2d 783, 790, 613 P.2d 769 (1980); *Boyle v. Madigan,* 492 F.2d 1180, 1182 (9th Cir.1974).

 As of the date of the arbitration award, Heaphy had no claims remaining, and the theoretical existence of a class which did have viable claims does not resurrect her claims, or keep the class action "alive" and awaiting the appointment of additional representatives (or the assertion of new claims). Heaphy may or may not have had the right to assert new claims arising out of the same transaction at the time she sought to do so (an issue that will await another day) but any new pleading seeking to assert such claims was necessarily a new action, and did not relate back to her original, fully adjudicated complaint.

 3. The FAC commenced a new action under CR 15.

 State Farm also argues that whether or not the initial complaint was "alive" at the time the FAC was filed, the action sought to be commenced on that date was a new one under CR 15 and it therefore did not relate back to the date of the initial filing in 2001.

 CR 15(c) [FN5] provides:

> FN5. With the notable exception of the applicability of **CAFA,** the parties seem to agree that the resolution of the "relation back" issue is the same under Washington or Federal law.

 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

 State Farm argues that the FAC does not relate back to the date of Heaphy's initial filing for several reasons. First, it argues that the FAC added a new defendant, State Farm Indemnity. This was apparently an oversight on the part of the plaintiffs, and they quickly dismissed that defendant. The court does not believe that the remand question can or should turn on the short lived, mistaken addition of a related party (who was in fact initially a party). Plaintiffs did not and do not intend to assert claims against a "new defendant" and naming Indemnity in the FAC does not, in and of itself, defeat the Motion to Remand.

 **\*4** State Farm's other arguments, however, are more substantive and more persuasive. The FAC does seek to add a new plaintiff, asserting claims on behalf of those who (unlike Heaphy) owned their insured vehicles. Plaintiffs claim that the class allegations related to that new Plaintiff, Mr. Childs, existed in the original complaint, but he was not a class representative at that time. He was not even a member of class at that time, despite Plaintiffs' allegations to the contrary. His accident did not occur until January 22, 2005--less than month prior to the **CAFA's** effective date. The factual conduct related to his personal claim--"repeated" inspections and "several" attempts to get the car repaired, and his efforts to obtain diminution in value damages under his UIM policy--could not have occurred until some time later, [FN6] and certainly after the **CAFA's** effective date. This case is therefore not directly analogous to *In Re Glacier Bay,* 746 F.Supp. 1379 (D.Alaska 1990) (cited by Plaintiffs), as that case involved the subsequent addition of class members damaged by a single oil spill. The factual context of each plaintiff's claims in this case are instead separate events.

FN6. It must be noted that Mr. Childs' car was "totaled" by State Farm, and the court assumes without deciding that this also casts doubt on his status as a class member in any event.

As State Farm argues, the factual context of Mr. Childs' claims are unique to him. He is a "new, unrelated" plaintiff for purposes of Rule 15. In order for the new action to relate back under that Rule, there must be (1) adequate notice of the new claims (2) an identity of interest between the original plaintiff and the new plaintiff; and (3) relation back must not unfairly prejudice the defendant. *See Immigran Ass. Proj. V. INS,* 306 F.3d 842 (9th Cir.2002).

While State Farm was arguably on notice from the initial complaint that Heaphy disputed its handling of UIM diminution in value losses that complaint cannot serve as "adequate" notice of all claims on behalf of all plaintiffs who might someday fall with in the class definition. This is particularly true where, as here, the claims of the only class representative had been fully adjudicated prior to the FAC, the new Plaintiff's claims were materially different than those of the original plaintiff, and the FAC sought to add new substantive claims on behalf of both plaintiffs.

Nor is there the required identity of interest between Childs and Heaphy (though Heaphy incorrectly claimed in the initial complaint that she owned her vehicle). Again, the factual context of each plaintiff's claims is different, and Mr. Childs' claims are fundamentally different than the claims Ms. Heaphy actually pursued.

The third factor, prejudice, is not especially relevant in this case. The claims are going to be litigated in any event; the only issue is the forum. It would not be "unfairly prejudicial" to State Farm to have to litigate in state court, if the claims asserted otherwise related back to the initial complaint.

Finally, the FAC adds causes of action to the "plain vanilla" breach of contract claims originally asserted by Heaphy on behalf of the class. Indeed, because Heaphy lost on all of her original contract claims, Plaintiffs must necessarily assert new and different claims in an effort to defeat the preclusive effect of that adverse arbitration decision. While the extra-contractual claims do arise out of the same conduct, they are in fact separate from the claims originally asserted.

**\*5** For these reasons, the FAC was "sufficiently independent of the original contentions that it must be treated as fresh litigation." *Knudsen et at. v. Liberty Mutual Insurance Co.,* 4211 F.3d 805, 807 (7th Cir.2005). The FAC was a new piece of litigation under **CAFA,** and does not relate back to the date of the under Rule 15.

The Plaintiffs' Motion to Remand this matter to the Pierce County Superior Court [Dkt. # 14] is therefore DENIED.

Slip Copy, 2005 WL 1950244 (W.D.Wash.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 1663

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION

*KLLM, Inc. v. Marsh USA, Inc., et al.*, S.D. Mississippi, C.A. No. 3:04-893
*Signum, LLC v. AON Corp., et al.*, D. South Carolina, C.A. No. 4:05-528

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the plaintiff in one Southern District of Mississippi action (*KLLM*) and the plaintiff in one District of South Carolina action (*Signum*). Each movant asks the Panel to vacate an order conditionally transferring movant's action to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Faith S. Hochberg. If the Panel decides to order transfer, then the moving *KLLM* plaintiff alternatively asks the Panel to sever and remand certain of the action's claims. Responses to the motions have been received as follows: i) two of the *KLLM* defendants, CV Starr & Co. and Insurance Company of the State of Pennsylvania, ask the Panel to stay determination of its Section 1407 transfer decision with respect to *KLLM* until after the Southern District of Mississippi court has ruled on their motion to dismiss; ii) five *KLLM* defendants, Marsh & McClennan Co., Inc., and four of its affiliates, support transfer of *KLLM* in its entirety and without delay; and iii) the two *Signum* defendants, Aon Corp. and one of its affiliates, support transfer of *Signum*.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of New Jersey was a proper Section 1407 forum for actions brought by persons allegedly injured by a conspiracy among defendants and co-conspirators to affect the sale of insurance sold in the United States by rigging bids and allocating customers. *See In re Insurance Brokerage Antritrust Litigation*, 360 F.Supp.2d 1371 (J.P.M.L. 2005).

---

*Judge Motz took no part in the disposition of this matter.

- 2 -

The *KLLM* plaintiff urges that its action should not be transferred because the core claims in the action are those that focus on cancellation of one specific insurance policy rather than the ones involving allegations of improper contingent commissions or kickbacks that were paid to broker defendants by insurance company defendants in exchange for placing certain volumes of insurance with the insurer defendants. Transfer under Section 1407, however, does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Questions relating to allegedly improper contingent commission agreements and bid-rigging are at issue in both *KLLM* and previously centralized MDL-1663 actions. Transfer of *KLLM* under Section 1407 will thus permit *KLLM* and the other MDL-1663 actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1663 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in *KLLM* to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). It may also be, on further refinement of the issues and close scrutiny by the transferee judge, that one or more of the claims in *KLLM* can be remanded in advance of other claims in the action. But we are unwilling, on the basis of the record before us, to make such a determination at this time with respect to *KLLM*. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

It is also unnecessary to defer transfer of *KLLM* until the Mississippi court has ruled upon certain defendants' motion to dismiss. Such matters, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENSLEY CONSTRUCTION, INC.
on its own behalf and on behalf of all others similarly
situated,

                        Plaintiff,

        v.

MARSH & MCLENNAN COMPANIES, INC.,
MARSH, INC., ACE USA, ACE INA, AMERICAN
INTERNATIONAL GROUP, AMERICAN
REINSURANCE COMPANY, ARTHUR J.
GALLAGHER & CO., HILB ROGAL & HOBBS,
COMPANY, WILLIS GROUP HOLDINGS, LTD.,
WILLIS NORTH AMERICA INC., WILLIS GROUP
LTD., UNIVERSAL LIFE RESOURCES,
UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR
INSURANCE SERVICES, INC.), THE CHUBB
CORPORATION, USI HOLDINGS, INC., METLIFE,
INC., PRUDENTIAL FINANCIAL, INC.,
UNUMPROVIDENT CORPORATION, THE ST.
PAUL TRAVELERS COMPANIES, INC., ZURICH
AMERICAN INSURANCE COMPANY, LIBERTY
MUTUAL GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, LIBERTY MUTUAL
FIRE INSURANCE COMPANY, EMPLOYERS
INSURANCE COMPANY OF WAUSAU, and ST.
JAMES INSURANCE COMPANY LTD.,

                        Defendants.

Civil Action No. 05 11249 GAO

## NOTICE OF SUPPLEMENTAL AUTHORITY AND ORDERS

Defendants Marsh & McLennan Companies, Inc. and Marsh, Inc. (collectively "Marsh") hereby file this Notice of Supplemental Authority and Orders in the above captioned matter.

On June 20, 2005, certain Defendants in this matter filed a Motion to Stay this Action Pending a Determination on Transfer by the Judicial Panel on Multidistrict Litigation. Plaintiff opposed that Motion on July 8, 2005. Further, on

July 21, 2005, Plaintiff in this action filed a Motion to Remand. Defendants opposed this Motion on August 15, 2005. Since the date of those filings, certain new authority and relevant orders have been issued by sister courts.

On September 19, 2005, Judge Macdonald of the Plymouth County Superior Court, in a case entitled *Van Emden Management Corp. v. Marsh & McLennan Companies, et al.*, 05-CV-0066-A, issued an order staying all proceedings pending the resolution of the Multidistrict Proceedings entitled *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663 (the "MDL proceedings"), on the grounds, *inter alia*, that such duel proceedings would be not be an effective use of the "scarce judicial resources of the Commonwealth." The first-filed *Van Emden* matter was prosecuted as a putative statewide, Massachusetts class action, with a virtually identical proposed class definition, against many of the same defendants and asserting many of the same claims as in the instant litigation. A copy of the stay order in *Van Emden* is attached as **Exhibit 1** to this Notice.

On July 28, 2005, in the state putative class action entitled *Christie Clinic, P.C. v. Marsh & McLennan Companies, Inc., et al.*, Judge Heidi N. Ladd issued an order staying all proceedings in deference to the MDL proceedings. Judge Ladd's order reflected in a docket sheet minute order, is, in relevant part, as follows:

Court finds defendants have met their burden of proof by clear and convincing evidence that there another action pending between the same parties for the same cause. Motions allowed. Pursuant to 2-619(a)(3). These proceedings are stayed with respect to all defendants pending the resolution of litigation in the cases referenced by defendants' in their motions to dismiss. No written order required.

A copy of the Docket Sheet (as of September 6, 2005), which contains the above minute order, is attached as **Exhibit 2** to this Notice.

On August 15, 2005, Judge Leighton of the Western District of Washington issued an order denying a motion to remand in the case of *Heaphy v. State Farm Mutual Automobile Insurance, et al.*, C.A. No. C05-5404RBL on the grounds, *inter*

- 2 -

*alia*, that the addition of a new, "unrelated" plaintiff after the enactment of the

Class Action Fairness Act ("CAFA") constitutes a pleading "sufficiently independent

of the original contentions that it must be treated as fresh litigation," *(quoting*

*Knudsen v. Liberty Mutual Insur. Co.*, 411 F.3d 805, 807 (7th Cir.2005)), and that

the case properly belong in federal court pursuant to CAFA. A copy of the order in

*Heaphy* is attached as **Exhibit 3** to this Notice.

Lastly, on August 9, 2005, the Judicial Panel on Multidistrict Litigation, over

opposition by the plaintiffs, transferred two cases entitled *KLLM, et al., v. Marsh*

*USA, Inc., et al.*, C.A. No. 3:04-893 (D. Miss.) (an individual plaintiff matter), and

*Signum, LLC, v. AON Corp., et al.*, C.A. No. 4:05-528 (D.S.C.) (a putative class

action), to the MDL Proceedings, noting that "[t]ransfer under Section 1407 . . . does

not require a complete identity or even majority of common factual issues as a

prerequisite to transfer." A copy of the Transfer Order is attached as **Exhibit 4** to

this Notice.

DATED: October 3, 2005            Respectfully Submitted by,

                                       Marsh & McLennan Companies, Inc.
                                       Marsh Inc.,

                                       By their attorneys,

                                       /s/ Joshua Vitullo
                                     _____
                                     Daniel S. Savrin BBO #555434
                                     Joshua Vitullo BBO #654310
                                     Bingham McCutchen LLP
                                     150 Federal Street
                                     Boston, MA 02110
                                     617-951-8000

- 3 -

Of Counsel:
Mitchell J. Auslander, Esq.
John R. Oller, Esq.
Christopher J. St. Jeanos, Esq.
Kristin Branson, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-6099
212 728-8000

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following by

electronic notice and/or first-class mail on October 3, 2005:

Bensley Construction Inc.

Kenneth G. Gilman, Esq.
Douglas J. Hoffman, Esq.
Gilman and Pastor, LLP
60 State Street, 37th Floor
Boston, MA 02109

The Chubb Corporation

John A.D. Gilmore, Esq.
DLA Piper Rudnick Gray Cary
One International Place, 21st Fl.
Boston, MA 02110-2600

Laura Besvinick, Esq.
Hogan & Hartson LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131

Liberty Mutual Group Inc.
Liberty Mutual Insur. Company
Liberty Mutual Fire Insur. Company
Employers Insur. Co. Of Wausau
St. James Insurance Company Ltd.

Ralph T. LePore, III, Esq.
James M. Tierney, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

ACE USA and ACE INA

Philip T. Newbury, Esq.
Mark J. Claflin BBO
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114

Zurich American Insurance Company

Bruce W. Edmands, Esq.
Eckert Seamans Cherin & Mellott, LLC
One International Place
Boston, MA 02110

American International Group, Inc.

Brien T. O'Connor, Esq.
Timothy J. Casey, Esq.
Ropes & Gray LLP
One International Place
Boston, MA 02110

American Re-Insurance Company

Paula M. Bagger, Esq.
Cooke Clancy & Gruenthal LLP
265 Franklin Street
Boston, MA 02110

Arthur J. Gallagher & Co.

Edwin M. Larkin, Esq.
Lina M. Viviano, Esq.
200 Park Avenue
New York, NY 10166-4193

Hilb Rogal & Hobbs, Company

Juliane Balliro, Esq.
Wolf, Block, Schorr and Solis-Cohen LLP
One Beacon Street, 41st Floor
Boston, MA 02108-3106

Willis Group Holdings, Ltd., Willis North
America Inc., and Willis Group Ltd.

James V. Masella III, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Universal Life and Resources, Universal Life
Resources, Inc. (d/b/a ULR Insurance
Services, Inc.)

David Gabianelli, Esq.
Ray L. Wong, Esq.
Ned M. Gelhaar, Esq.
Hancock Rothert and Bunshoft LLP
Four Embarcadero Center, Ste. 300
San Francisco, CA 94111

USI Holdings Corp.

Ian Crawford, Esq.
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA 02109

MetLife, Inc.

Daniel B. Winslow, Esq.
Patricia R. Rich, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Prudential Financial, Inc.

Barry Y. Weiner, Esq.
Maureen Mulligan, Esq.
Ruberto, Israel & Weiner
100 North Washington Street
Boston, MA 02114

UnumProvident Corporation

Joseph Hamilton, Esq.
Mirick, O'Connell, DeMallie &
    Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

- 6 -

The St. Paul Travelers Companies, Inc.
Paul C. Curnin, Esq.
Michael J. Garvey, Esq.
David H. LaRocca, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017


/s/ Josh Vitullo
Joshua Vitullo

LITDOCS/614066.1