UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC.<br>on its own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>MARSH & MCLENNAN COMPANIES, INC.,<br>MARSH, INC., ACE USA, ACE INA, AMERICAN<br>INTERNATIONAL GROUP, AMERICAN RE-<br>INSURANCE COMPANY, ARTHUR J.<br>GALLAGHER & CO., HILB ROGAL & HOBBS,<br>COMPANY, WILLIS GROUP HOLDINGS, LTD.,<br>WILLIS NORTH AMERICA INC., WILLIS GROUP<br>LTD., UNIVERSAL LIFE RESOURCES,<br>UNIVERSAL LIFE RESOURCES, INC. (d/b/a ULR<br>INSURANCE SERVICES, INC.), THE CHUBB<br>CORPORATION, USI HOLDINGS, INC., METLIFE,<br>INC., PRUDENTIAL FINANCIAL, INC.,<br>UNUMPROVIDENT CORPORATION, THE ST.<br>PAUL TRAVELERS COMPANIES, INC., ZURICH<br>AMERICAN INSURANCE COMPANY, LIBERTY<br>MUTUAL GROUP INC., LIBERTY MUTUAL<br>INSURANCE COMPANY, LIBERTY MUTUAL<br>FIRE INSURANCE COMPANY, EMPLOYERS<br>INSURANCE COMPANY OF WAUSAU, and ST.<br>JAMES INSURANCE COMPANY LTD.,<br><br>        Defendants. | Civil Action No. 05 11249 GAO |

## NOTICE OF FILING OPPOSITION TO LIBERTY MUTUAL'S
## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

  Defendants Marsh & McLennan Companies, Inc. and Marsh, Inc., ACE USA, ACE INA, American International Group, American Re-Insurance Company, Arthur J. Gallagher & Co., Hilb Rogal & Hobbs, Company, Willis Group Holdings, Ltd., Willis North America Inc., Willis Group Ltd., Universal Life Resources, Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.), U.S.I. Holdings Corp., MetLife, Inc., Prudential Financial, Inc., UnumProvident Corporation, the St.

Paul Travelers Companies, Inc., and Zurich American Insurance Company (collectively "Defendants"), hereby provide notice to the Court of the submission to the Judicial Panel of Multidistrict Litigation of Defendants' Response in Opposition to Liberty Mutual's Motion to Vacate Conditional Transfer Order (with Exhibits A-B) a complete copy of which is attached hereto.

Dated: November 23, 2005

> Marsh & McLennan Companies, Inc., and Marsh Inc., on their own behalf and on behalf of and with the consent of ACE USA; ACE INA; Zurich American Insurance Company; American International Group, Inc.; American Re-Insurance Company; Arthur J. Gallagher & Co.; Hilb Rogal & Hobbs, Company; Willis Group Holdings, Ltd.; Willis North America Inc.; Willis Group Ltd.; Universal Life Resources; Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.); USI Holdings Corp.; MetLife, Inc.; Prudential Financial, Inc.; UnumProvident Corporation; The St. Paul Travelers Companies, Inc.,

> /s/ Josh Vitullo
> Daniel S. Savrin BBO #555434
> Joshua Vitullo BBO #654310
> Bingham McCutchen LLP
> 150 Federal Street
> Boston, MA 02110
> 617-951-8000

> Of Counsel:
> Mitchell J. Auslander, Esq.
> John R. Oller, Esq.
> Christopher J. St. Jeanos, Esq.
> Kristin Branson, Esq.
> Willkie Farr & Gallagher LLP
> 787 Seventh Avenue
> New York, N.Y. 10019-6099
> 212 728-8000

> Philip T. Newbury BBO #370070
> Mark J. Claflin BBO #657175

- 2 -

Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114
860-249-1361
*Attorneys for Defendants*
*ACE USA and ACE INA*

H. Lee Godfrey, Esq.
Neal S. Manne, Esq.
Johnny W. Carter, Esq.
Jeffrey R. Seely, Esq.
Susman Godfrey LLP
1000 Louisiana St., Ste. 5100
Houston, TX 77002
713-651-9366
*Of Counsel for Defendants*
*ACE USA and ACE INA*

Bruce W. Edmands, BBO #151360
Eckert Seamans Cherin & Mellott, LLC
One International Place
Boston, MA 02110
617-342-6886
*Attorneys for Defendant*
*Zurich American Insurance Company*

Brien T. O'Connor, BBO #546767
Timothy J. Casey, BBO #650913
Ropes & Gray LLP
One International Place
Boston, MA  02110
617-951-7000
*Attorneys for Defendant*
*American International Group, Inc.*

Kenneth A. Gallo, Esq.
Daniel J. Leffell, Esq.
Paul, Weiss, Rifkind, Wharton &
    Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
*Attorneys for Defendant*
*American International Group, Inc.*

Paula M. Bagger, BBO # 547703
Cooke Clancy & Gruenthal LLP
265 Franklin Street

- 3 -

Boston, MA  02110
(617) 428-6800
*Attorneys for Defendant*
*American Re-Insurance Company*

John F. Collins, Esq.
Molly Lehr, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY  10019
212-259-8000
*Of Counsel for Defendant*
*American Re-Insurance Company*

Edwin M. Larkin, Esq.
Lina M. Viviano, Esq.
200 Park Avenue
New York, NY  10166-4193
212-294-6700
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Terry M. Grimm, Esq.
Stephen C. Schulte, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601312-558-5890
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Juliane Balliro, BBO #028010
Wolf, Block, Schorr and Solis-Cohen LLP
One Beacon Street, 41st Floor
Boston, MA 02108-3106
617-226-4000
*Attorneys for Defendant*
*Hilb Rogal & Hobbs, Company*

James V. Masella III, BBO #562882
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
212-558-4000
*Attorneys for Defendant Willis Group Holdings,*
*Ltd., Willis North America Inc., and Willis Group*
*Ltd.*

- 4 -

Richard C. Pepperman II, Esq.
Anastasia A. Angelova, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004-2498
212-558-4000
*Of Counsel for Defendant Willis Group Holdings,
Ltd., Willis North America Inc., and Willis Group
Ltd.*

David Gabianelli, Esq.
Ray L. Wong, Esq.
Ned M. Gelhaar, Esq.
Hancock Rothert and Bunshoft LLP
Four Embarcadero Center, Ste. 300
San Francisco, CA  94111
415-981-5550
*Of Counsel for Defendants Universal Life and
Resources, Universal Life Resources, Inc. (d/b/a
ULR Insurance Services, Inc.)*

Ian Crawford BBO #544475
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA  02109
617-720-2626
*Attorneys for Defendant USI Holdings Corp.*

Robert H. Pees, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY  10022-2524
212-872-1000
*Of Counsel for Defendant
USI Holdings Corp.*

Daniel B. Winslow, BBO #541972
Patricia R. Rich, BBO #640578
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617-289-9200
*Attorneys for Defendant MetLife, Inc.*

James W. Carbin
Eric Breslin
Duane Morris LLP
744 Broad St.

- 5 -

Newark, NJ 07102
973-424-2000
*Of Counsel for Defendant MetLife, Inc.*

Barry Y. Weiner BBO #519700
Maureen Mulligan BBO #556482
Ruberto, Israel & Weiner
100 North Washington Street
Boston, MA 02114
617-742-4200
*Attorneys for Defendant*
*Prudential Financial, Inc.*

John R. Middleton, Jr., Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068
973-597-2582
*Of Counsel for Defendant*
*Prudential Financial, Inc.*

Joseph Hamilton, BBO #546394
Mirick, O'Connell, DeMallie &
    Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
*Attorneys for Defendant*
*UnumProvident Corporation*

Deborah E. Hryb, Esq.
Patrick W. Shea, Esq.
Paul, Hastings, Janofsky & Walker LLP
1055 Washington Blvd., 9th Floor
Stamford, CT  06901
203-961-7400
*Of Counsel for Defendant*
*UnumProvident Corporation*

 Paul C. Curnin
Michael J. Garvey, Esq.
David H. LaRocca, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
212-455-2377
*Of Counsel for Defendant The St. Paul Travelers*
*Companies, Inc.*

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the following by hand-delivery, electronic notice, and/or first-class mail on November 23, 2005:

| | |
|---|---|
| Bensley Construction Inc. | Kenneth G. Gilman<br>Douglas J. Hoffman<br>Gilman and Pastor, LLP<br>60 State Street, 37th Floor<br>Boston, MA  02109 |
| The Chubb Corporation | John A.D. Gilmore<br>DLA Piper Rudnick Gray Cary<br>One International Place, 21st Fl.<br>Boston, MA  02110-2600<br><br>Laura Besvinick, Esq.<br>Hogan & Hartson LLP<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131 |
| Liberty Mutual Group Inc.<br>Liberty Mutual Insur. Company<br>Liberty Mutual Fire Insur. Company<br>Employers Insur. Co. Of Wausau<br>St. James Insurance Company Ltd. | Ralph T. LePore, III, Esq.<br>James M. Tierney, Esq.<br>Holland & Knight LLP<br>10 St. James Avenue<br>Boston, MA  02116 |

/s/ Josh Vitullo
Joshua Vitullo

Exhibit A

Westlaw.

360 F.Supp.2d 1371
360 F.Supp.2d 1371, 2005-1 Trade Cases P 74,800
**(Cite as: 360 F.Supp.2d 1371)**

Judicial Panel on Multidistrict Litigation.
In re INSURANCE BROKERAGE ANTITRUST
LITIGATION
No. 1663.

Feb. 17, 2005.

**Background:** Plaintiff in one action moved to centralize four purported class actions and six potential tag-along actions, pending in seven districts, alleging that common defendants and/or their alleged co-conspirators engaged in a combination and conspiracy to affect the sale of insurance sold in the United States by rigging bids and allocating customers.

**Holdings:** The Judicial Panel on Multidistrict Litigation, Wm. Terrell Hodges, Chairman, held that

1(1) centralization was warranted, and

2(2) District of New Jersey was appropriate forum.

Transfers ordered.

West Headnotes

**[1] Federal Civil Procedure 170A** 🔑➔9

170A Federal Civil Procedure
    170AI In General
        170AI(A) In General
            170Ak8 Consolidation of Actions
                170Ak9 k. Multidistrict Litigation, Consolidation for Pretrial Proceedings. Most Cited Cases
Centralization, of four purported class actions and six potential tag-along actions, pending in seven districts and alleging that common defendants and/or their alleged co-conspirators engaged in a combination and conspiracy to affect the sale of insurance by rigging bids and allocating customers, was warranted; actions involved common questions of fact, and centralization would serve convenience of the parties and witnesses, promote just and efficient conduct of the litigation, and was necessary in order to eliminate

duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. 28 U.S.C.A. § 1407.

**[2] Federal Courts 170B** 🔑➔153

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5 Multi-District Litigation; Transfer for Pre-Trial Proceedings
                170Bk152 Particular Transferable Cases
                    170Bk153 k. Antitrust Cases. Most Cited Cases
District of New Jersey was appropriate transferee forum, in multidistrict litigation, for four purported class actions and six potential tag-along actions, centralized for pretrial proceedings, alleging that common defendants and/or their alleged co-conspirators engaged in a combination and conspiracy to affect the sale of insurance by rigging bids and allocating customers; district offered an accessible metropolitan location geographically convenient for many of the docket's litigants and counsel, and was equipped with the resources that the complex antitrust docket was likely to require. 28 U.S.C.A. § 1407.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel

TRANSFER ORDER

This litigation currently consists of four actions listed on the attached Schedule A and pending in four districts as follows: one action each in the District of New Jersey, the Eastern and Southern Districts of New York, and the Eastern District of Pennsylvania. FN1 Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Pennsylvania action moves for centralization of this docket in its Pennsylvania district. While certain responding defendants named in only one of the constituent actions oppose transfer on the ground that transfer for them would be inefficient and/or would hinder their opportunity to secure a speedy dismissal of the claims against them, the overwhelming majority of responding parties

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

360 F.Supp.2d 1371
360 F.Supp.2d 1371, 2005-1 Trade Cases P 74,800
**(Cite as: 360 F.Supp.2d 1371)**

either agree upon or do not oppose centralization. The principal disagreement among these parties involves the selection of transferee district. Additional suggested transferee forums include the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Illinois, the Eastern District of Missouri, and the Western District of Tennessee.

> FN1. The Panel has been notified of additional related actions recently filed in the Northern District of California, the Northern District of Illinois, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, and the Western District of Tennessee. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[1] On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions involving allegations that common defendants and/or their alleged co-conspirators have engaged in a combination and conspiracy to affect the sale of insurance sold in the United States by rigging bids and allocating customers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

To those defendants opposing transfer because they wish to litigate the arguably narrower or more questionable claims against them without entanglement in a litigation that they consider to be much broader in scope, we point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common

issues, *In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties. As Section 1407 proceedings evolve in the transferee district, these defendants**\*1373** may at some point wish to renew their arguments that the uniqueness or simplicity of the claims against them renders continued inclusion of those claims in MDL-1663 unnecessary or inadvisable. We point out that they then will be free to approach the transferee judge for a suggestion of remand, and that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

[2] In concluding that the District of New Jersey is an appropriate forum for this docket, we note that i) the district offers an accessible metropolitan location that is geographically convenient for many of this docket's litigants and counsel; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to that district and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

*MDL-1663-In re Insurance Brokerage Antitrust Litigation*

*District of New Jersey*

*QLM Associates, Inc. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 2:04-5184

*Eastern District of New York*

*Accent On Eyes Corp. v. Marsh & McLennan Companies, Inc., et al.,* C.A. No. 2:04-4535

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

360 F.Supp.2d 1371
360 F.Supp.2d 1371, 2005-1 Trade Cases  P 74,800
**(Cite as: 360 F.Supp.2d 1371)**

Page 3

*Southern District of New York*

*Opticare Health Systems, Inc. v. Marsh & McLennan
Companies, Inc., et al.,* C.A. No. 1:04-6954

*Eastern District of Pennsylvania*

*Eagle Creek, Inc. v. ACE INA Holdings, et al.,* C.A.
No. 2:04-5255

Jud.Pan.Mult.Lit.,2005.
In re Insurance Brokerage Antitrust Litigation
360 F.Supp.2d 1371, 2005-1 Trade Cases  P 74,800

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 0 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1663*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION*

*Palm Tree Computers Systems, Inc., et al. v. Ace USA, et al.*, M.D. Florida, C.A. No. 6:05-422
*KLLM, Inc. v. Marsh USA, Inc., et al.*, S.D. Mississippi, C.A. No. 3:03-1294

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by i) the plaintiffs in one Middle District of Florida action (*Palm Tree*), and ii) the plaintiff in one Southern District of Mississippi action (*KLLM*). Movant(s) in each action ask the Panel to vacate an order conditionally transferring the action to the District of New Jersey for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Faith S. Hochberg. If the Panel decides to order transfer, then i) the moving *Palm Tree* plaintiffs alternatively ask the Panel to defer entry of the transfer order pending a ruling by the Florida court on a motion to remand the action to state court; and ii) the moving *KLLM* plaintiff alternatively asks the Panel to sever and remand certain of the action's claims. Responses in support of transfer have been filed by all the *KLLM* defendants and by all but one of the *Palm Tree* defendants.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of New Jersey was a proper Section 1407 forum for actions brought by persons allegedly injured by a conspiracy among defendants and/or co-conspirators to affect the sale of insurance sold in the United States by rigging bids and allocating customers. *See In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp.2d 1371 (J.P.M.L. 2005).

The *KLLM* plaintiff urges that its action should not be transferred because the core claims in the action are those that focus on breach of one specific insurance policy rather than the ones involving allegations of improper contingent commissions or kickbacks paid to broker defendants by insurance company defendants. Transfer under Section 1407, however, does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Questions relating to allegedly improper contingent commission agreements and bid-rigging are at issue in both *KLLM* and previously

- 2 -

centralized MDL-1663 actions. Transfer of *KLLM* under Section 1407 will thus permit *KLLM* and the other MDL-1663 actions to proceed before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other MDL-1663 actions. The transferee court remains free, of course, to formulate a pretrial program that allows discovery with respect to any non-common issues in *KLLM* to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). It may also be, on further refinement of the issues and close scrutiny by the transferee judge, that one or more of the claims in *KLLM* can be remanded in advance of other claims in the action. But we are unwilling, on the basis of the record before us, to make such a determination at this time with respect to *KLLM*. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

It is also unnecessary to deny or defer transfer of *Palm Tree* until the Florida court has ruled upon plaintiffs' motion for remand to state court. Such matters, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: INSURANCE BROKERAGE ANTITRUST LITIGATION | ) ) ) ) ) ) ) | |
| This pleading applies to the following case: | ) ) | MDL DOCKET NO. 1663 |
| *Bensley Construction. Inc. v. Marsh & McLennan Companies, Inc., et al.* D. Massachusetts, C.A. No. 1:05-11249 (Judge George A. O'Toole, Jr.) | ) ) ) ) ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO LIBERTY MUTUAL'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendants,[1] by and through their undersigned attorneys, hereby file this Response in Opposition to Liberty Mutual Group Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Employers Insurance Company of Wausau, and St. James Insurance Company Ltd.'s (the "Liberty Defendants") Motion to Vacate Conditional Transfer Order ("Motion to Vacate").

The Liberty Defendants' Motion is premised on the argument that transfer of *Bensley Construction Corporation v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 1:05-11249 (D. Mass.) ("Bensley Action"), would be inconvenient and would "require the Liberty Defendants to litigate in a forum far from where they are

---

[1] The following defendants join in this Opposition: Marsh & McLennan Companies, Inc. and Marsh, Inc. (collectively "Marsh") ACE USA, ACE INA, American International Group, American Re-Insurance Company, Arthur J. Gallagher & Co., Hilb Rogal & Hobbs, Company, Willis Group Holdings, Ltd., Willis North America Inc., Willis Group Ltd., Universal Life Resources, Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.), U.S.I. Holdings Corp., MetLife, Inc., Prudential Financial, Inc., UnumProvident Corporation, the St. Paul Travelers Companies, Inc., and Zurich American Insurance Company (collectively "the Defendants").

based." Motion to Vacate p. 4. But, the Liberty Defendants – with one minor exception – are *already participating in the MDL Action*. Accordingly, transfer of this case to the MDL Action would not inconvenience the Liberty Defendants.[2]

## I.    BACKGROUND

## THE MDL ACTION INCLUDES THE LIBERTY DEFENDANTS

As set forth in the concurrently filed Opposition to Plaintiff's Motion to Vacate, which is hereby incorporated by reference, on February 17, 2005, the MDL Panel ordered that four federal actions be transferred to the District of New Jersey and assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings. *See In re Insurance Brokerage Antitrust Litig.*, 360 F. Supp. 2d 1371 (J.P.M.L. 2005) (the "MDL Action") (attached hereto as Exhibit A). The Panel found that these cases involved "common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* at 1372. The transferred actions "involve[d] allegations that common defendants and/or their alleged co-conspirators have engaged in a combination and conspiracy to affect the sale of insurance sold in the United States by rigging bids and allocating customers." *Id.*

Subsequently, on March 10, 2005, April 11, 2005, June 1, 2005, August 2, 2005, October 4, 2005, and October 18, 2005, the Panel conditionally transferred over 20 additional federal actions to the District of New Jersey to be included in the MDL Action. On August 15, 2005, policyholder plaintiffs in the MDL Action filed a

---

[2] Liberty Mutual Group describes itself as 111th on the Fortune 500 list of largest U.S. corporations and the fifth-largest commercial lines insurance writer in the United States. It also has eight offices in New Jersey within 50 miles of the Newark, New Jersey courthouse. *See* Liberty Mutual – Corporate Information, available at:
http://www.libertymutual.com/omapps/ContentServer?cid=1003349317237&pagename=CorporateIntern
et%2FPage%2FStandardTeal&c=Page (last visited Nov. 14, 2005).

Corrected First Consolidated Amended Complaint ("CAC"). *See* Ex. A. In the CAC, Plaintiffs named as defendants the Liberty Mutual Holding Company, Inc., *id.* ¶ 165, the Liberty Mutual Insurance Co., *id.* ¶ 166, the Liberty Mutual Fire Insurance Co., *id.* ¶ 167, and Wausau Underwriters Insurance Co. ("Wausau"), which "is a subsidiary of Employers Insurance Co. of Wausau, which is a subsidiary of Liberty Mutual Holding," *id.* ¶ 168. Thus, all of the Liberty Defendants except for St. James are participating in the MDL Action.

## II.     ARGUMENT

### TRANSFER IS PROPER UNDER SECTION 1407

As demonstrated in the concurrently filed Opposition to Plaintiff's Motion to Vacate, transfer is clearly proper under Section 1407 because the Bensley Action shares common questions of fact with the MDL Action and transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the case. The Liberty Defendants' few arguments to the contrary are either inaccurate or legally immaterial.

First, the Liberty Defendants contend that "[t]ransfer would require the Liberty Defendants to participate in what appears to be a highly complex piece of litigation with a scope much broader than that of the Bensley action." (Motion to Vacate pp. 4-5.) Transfer is appropriate even assuming that the MDL Action is broader in scope than the action sought to be transferred. *See In re Ford Motor C. Crown Victoria Police Interceptor Prods. Liab. Litig.*, 259 F. Supp. 2d 1366, 1367-68 (J.P.M.L. 2003) (granting § 1407 transfer to MDL Action significantly broader in scope than transferred matter); *In re Ascot Oils, Inc. Sec. Litig.*, 433 F. Supp. 1118, 1120 (J.P.M.L. 1977) (transferring action even though the MDL Action was "broader in scope" than the transferred action).

Second, the fact that St. James is not a defendant in the MDL Action does not defeat transfer. As the Panel has repeatedly held, "[t]ransfer . . . is not dependent

- 3 -

on a strict identity of issues and parties but rather on the existence of one or more common questions of fact." *In re Japanese Elec. Prods. Antitrust Litig.*, 338 F. Supp 565, 567 (J.P.M.L. 1975); *see also In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) ("[T]ransfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer."). As noted, all of the Liberty Defendants (other than St. James) are already a part of the MDL Action. *See supra* § I. Transfer, therefore, would not inconvenience the Liberty Defendants. The inclusion of St. James, a party that the Liberty Defendants claim has not been properly made a part to the Bensley Action in any event, *see* Motion to Vacate p. 1 n.1, does not serve as a proper basis for denying transfer of the Bensley Action. As it is undisputed that the Bensley Action shares common facts with the MDL Action (indeed, it is a near duplicate of the MDL Action), transfer is appropriate here.

Third, the Liberty Defendants argue that "[a]dministrative savings for the court system may be found by permitting the court in the District of Massachusetts to decide the Liberty Defendants' motions to dismiss, as well as the plaintiff's motion to remand, that are already scheduled for hearing." (Motion to Vacate pp. 4-5.). As discussed in the Opposition to Plaintiff's Motion to Vacate, the mere pendency of a motion to remand or to dismiss does not impede the transfer of this case pursuant to Section 1407. *See* Opp. to P.'s Mot. to Vacate 14-18. In fact, this Panel has already finally transferred matters over a defendants' request that the transferor court first decide a pending motion to dismiss or remand. *See* KLLM and Palm Tree Transfer Order, attached hereto as Exhibit B. As the Panel stated there, "[i]t is . . . unnecessary to defer transfer of *KLLM* until the Mississippi court has ruled upon certain defendants' motion to dismiss" because "[s]uch matters . . . can be presented to and decided by the transferee judge." *Id.* at 2 (also transferring Palm Tree on similar grounds) (citations omitted). Moreover, as noted in the

- 4 -

concurrently filed Opposition to Plaintiff's Motion to Vacate, the issues raised by the Liberty Defendants' motions and the remand motion mirror issues that are or will be before the MDL Court. In fact, per the MDL Court's scheduling order, the Liberty Defendants that are already parties to the MDL Action will be required to file motions to dismiss on or before November 29, 2005. As such, judicial economy and efficiency militate strongly in favor of transfer of the Bensley Action to the MDL Action.

LITDOCS/621530.3

### III.    CONCLUSION

For all the foregoing reasons, the Liberty Defendants' Motion to Vacate should be denied in its entirety and this action should be transferred to MDL-1663 for coordinated or consolidated pretrial proceedings.

Dated: November 22, 2005

> Marsh & McLennan Companies, Inc., and Marsh Inc., on their own behalf and on behalf of and with the consent of ACE USA; ACE INA; Zurich American Insurance Company; American International Group, Inc.; American Re-Insurance Company; Arthur J. Gallagher & Co.; Hilb Rogal & Hobbs, Company; Willis Group Holdings, Ltd.; Willis North America Inc.; Willis Group Ltd.; Universal Life Resources; Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.); USI Holdings Corp.; MetLife, Inc.; Prudential Financial, Inc.; UnumProvident Corporation; The St. Paul Travelers Companies, Inc.,

> By: _____
> Daniel S. Savrin  BBO #555434
> Joshua Vitullo  BBO #654310
> Bingham McCutchen LLP
> 150 Federal Street
> Boston, MA 02110
> 617-951-8000
> *Attorneys for Defendants Marsh & McLennan Companies, Inc., and Marsh Inc.*

> Mitchell J. Auslander, Esq.
> John R. Oller, Esq.
> Christopher J. St. Jeanos, Esq.
> Kristin Branson, Esq.

- 6 -

### III.    CONCLUSION

For all the foregoing reasons, the Liberty Defendants' Motion to Vacate should be denied in its entirety and this action should be transferred to MDL-1663 for coordinated or consolidated pretrial proceedings.


Dated: November 22, 2005

Marsh & McLennan Companies, Inc., and Marsh Inc., on their own behalf and on behalf of and with the consent of ACE USA; ACE INA; Zurich American Insurance Company; American International Group, Inc.; American Re-Insurance Company; Arthur J. Gallagher & Co.; Hilb Rogal & Hobbs, Company; Willis Group Holdings, Ltd.; Willis North America Inc.; Willis Group Ltd.; Universal Life Resources; Universal Life Resources, Inc. (d/b/a ULR Insurance Services, Inc.); USI Holdings Corp.; MetLife, Inc.; Prudential Financial, Inc.; UnumProvident Corporation; The St. Paul Travelers Companies, Inc.,

By: _____
Daniel S. Savrin  BBO #555434
Joshua Vitullo  BBO #654310
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8000
*Attorneys for Defendants Marsh & McLennan Companies, Inc., and Marsh Inc.*

Mitchell J. Auslander, Esq.
John R. Oller, Esq.
Christopher J. St. Jeanos, Esq.
Kristin Branson, Esq.

- 6 -

Roberta A. Kaplan, Esq., BBO
#559570
Paul, Weiss, Rifkind, Wharton &
    Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
*Attorneys for Defendant*
*American International Group, Inc.*

John F. Collins, Esq.
Molly Lehr, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019
212-259-8000
*Attorneys for Defendant*
*American Re-Insurance Company*

Edwin M. Larkin, Esq.
Lina M. Viviano, Esq.
200 Park Avenue
New York, NY 10166-4193
212-294-6700
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Terry M. Grimm, Esq.
Stephen C. Schulte, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601312-558-5890
*Of Counsel for Defendant*
*Arthur J. Gallagher & Co.*

Juliane Balliro, BBO #028010
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106
617-854-4000
*Attorneys for Defendant*
*Hilb Rogal & Hobbs, Company*

James V. Masella III, BBO #562882
Sullivan & Cromwell LLP

- 8 -

125 Broad Street
New York, NY 10004
212-558-4000
*Attorneys for Defendant Willis Group*
*Holdings, Ltd., Willis North America*
*Inc., and Willis Group Ltd.*

Richard C. Pepperman II, Esq.
Anastasia A. Angelova, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004-2498
212-558-4000
*Of Counsel for Defendant Willis Group*
*Holdings, Ltd., Willis North America*
*Inc., and Willis Group Ltd.*

David Gabianelli, Esq.
Ray L. Wong, Esq.
Ned M. Gelhaar, Esq.
Hancock Rothert and Bunshoft LLP
Four Embarcadero Center, Ste. 300
San Francisco, CA  94111
415-981-5550
*Of Counsel for Defendants Universal*
*Life and Resources, Universal Life*
*Resources, Inc. (d/b/a ULR Insurance*
*Services, Inc.)*

Ian Crawford BBO #544475
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA  02109
617-720-2626
*Attorneys for Defendant USI Holdings*
*Corp.*

Robert H. Pees, Esq.
Vadim Sarma, Esq.
Akin Gump Strauss Hauer & Feld
LLP
590 Madison Avenue
New York, NY  10022-2524
212-872-1000

- 9 -

*Of Counsel for Defendant*
*USI Holdings Corp.*

Daniel B. Winslow, BBO #541972
Patricia R. Rich, BBO #640578
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA  02210
617-289-9200
*Attorneys for Defendant MetLife, Inc.*

James W. Carbin
Eric Breslin
Duane Morris LLP
744 Broad St.
Newark, NJ 07102
973-424-2000
*Of Counsel for Defendant MetLife, Inc.*

Barry Y. Weiner BBO #519700
Maureen Mulligan BBO #556482
Ruberto, Israel & Weiner
100 North Washington Street
Boston, MA 02114
617-742-4200
*Attorneys for Defendant*
*Prudential Financial, Inc.*

John R. Middleton, Jr., Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ  07068
973-597-2582
*Of Counsel for Defendant*
*Prudential Financial, Inc.*

Joseph Hamilton, BBO #546394
Mirick, O'Connell, DeMallie &
    Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
*Attorneys for Defendant*
*UnumProvident Corporation*

- 10 -

Deborah E. Hryb, Esq.
Patrick W. Shea, Esq.
Paul, Hastings, Janofsky & Walker
LLP
1055 Washington Blvd., 9th Floor
Stamford, CT  06901
203-961-7400
*Of Counsel for Defendant*
*UnumProvident Corporation*

David H. LaRocca, Esq.
Michael J. Garvey, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
212-455-2377
*Of Counsel for Defendant The St. Paul*
*Travelers Companies, Inc.*

- 11 -