UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENSLEY CONSTRUCTION, INC., on its own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSH & MCLENNAN COMPANIES, INC., et al.<br><br>    Defendants. | Civil Action No. 05 11249 GAO |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO RESCHEDULE HEARING**

Plaintiff Bensley Construction, Inc. ("Plaintiff"), through its undersigned counsel, opposes the Motion to Reschedule Hearing filed by certain defendants on November 30, 2005, and in support of such opposition, states as follows.

**INTRODUCTION**

This case was originally removed on June 15, 2005 (Dkt. No. 1), and Plaintiff subsequently filed a motion to remand, based on a lack of subject matter jurisdiction. (Dkt. Nos. 51-52). Defendants also filed a motion to stay this action in its entirety (Dkt. No. 4), pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"), on whether this case should be transferred to the District of New Jersey and consolidated with MDL 1663. Plaintiffs opposed this motion. (Dkt. No. 33). At the time the original motion to stay was filed, the JPML had not yet taken any action with regard to this case.

On October 4, 2005, the JPML issued a conditional transfer order, stating that, unless

opposed by one or more of the parties, this matter would, in approximately two weeks' time, be transferred and consolidated with MDL 1663 (Dkt. No. 4). Subsequently, Plaintiff filed with the JPML a motion to vacate the conditional transfer order on November 2, 2005, and, on that same date, a separate motion to vacate was filed by the Liberty Defendants.[1] Defendants have opposed these motions.

This Court has requested oral argument on, among other matters, the Plaintiff's motion to remand and the defendants' motion to stay, and scheduled a hearing for December 13, 2005. Defendants, however, have now filed a motion asking this Court to reschedule its December 13, 2005 hearing until after the JPML has an opportunity to meet and consider the pending motions to vacate the conditional transfer order.

## ARGUMENT

By asking the Court to reschedule the December 13 hearing until after the JPML next meets, defendants are, in reality, simply reiterating their motion to stay, which Plaintiff has already opposed. For the same reasons stated in Plaintiff's opposition to the motion to stay, which Plaintiff incorporates herein by reference, the Court should deny the defendants' motion to reschedule the December 13, hearing. Specifically:

- A stay of this action is not mandated simply because the JPML has issued a conditional transfer order. This Court retains jurisdiction over this matter until such time as the JPML transfer order becomes final. (Pltff's Opp. to Mot. to Stay, at 2-3) (citing *In re Mass. Diet Drug Litig*, 338 F. Supp. 2d 198 (D. Mass. 2004);

- Subject matter jurisdiction is a "threshold issue" that must be determined first, before the court takes any other action in a case, including the issuance of a stay. (*Id.* at 3-4);

---

[1] The "Liberty Defendants" are Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Ins. Co.

- The MDL Court does not have any particular expertise in the matters relevant to the motions before this Court that would justify staying this matter and allowing the transferee Court to rule on those motions. *Id.* at 5-10.

In support of their instant motion, defendants cite to three unpublished decisions from other district courts in cases filed in connection with the contingent commission scandal that is the subject of this action. (Defs' Mot. to Re-Schedule Hrg., at 4, citing *Emerson Electric Co. v. Marsh USA, et al.*, No. 4:05CV455-SNL (E.D. Mo. Aug. 16, 2005); *Cameron Offshore Boats, Inc. v. Marsh USA, Inc.*, No. 05-CV-0608 (W.D. La. Sept. 19, 2005); *Slay Industries, et al. v. Marsh USA, Inc., et al.*, No. 4:05CV964CDP (E.D. Mo. Aug 1, 2005)).[2] First, none of these decisions is binding on this Court. Second, none of the decisions contain any indication that a motion to remand had been filed, or that federal jurisdiction was in dispute. Third, these decisions provide little, if any, guidance as to the reasoning behind the courts' decisions on the motions to stay in those particular cases. Fourth, at least as to the decision in *Cameron Offshore Boats*, the court only stayed the matter ***after*** ruling in the Plaintiffs' favor on a motion to dismiss.

In addition, though it is true that the JPML generally meets every two months, no January hearing has yet been scheduled, and, more importantly, there is no way to know at this time whether the transfer of this particular matter will be on the agenda for that hearing. Consequently, even if the Court were persuaded by Defendants' argument that re-scheduling the December 13 hearing would serve to promote judicial economy and efficiency, there is no guarantee that postponing the December 13 hearing would have any such effect.

---

[2] Copies of these decisions are attached to defendants' Notice of Filing Opposition to Plaintiff's Motion to Vacate October 4, 2005 Conditional Transfer Order (Dkt. No. 90), as Exhibits M, N and O. It appears that Defendants inadvertently listed the wrong exhibit letters in their motion to re-schedule.

**CONCLUSION**

Consequently, this Court should deny defendants' motion to re-schedule the December 13 hearing.


DATED:   December 2, 2005

                        Respectfully submitted,

                        **GILMAN AND PASTOR, LLP**


By:   /s/ Douglas J. Hoffman
       Kenneth G. Gilman, BBO #192760
       Douglas J. Hoffman, BBO #640472
       60 State Street, 37th Floor
       Boston, MA 02109
       Tel: (617) 742-9700
       Fax: (617) 742-9701